UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO, Ph.D., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 5:22-CV-00285 |
| ST. JOSEPH'S UNIVERSITY, HADASSAH COLBERT, KIERNAN LOUE, LYNLY CARMAN, DR. SUSAN LIEBELL, KARLEIGH LOPEZ, ERIN FAHEY | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT KIERNAN LOUE TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER SERVICE UNDER FED. R. CIV. P. 12(B)(5)**

## I. INTRODUCTION

Defendant, Kiernan Loue ("Defendant Loue"), is a resident of the United Kingdom ("the U.K."). As the U.K. is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), any service of process on an individual in the U.K. must follow the provisions of the Hague Convention and, of course, the Federal Rules of Civil Procedure. Plaintiff has failed to follow any of those provisions, despite the undersigned counsel's express indication to opposing counsel on February 21, 2022 (and prior to that date) that Defendant Loue had not been properly served and that she lives in the U.K. Thus, this matter should be dismissed as to Defendant Loue, for improper service under Federal Rule of Civil Procedure 12(b)(5).[1]

---

[1] Should Defendant Loue's Motion be denied, Defendant Loue expressly reserves her right to raise substantive arguments relating to the insufficiency of Plaintiff's Complaint by motion under Rule 12(b)(6).

FP 43846735.3

II.   **FACTUAL AND PROCEDURAL BACKGROUND**[2]

On January 21, 2022, Plaintiff Gregory V. Manco, Ph.D. ("Plaintiff") filed the instant litigation alleging various causes of action against the various Defendants, including Defendant Loue. *See* Dkt. No. 1. Thereafter, on January 27, 2022, Plaintiff filed a Proof of Service for Defendant Loue which indicates that Defendant Loue's grandmother, Billy Johnson, was handed a copy of the Summons in this matter on January 26, 2022 at 1933 Chestnut Street Philadelphia, PA 19103. *See* Dkt. No. 3. Defendant Loue, however, does not live at that address (has never lived at that address) and, instead, has lived in the U.K. since January 2021. *See* Declaration of Kiernan Loue ("Kiernan Decl."), ¶¶ 1-2, a true and correct copy of which is attached hereto as Exhibit A.

On February 21, 2022 (and the week prior), the undersigned counsel expressly conveyed to Plaintiff's counsel that Defendant Loue had not been properly served, that she lives in the U.K., and that the undersigned counsel was *not* waiving service of process for Defendant Loue. *See* February 21, 2022 e-mail to Plaintiff's counsel, a true and correct copy of which is attached hereto as Exhibit B. Plaintiff's then-counsel of record responded to the undersigned counsel's February 21, 2022 email on the same day. *See id.*

Disregarding the aforementioned discussion, Plaintiff filed a Motion for Leave to Amend the Complaint on May 25, 2022, attaching a proposed Amended Complaint to that motion that made no changes to the incorrect address for Defendant Loue. *See* Dkt. No. 29. To date, 147 days have passed since the filing of Plaintiff's Complaint and approximately 123 days since Plaintiff's counsel was informed of the service deficiency. Still, Defendant Loue still has not been served in

---

[2] Defendant Loue sets forth the relevant facts relating to service for purposes of this Motion only and reserves the right to respond to and deny all facts and allegations if this Motion is denied.

the U.K.  *See* Kiernan Decl., ¶ 3.  Further, Plaintiff's counsel has not made any attempts to extend the deadline for service on Defendant Loue.  For the reasons that follow, dismissal of this action against Defendant Loue for improper service is appropriate.

### III.   ARGUMENT

#### A.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows the Court to dismiss a case for "insufficiency of service of process."  Fed. R. Civ. P. 12(b)(5).  In a Rule 12(b)(5) motion, "the party making the service has the burden of demonstrating its validity when an objection to the service is made."  *Suegart v. U.S. Customs Serv.*, 180 F.R.D. 276, 278 (E.D. Pa. 1998).  "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction."  *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F.Supp.2d 382, 387 (S.D.N.Y. 2002).

