UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO, Ph.D.,  Plaintiff, | ; ; |
| v. | : CIVIL ACTION NO. 5:22-CV-00285 |
| ST. JOSEPH'S UNIVERSITY, ET AL  Defendants | ; ; ; ; |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT KIERNAN LOUE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5)

I. INTRODUCTION

Plaintiff, Dr. Gregory Manco ("Dr. Manco" or "Plaintiff") filed the instant lawsuit against, *inter alia*, Defendant, Kiernan Loue ("Loue") on January 21, 2022. See Exhibit "A".[1]

Within Loue's Motion to Dismiss, she asserts erroneous facts, produces an erroneous Declaration and advances erroneous arguments to this Honorable Court as set forth herein.

II. FACTUAL AND PROCEDURAL BACKGROUND

Within the Complaint it was alleged that Loue "is an adult individual and resident of Pennsylvania residing at 86 Greenfield Avenue in Ardmore, Pennsylvania." See, Exhibit "A" at ¶14.

Service was properly effectuated upon Loue on January 26, 2022, as set forth in Exhibit "B". Specifically, the Proof of Service was left a Loue's "residence or usual place of abode with…Billy Johnson (grandmother), a suitable person of suitable age and discretion who resides there, on …1-26-22…." *See* Exhibit "B". Further confirmation of service of process at 86 Greenfield Avenue in Ardmore, Pennsylvania 19003 is identified by the process server. *See*

---

[1] A Motion to Amend to Complaint is presently pending before this Honorable Court.

1

Exhibit "C". Further confirmation that Loue lived at this address from "*01/2018-Current*" is confirmed by LexisNexis and set forth at Exhibit "D". Further confirmation that Loue's grandmother lived at the same address from "*11/2017-Current*" is confirmed by LexisNexis and attached hereto as Exhibit "E". Thus, Loue was properly served at 86 Greenfield Avenue in Ardmore, Pennsylvania 19003 on January 26, 2022.

On February 16, 2022 Deniz Uzel Reilly, Esquire entered her appearance on behalf of Loue, together with entering her appearance on behalf of certain co-defendants, further identified as Hadassah Colbert, Karleigh Lopez, and Erin Fahey. See Exhibit "F".

On February 17, 2022 Deniz Uzel Reilly, Esquire entered into certain stipulations on behalf of Loue. See Exhibit "G".

On April 11, 2022 Deniz Uzel Reilly, Esquire, again, entered into certain stipulations on behalf of Loue. See "H".

On May 12, 2022, Deniz Uzel Reilly, Esquire, again, entered into certain stipulations on behalf of Loue. This stipulation was entered as an Order on May 16, 2022. See Exhibit "I".

In her June 16, 20202 instant Motion to Dismiss, Loue inexplicably asserts that she was never served, and, in furtherance of this argument, repeatedly misidentifies the address where she was, indeed, served. Specifically, Loue misrepresents to this Court that she never lived at 1933 Chestnut Street Philadelphia PA 19103. *See* Document 36 at P.2.[2] Thereafter, Loue attaches a Declaration where she states that she never lived at "1933 Chestnut Street, Philadelphia, PA 19103."[3] *See* Document 36 at Exhibit "A", ¶2. Notably absent, Loue's Motion to Dismiss, and Declaration are *silent* as to the address where she was, indeed, served; i.e., 86 Greenfield Avenue

---

[2] Which is, in fact the address of the process server, not Loue.

[3] Which is, in fact the address of the process server, not Loue.

in Ardmore, Pennsylvania 19003. Moreover, Loue's Motion to Dismiss, and Declaration are ***silent*** as to the exact date she allegedly moved to the UK, her means of getting there, verification of any aircraft flights, whether she is employed there with a work or other type of visa, whether she is temporarily attending school in the UK, whether she renounced her American citizenship to become a citizen of the UK and/or her alleged address within the UK.[4] *See* Document 36 at Exhibit "A", ¶1. Finally, Loue's Motion to Dismiss, and Declaration erroneously assert that "[a]t no point between January 21, 2022 and the present has Plaintiff attempted to serve me with the Complaint in this matter." *See* Document 36 at Exhibit "A", ¶3.

Plaintiff disputes and opposes Loue's Motion to Dismiss for the reasons set forth herein.

III.   ARGUMENT

   A.   Legal Standard

A defendant may move to dismiss for "insufficiency of service of process" pursuant to Federal Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5). In a Rule 12(b)(5) motion, the party effecting service "has the burden of demonstrating validity when an objection to the service is made." *Cruz v. Matthews,* No. 2007-40, 2011 U.S. Dist. LEXIS 19591, *4, [WL], at *1 (D.V.I. Feb. 28, 2011) (quoting *Suegart v. U.S. Customs Serv.*, 180 F.R.D. 276, 278 (E.D. Pa. 1998)); *see also Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue.").

