## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY V. MANCO, Ph.D., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | CIVIL ACTION NO. 5:22-CV-00285 |
| ST. JOSEPH'S UNIVERSITY, ET AL. | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT KIERNAN LOUE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE UPON DEFENDANT KIERNAN LOUE

Defendant Kiernan Loue, by and through her undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Motion for Alternative Service on Defendant Kiernan Loue (ECF No. 59, "Plaintiff's Motion"). Plaintiff essentially asks for the Court to disregard Defendant Loue's right to due process by excusing him from his obligation to effectuate proper service of the summons and complaint. Although he attempts to cast blame on Defendant Loue and her counsel, Plaintiff has no excuse for his failure to make even one attempt to properly serve the summons and complaint upon Defendant Loue in the United Kingdom. Instead, he requests that the Court permit Defendant Loue to be served through her counsel, who lacks authority to accept service of process on behalf of Defendant Loue. Plaintiff fails to offer any reasonable excuse to justify his request for alternative service. Other than employing an investigator located in the U.S. to generate a report regarding the possible whereabouts of Defendant Loue, Plaintiff failed to take any meaningful steps towards serving Defendant Loue. Plaintiff simply cannot make the requisite showing that he made a good faith effort to locate and serve Defendant Loue by ordinary means. Therefore, Plaintiff's Motion for Alternative Service should be denied.

### I.    PROCEDURAL BACKGROUND

On January 21, 2022, Plaintiff Gregory V. Manco, Ph.D. ("Plaintiff") initiated this action

against Defendant Loue and others.  *See* ECF No. 1.   Plaintiff's Motion is an attempt to subvert Defendant Loue's right to notice and due process by appropriate service of both a summons and a complaint.

In January 2022, Plaintiff purported to serve Defendant Loue at 86 Greenfield Avenue, Ardmore, Pennsylvania. *See* ECF No. 38-3 at p. 73.  However, Defendant Loue had moved to the United Kingdom in January 2021. *See* ECF No. 40-2 at p. 10. Defendant Loue's counsel brought this information to the attention of Plaintiff's counsel, who did not act to correct the service defect. *See id* at p. 2. Defendant Loue then moved to dismiss this action under Rule 12(b)(5) for insufficient service of process. *See* ECF No. 36. Only at that time did Plaintiff seek additional time to serve Defendant Loue with the summons and complaint. *See* ECF No. 38. In its August 18, 2022 Order, the Court granted Defendant Loue's motion to dismiss for insufficient service of process and ordered the Plaintiff to properly serve Defendant Loue within 120 days. *See* ECF No. 44.

Plaintiff hired a private investigator, RC Services, LLC, that provided several possible addresses upon which service of process could be attempted. *See* ECF No. 59. Plaintiff did not attempt service at any of those addresses, despite the Court's directive that he do so. Moreover, Plaintiff's Motion confirms that he did not even so much as enlist the services of anyone located in the U.K. to attempt service upon Defendant Loue. Instead, Plaintiff filed a motion with this Court seeking alternative service on the eve of Plaintiff's (extended) deadline to serve Defendant Loue. *See* ECF No. 44.

Plaintiff supports his request for alternative service by making the unsubstantiated assertion that Defendant Loue is somehow evading service even though no one has tried to serve her. Defendant Loue should not be a party to this action, and she will vigorously challenge Plaintiff's right to relief on the merits once she has been properly served. Until then, Defendant Loue intends

2

to hold Plaintiff to his obligation to obtain the Court's personal jurisdiction over her through appropriate service of the summons and complaint. At this stage of the case, Plaintiff has not demonstrated grounds to serve Defendant Loue by alternative means and his motion seeking that relief should be denied.

## II.   LEGAL ARGUMENT

### A.   Legal Standard

Alternative service is appropriate only if service cannot be completed under the applicable court rules. *See Nautilus Ins. Co. v. Global Staffing Solutions, Inc.*, 20-3937, 2021 U.S. Dist. LEXIS 6322, at *3-4 (E.D. Pa. Jan. 13, 2021); *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006). A court should order an alternative method of service if the plaintiff can "first demonstrate that it has made a good faith effort to locate and serve the defendant." *Laborers' Dist. Council Constr. Indus. Pension Fund. v. Miniscalco Corp.*, 20-5745, 2021 U.S. Dist. LEXIS 6085, at *5-6 (E.D. Pa. Jan. 12, 2021).