Rule 4 governs service of process. Fed. R. Civ. P. 4.  Per Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—upon motion or on its own after notice to the plaintiff—**must** dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Id.* (emphasis added).  Although the 90-day time limit does not apply to a foreign defendant, "that does not mean that the time to effectuate service is unlimited.  A court may still dismiss a case for failure to serve a foreign defendant within a reasonable time."  *Graphic Styles/Styles Intern. LLC v. Men's Wear Creations*, 99 F. Supp. 3d 519, 525 (E.D. Pa. 2015) (citing *The Knit With v. Knitting Fever, Inc.*, No. 85-4221, 2010 WL 2788203, at *12 (E.D. Pa. Jul. 13, 2010)).  "Courts often apply a general due diligence standard, which considers the reasonableness of the plaintiff's effort and the prejudice to the defendant resulting from any delay."  *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 64

F. Supp. 3d 665, 715 (E.D. Pa. 2014).

"A plaintiff must satisfy the procedural requirement of service of summons and a copy of the complaint before a federal court may exercise personal jurisdiction over a defendant." *Marks v. Alfa Group*, 615 F. Supp. 2d 375 (E.D. Pa. 2009). "A district court's power to assert *in personam* authority over . . . defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993). "Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service." *Id.* "In other words, even if a defendant has notice of a lawsuit against it, such notice neither validates an otherwise defective service nor waives the defendant's right to object to that service. Without proper service, the court does not obtain personal jurisdiction over a defendant, and the case may not proceed to judgment." *The Knit With*, 2010 WL 2788203 at *3 (internal citations and quotations omitted).

The motions court has "great discretion" in deciding whether to dismiss or afford further opportunity to correct service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298 (3d Cir. 1995). Here, Plaintiff's failure to follow the rules governing service without good cause warrants dismissal of Defendant Loue from this action.

**B. DISMISSAL IS APPROPRIATE AS TO DEFENDANT LOUE BECAUSE PLAINTIFF HAS NOT COMPLIED WITH THE REQUIREMENTS FOR SERVICE OF A FOREIGN INDIVIDUAL UNDER THE FEDERAL RULES OF CIVIL PROCEDURE OR THE HAGUE CONVENTION.**

Rule 4(f) of the Federal Rules of Civil Procedure governs service of process relating to individuals in a foreign country and sets forth in relevant part:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the

United States:

> (1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

Fed. R. Civ. P. 4(f)(1). The U.K. is a signatory of the Hague Convention. *See The Knit With*, 2010 WL 2788203, at n.2. The Supreme Court has held that compliance with the Hague Convention is mandatory when serving a foreign defendant in a signatory country. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).

Article 2 of the Hague Convention requires all signatory nations to designate a "Central Authority" to accept requests of service from any other signatory nation. *See* HAGUE CONVENTION (Feb. 10, 1969), attached hereto as Exhibit C. Article 3 of the Hague Convention requires the documents to be served to be attached to a formal request form, which is then sent to the Central Authority. *See id.* If the documents are free of errors, the Central Authority will serve the defendant named in the documents according to its own local laws or pursuant to the method requested by the serving party, so long as the requested method does not contradict the laws of the state where service is effected. *See id.* Once service has been completed, the Central Authority completes an official form, certifying the time, place, and method of service, as well as indicating who was served. *See id.* Further, the need to serve a party pursuant to the Hague Convention is triggered not by the party's foreign citizenship, but rather by the place in which service is to be effected. *See id.*

Despite the fact that Plaintiff's counsel was put on notice of Defendant Loue's insufficient service, to date, there have been no attempts made to serve Defendant Loue under the Hague Convention or pursuant to the U.K.'s local laws. *See* Kiernan Decl., ¶ 3. Instead, service was only attempted on Defendant Loue at a U.S. address where Defendant Loue does not reside. This is not

proper service on an individual in a foreign country under the federal rules.

Federal Rule of Civil Procedure 4(l) addresses proving service and provides that service outside the United States must be proved as follows: "(A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or (B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Fed. R. Civ. P. 4(l)(2). None of these have occurred here. Further, Plaintiff's attempt to serve Defendant Loue in the U.S. at an address where she does not reside is prohibited by the U.S.'s international agreement with the U.K. *See Crockett v. Luitpold Pharms., Inc.*, No. 19-276, 2020 WL 4039046, at *2 (E.D. Pa. Jul. 17, 2020) ("[I]f a foreign country has agreed upon means of service in accordance with the Hague Convention, then any other means of service employed by a plaintiff would constitute 'means prohibited by international agreement.'") (internal citations omitted).

Plaintiff's failure to comply with the requirements of the federal rules and the Hague Convention warrants dismissal of Plaintiff's Complaint as to Defendant Loue.