---

[4] By being so deliberately vague as to the exact date of her alleged putative departure to the UK, and the address where she allegedly moved in the UK, particularly in the face of this date-intensive and residence-intensive inquiry, together with the other misrepresentations and omission relating to her address at 86 Greenfield Avenue in Ardmore, Pennsylvania 19003, Loue's candor to the Court and counsel is opined to be misleading, and designed to frustrate service in the UK-if necessary. Indeed, to advance a Declaration which omits her address of four (4) years, the identity of her grandmother as set forth in the Certificate of Service, the fact that she lived with her grandmother for four (4) years, the indisputable service at the same address on January 26, 2022, and/or her alleged address in the UK, Loue's Declaration is insufficient, inaccurate and misleading.

B. <u>Dismissal is Not Appropriate Because Plaintiff Properly Served Defendant Loue Pursuant to Federal Rule of Civil Procedure 4(e) and Pennsylvania Rule of Civil Procedure 402, and Within the time Limits Set forth in Federal Rule of Civil Procedure 4(m)</u>

Defendant Loue hinges her argument upon Federal Rule of Civil Procedure 4(f) and Federal Rule of Civil Procedure 4(m) by arguing that Loue was never served, and that Plaintiff failed to timely serve her. Loue's arguments are misplaced.

Federal Rule of Civil Procedure 4(f) states:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Federal Rule of Civil Procedure 4(m) states:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

In turning to the facts of the case at Bar, Federal Rules of Civil Procedure 4(f) and 4(m) are completely inapplicable because *Plaintiff timely secured service upon Defendant, Loue,* pursuant to Federal Rule of Civil Procedure 4(e) and within the time limits set forth Federal Rule of Civil Procedure 4(m). Federal Rule of Civil Procedure 4(e) states:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) *following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made*; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> *(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;* or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

USCS Fed Rules Civ Proc R 4 (Emphasis added)

Pennsylvania Rule of Civil Procedure 402 states, in relevant part:

5

> (a) Original process may be served
>
> (1) by handing a copy to the defendant; or
>
> (2) by handing a copy
>
> (i) *at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence*; or
>
> (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
>
> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa. R.C.P. No. 402 (emphasis added)

In turning to the facts at Bar, Plaintiff indisputably and timely secured service upon Loue as the Complaint was filed on January 21, 2022 and service upon Loue was on January 26, 2022. As set forth above, within the Complaint it was alleged that Loue "is an adult individual and resident of Pennsylvania residing at 86 Greenfield Avenue in Ardmore, Pennsylvania." See, Exhibit "A" at ¶14. Service was properly effectuated upon Loue on January 26, 2022, as set forth in Exhibit "B". Specifically, the Proof of Service was left a Loue's "residence or usual place of abode with…Billy Johnson (grandmother), a suitable person of suitable age and discretion who resides there, on …1-26-22…." See Exhibit "B". Further confirmation of service of process at 86 Greenfield Avenue in Ardmore, Pennsylvania 19003 is identified by the process server. See Exhibit "C". Further confirmation that Loue lived at this address from "01/2018-Current" is confirmed by LexisNexis and set forth at Exhibit "D". Further confirmation that Loue's grandmother lived at the same address from "11/2017-Current" is confirmed by LexisNexis and attached hereto as Exhibit "E". Thus, Loue was properly served at 86 Greenfield Avenue in Ardmore, Pennsylvania 19003 on January 26, 2022.

For some unexplained reason, both Loue and her counsel state and argue that Loue never lived at the address *of the process server who is situated at 1933 Chestnut Street, Philadelphia, PA 19103*" (See Document 36 at Exhibit "A", ¶2) when, in fact, the address at issue is 86 Greenfield Avenue in Ardmore, Pennsylvania. Significantly, neither Loue or her counsel disclosed Loue's real address as set forth in Exhibits ""A", "B", "C", "D" and "E". Furthermore, there was no disclosure that Loue's grandmother lived at the same address from "11/2017-Current" as set forth in Exhibit "E".

      C. Dismissal is Not Appropriate if Loue is deemed to have Resided in the UK before January 26, 2022

Plaintiff maintains that Defendant Loue has been properly served as set forth herein. However, in light of the allegations of Loue, herein[5], if the Court determines otherwise, it is respectfully asserted that dismissal is inappropriate under the circumstances at Bar. In this regard, Plaintiff, herein, demonstrated the factual circumstances, and good faith belief that Loue was already served. The Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citation omitted). Such good cause should permit the Plaintiff the opportunity to serve this Defendant again as discussed, *infra*. In turning to the facts of the case at Bar, Exhibits "A", "B" "C" and "D" objectively demonstrate Plaintiff's good faith efforts to quickly (within 5

---

[5] Notably, neither Loue nor her counsel have provided Plaintiff or his counsel with Loue's current address within the UK and/or when she allegedly moved to the UK. It is inequitable that Loue benefit from such concealment. Indeed, assuming, *arguendo*, it is determined that service was never effectuated upon Loue, Defendant Loue has concealed her exact whereabouts to the parties and this Court (in her Declaration) so that Plaintiff can, if necessary, take proper steps to secure service in the UK.

days of filing the Complaint) and accurately secure service upon Loue.