Alternative service is a last resort. It is appropriate only after a plaintiff proves that service cannot be made in the manner authorized by the rules. *Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D. Pa. 2004). When half-hearted attempts at service through regular means fall short of what courts require to authorize alternative service, it necessarily follows that no attempt at all will not be good enough either. *See De Lage Landen Fin. Servs., Inc. v. Convrgd Data Tech, Inc.*, 20-3621, 2021 U.S. Dist. LEXIS 5352, at *3-4 (E.D. Pa. Jan. 7, 2021).

Specific to service on a foreign defendant under Rule 4(f)(3), service by alternative means should not be allowed unless the plaintiff can first demonstrate "what steps it has taken to effectuate service and why such attempts have failed." *Graphic Styles/Styles Intern. LLC v. Men's Wear Creations*, 99 F. Supp. 3d 519, 525 (E.D. Pa. 2015). Even those instances where alternative

service has been allowed under Rule 4(f)(3), the plaintiff has been able to show that it has tried to perfect service without court intervention. *Knit With v. Knitting Fever, Inc.*, 08-4221, 2010 U.S. Dist. LEXIS 129870 (E.D. Pa. Dec. 7, 2010). This Court has generally found that the plaintiff has made a good faith effort to locate and serve the defendant before granting requests for alternative service. *Sunline USA, LLC v. Ezzi Group, Inc.*, 22-165, 2022 U.S. Dist. LEXIS 153409, at *5-6 (E.D. Pa. Aug. 25, 2022).

**B.    Plaintiff has not established grounds for alternative service when he has not made a single attempt to perfect service through ordinary methods.**

For nearly a year, Plaintiff has known that Defendant Loue resides in the United Kingdom. Yet, he has not tried to serve her with the summons and complaint. With the assistance of a private investigator, he has identified several addresses in the United Kingdom where Defendant Loue might be found for purposes of effectuating proper service. Still, he has not actually tried to serve her at any of those locations.  Instead of making any attempt to perfect service, Plaintiff simply argues that the information that its investigator provided was insufficient. Apparently, Plaintiff expected that the investigator would provide a specific date, time, and location at which Defendant Loue could be found and be served. Since the private investigator did not provide information of that detail, Plaintiff did not try to serve Defendant Loue at all.  Because Plaintiff has not shown that he has made a good faith effort to locate Defendant Loue, his request for alternative service should be denied.

There is no justification for allowing alternative service. The weight of authority in this Court requires Plaintiff to make a diligent effort to make service through ordinary means before alternative service should be allowed. For instance, in *Graphic Styles*, this Court found that a single attempt at service by international certified mail was inadequate to warrant relief under Rule 4(f)(3). *Graphic Styles/Styles Int'l*, 99 F. Supp. 3d at 524-25. In this case, Plaintiff has only ever

made one attempt at serving Defendant Loue, at an address at which she did not reside. He has made no effort at all to serve Defendant Loue in the United Kingdom since then. Plaintiff's motion for alternative service should be denied for this reason alone.