### C. PLAINTIFF CANNOT DEMONSTRATE GOOD CAUSE TO EXTEND THE SERVICE DEADLINE.

Here, dismissal is appropriate – as opposed to an extension of time for service – given that Plaintiff cannot demonstrate good cause for his failure to serve Defendant Loue. "To analyze a Rule 4(m) challenge, the Third Circuit has instructed district courts to first determine whether good cause exists for an extension of time. If good cause is shown, the district court must extend the time for service and the inquiry is ended. If, however, good cause is not shown, the court may, in its own discretion, decide whether to dismiss the case without prejudice or extend the time for service." *Suegart*, 180 F.R.D. at 278-79. To overcome a Rule 4(m) challenge, a plaintiff "must demonstrate that it made a good faith effort to comply with the rule as well as provide some

reasonable justification for its noncompliance." *Id.* at 279.

Good cause exists where there is a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (internal citations and quotations omitted). "[A]bsence of prejudice alone can never constitute good cause to excuse late service." *Id.* "Otherwise, a time limit would be superfluous and meaningless." *U.S. ex rel. Thomas v. Siemens A.G.*, 708 F. Supp. 2d 505, 521 (E.D. Pa. 2010). "Thus, while the prejudice may tip the "good cause" scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecomm. Corp*, 71 F.3d at 1097. "[T]he burden of establishing good cause rests with the plaintiff." *The Knit With*, 2010 WL 2788203 at *2.

Courts in this jurisdiction have recognized the following factors when determining whether good cause exists to extend a service deadline: "(1) the reasonableness of the plaintiffs' efforts to serve, (2) the prejudice that may befall a defendant as a consequence of untimely service, and (3) whether plaintiffs moved for an enlargement of time to serve." *See U.S. ex rel. Thomas*, 708 F. Supp. 2d at 521. The "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*

Here, all of these factors weigh in favor of finding no good cause exists to extend the service deadline. First, Plaintiff's efforts to serve have been unreasonable. Plaintiff attempted to serve Defendant Loue in the U.S. in January 2022 and was informed shortly thereafter that Defendant Loue lived in the U.K. Since that time, Plaintiff's counsel has not requested an alternative means of service, has not requested an extension of time to serve Defendant Loue from the court, and Defendant Loue has not been contacted in any capacity in the U.K. Plaintiff had

ample notice of his failure to appropriately serve Defendant Loue, yet, to Defendant Loue's knowledge, took no actions to serve her.  Second, there will be great prejudice to Defendant Loue if she is a kept in this litigation as a defendant.  As an initial matter, the claims asserted against Defendant Loue are entirely unsupported and are set forth in only ***one paragraph*** of the entire 44-page, 159-paragraph complaint, based on a single tweet that Defendant Loue posted (the same is true for the proposed Amended Complaint).  *See* Dkt. 1, ¶ 105; Dkt. 28-1, ¶ 112.  Including her in this litigation only serves to harass and inconvenience her with participation in discovery, depositions, and hearings while she is overseas with a five (5) hour time differential.  It's clear that even Plaintiff is not heavily invested in pursuing claims against Defendant Loue given that approximately 123 days have gone by since Plaintiff was advised of the defect in service and no actions have been taken to serve Defendant Loue.  Under the last factor, Plaintiff has not independently moved for an extension of time.

Accordingly, based on the foregoing, there exists no good cause to extend Plaintiff's deadline for service as to Defendant Loue and the Complaint must be dismissed in its entirety against Defendant Loue due to insufficient service.

## IV. CONCLUSION

For the foregoing reasons, Defendant Loue respectfully requests that Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) as to Defendant Loue.

                                                         **FISHER & PHILLIPS LLP**

                                                         */s/ Deniz Uzel Reilly*
                                                         Michael R. Galey, Esquire
                                                         Deniz Uzel Reilly, Esquire
                                                         Two Logan Square, 12th Floor
                                                         100 N. 18th Street
                                                         Philadelphia, Pennsylvania 19103
                                                         mgaley@fisherphillips.com
                                                         dreilly@fisherphillips.com
                                                         *Attorney for Defendants*
                                                         *Hadassah Colbert, Kiernan Loue, Karleigh*
Date: June 17, 2022                           *Lopez, and Erin Fahey*

FP 43846735.3