In *Petrucelli v. Bohringer and Ratzinger, GMBH*, 46 F.3d 1298 (3d Cir.1995), the Court of Appeals established a guideline for district courts when analyzing whether to dismiss a case pursuant to Rule 12(b)(5) and Rule 4(m) or to extend time for service for Plaintiffs. The district court must "first determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id* at 1305

In determining whether good cause exists for the extension of time for service under Rule 4(m), three factors are considered when determining whether good cause exists: "'(1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve.'" *Id* (quoting *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). Even if a plaintiff fails to show good cause, however, the district court must still consider whether any additional factors warrant a discretionary extension of time. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995).

Even if good cause does not exist for a Plaintiff's failure to effectuate timely service, a district court may grant a discretionary extension of time for service. "Factors for the Court to consider when deciding whether to grant a discretionary extension of time include (1) actual notice of the action; (2) prejudice to the defendant; (3) statute of limitations; (4) conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other relevant factor." *Metro. Life Ins. Co. v. Kalenvitch*, No. 10-2108, 2011 U.S. Dist. LEXIS 78851, 2011 WL 2941297, at * 2 n.1 (M.D. Pa. July 20, 2011); *accord*, *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d

Cir. 2009); *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 527-28 (M.D. Pa. 2010).

<u>No Prejudice to Loue</u>

Loue and her counsel had notice of the Complaint as early as February 16, 2022, when she entered her appearance. There is no articulable prejudice to Defendant Loue. It is believed and therefore averred that Defendant Loue retained Deniz Uzel Reilly, Esquire before the entry of appearance was filed.

<u>Prejudice to Plaintiff</u>

The statute of limitations has expired for certain claims, so a dismissal would unfairly prejudice the Plaintiff. Plaintiff and Defendant are represented by counsel who, as set forth above, participated in this lawsuit on behalf of Loue.

<u>Other Relevant Factors</u>

Plaintiff acted with due diligence and had Loue served within five (5) days after the filing of the complaint as set forth herein and demonstrated by Exhibits "A", "B", "C", "D" and "E". Public Record searches through LexisNexis demonstrate that, to date, Loue currently still resides at 86 Greenfield Avenue in Ardmore, Pennsylvania 19003.

  D. <u>Enlargement of Time to Serve Loue if She is Deemed to have Resided in the UK before January 26, 2022</u>

In *Petrucelli v. Bohringer and Ratzinger, GMBH*, 46 F.3d 1298 (3d Cir. 1995), the Court of Appeals established a guideline for district courts when analyzing whether to dismiss a case pursuant to Rule12(b)(5) and Rule 4(m) or to extend time for service for Plaintiffs. The district court must "first determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion, decide whether to dismiss the case without

9


prejudice *or extend* time for service, *Id* at 1305 (emphasis added).

In determining whether good cause exists for the extension of time for service under Rule 4(m), district courts should consider the following: (1) the reasonableness of plaintiff's efforts to serve [movants] properly, (2) the prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve. *Cunningham y. New Jersey*, 230 F.R.D. 391, 393 (3d Cir. 2005), citing *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086 (3d Cir. 1995).

In turning to the facts of the case at bar, Plaintiff has made every effort to comply with the service requirements of Federal Rule of Civil Procedure 4. Plaintiff had Loue served on January 26, 2022, which is five (5) days after the filing of the complaint.[6] Thus, Plaintiff's efforts were made in good faith.

It is respectfully requested that, if the Court determines that service was not effectuated upon Loue, then, alternatively, this Court should enter the alternative Order granting leave to extend time for service upon Loue in a manner set forth within the proposed Order. As set forth, *supra*, it is respectfully submitted that dismissing this case against Loue will prejudice Plaintiff insofar as the statute of limitations has expired on certain claims and Plaintiff will be irreparably harmed through no fault of his own. Indeed, Plaintiff's efforts to serve Defendant Loue was reasonable insofar as Plaintiff received a return of service indicating that, indeed, Loue was believably served within five (5) days of filing the Complaint. There is no plausible prejudice averred or asserted by Defendant Loue in her Motion to Dismiss, Plaintiff reasonably believed that his efforts to serve Loue were effectuated and, contemporaneously with this filing, Plaintiff will

---

[6] See, Exhibits "A", "B" "C" and "D"

file a extend time for service.[7]

Conclusion

For all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court deny the Defendant's motion to dismiss, with prejudice. Alternatively, it is respectfully requested that this Court enter the alternative Order granting leave to extend time for service upon Loue as specifically set forth in the attached Order.

<div style="text-align:right">

ZARWIN, BAUM, DeVITO,
KAPLAN, SCHAER & TODDY, P.C.

/s/ Joseph M. Toddy
Joseph M. Toddy, Esq.
2005 Market Street, 16th Floor
Philadelphia, PA  19103
215.569.2800; Fax  215.569.1606
Attorneys for Plaintiff
jmtoddy@zarwin.com

</div>

Dated: June 30, 2022

---

[7] A copy of Plaintiff's Motion for Enlargement is attached hereto as Exhibit "J"