Plaintiff has also not established the requisite good faith to allow service by alternative means. Cases where alternative service has been allowed generally involved numerous efforts to serve through regular methods, or indications that there is an effort to evade service. *See, e.g., Sunline USA, LLC v. Ezzi Group, Inc.*, 22-165, 2022 U.S. Dist. LEXIS 153409, at *5-6 (E.D. Pa. Aug. 25, 2022).*Graphic Styles/Styles Int'l*, 99 F. Supp. 3d at 524-25; *De Lage Landen Fin. Servs., Inc. v. Convrgd Data Tech, Inc.*, 20-3621, 2021 U.S. Dist. LEXIS 5352, at *3-4 (E.D. Pa. Jan. 7, 2021); *Knit With v. Knitting Fever, Inc.*, 08-4221, 2010 U.S. Dist. LEXIS 129870 (E.D. Pa. Dec. 7, 2010). These are factors that go into the court's determination of whether a plaintiff has acted in "good faith" sufficient to justify a deviation from what the court rules otherwise require. *See Knit With*, 2010 U.S. Dist. LEXIS 129870, at *12. In *Knit With*, this Court granted a motion for alternative service, but it found that the defendants "repeatedly and actively sought to thwart or evade such service with the intent of escaping participation in this lawsuit." *Knit With*, 2010 U.S. Dist. LEXIS 129870, at *12. The Court in *Knit With* observed that the plaintiff made numerous attempts to serve the defendants. *Id* at *12. Even in the *Sunline* decision, upon which Plaintiff here primarily relies, there were at least four attempts at service, and the Court found that there was a good faith effort to locate and serve the defendant. *Id*.

Here, Plaintiff misstates his own efforts at service to justify the relief requested. In his motion, Plaintiff inaccurately argues that he has made several unsuccessful attempts to serve Defendant Loue, just like the plaintiff in *Sunline*. *See* ECF No. 59-2 at 4. Plaintiff, however, also acknowledges that this case is not like those where alternative service has been allowed, explaining

that he "is unable to attempt to serve Defendant Loue…" *See* ECF No. 59-2 at 5. In other words, Plaintiff wants permission to serve Defendant Loue through alternative service without being required to first make one attempt to serve the summons and complaint.

Again, the *Knit With* court justified allowing alternative service only after it found that the plaintiff made numerous attempts at service and that the defendants were intentionally evading service. Although the *Sunline* court did not find that the defendant was intentionally evading service, it did find that the plaintiff acted in good faith by making at least four service attempts. There is no good faith effort on Plaintiff's part to support his request for alternative service.

As for the insinuation that Defendant Loue is trying to evade service, there is simply no basis for this. Defendant Loue cannot "evade service" when Plaintiff has not even attempted service in the first place. Because there is a complete absence of a good faith effort by Plaintiff to effectuate proper service upon Defendant Loue, Plaintiff's Motion should be denied.

## IV.    CONCLUSION

For these reasons, Defendant Loue requests that the Court deny Plaintiff's motion for alternative service.

**FISHER & PHILLIPS, LLP**

By:    */s/ Deniz Uzel Reilly*
Deniz Uzel Reilly, Esquire
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA  19103
(610) 230-2150 (phone)
dreilly@fisherphillips.com
*Counsel for Defendants*
*Hadassah Colbert, Kiernan Loue, Karleigh*
Date:  December 30, 2022          *Lopez, Erin Fahey, and Corinne McGrath*

6

## <u>CERTIFICATE OF SERVICE</u>

I, Deniz Uzel Reilly, Esquire, hereby certify that on this 30th day of December, 2022, a true and correct copy of the foregoing Defendant Kiernan Loue's Response in Opposition to Plaintiff's Motion for Alternative Service was served upon the following counsel of record through the Court's ECF system:

Scott Zlotnick, Esquire
John McAvoy, Esquire
ZARWIN, BAUM, DeVITO,
KAPLAN, SCHAER & TODDY, P.C.
2005 Market Street, 16th Floor
Philadelphia, PA  19103
*Counsel for Plaintiff*

Leslie Miller Greenspan, Esquire
TUCKER LAW GROUP
1801 Market Street, Suite 2500
Philadelphia, PA  19103
*Counsel for Defendant, St. Joseph's University and Dr. Cheryl McConnell*

Kristen Lizzano, Esquire
MARCH, HURWITZ & DEMARCO
1100 North Providence Road
Media, PA 19063
*Counsel for Defendant, Lynly Carman*

Robert Drake, Esquire
DRAKE SPECIALE LLC
221 Chestnut Street, Suite 200
Philadelphia, PA  19106
*Counsel for Defendant, Dr. Susan Liebell*

By:  */s/ Deniz Uzel Reilly*
Deniz Uzel Reilly, Esquire

FP 45935991.3