UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO, Ph.D., : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | CIVIL ACTION NO. 5:22-CV-00285 |
| ST. JOSEPH'S UNIVERSITY, ET AL. : | |
| : | |
| Defendants. : | |

**DEFENDANT KIERNAN LOUE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO SERVE PLAINTIFF'S SECOND AMENDED COMPLAINT UPON DEFENDANT KIERNAN LOUE**

**I.      INTRODUCTION**

Defendant Kiernan Loue, by and through her undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Motion for Enlargement of Time to Serve Plaintiff's Second Amended Complaint Upon Defendant Kiernan Loue (ECF No. 60, "Plaintiff's Motion"). Plaintiff's Motion constitutes Plaintiff's second request for an extension to serve Defendant Loue, as the Court had already provided Plaintiff with an additional 120 days to perfect service of the summons and complaint. However, despite being afforded a generous extension from the Court, the Plaintiff made no effort during this time to serve Defendant Loue. Instead, Plaintiff hired an investigator in the United States who identified several possible locations in the United Kingdom where Defendant Loue could be served, and Plaintiff inexplicably failed to make any attempts at effectuating service at any of those locations. Then, upon the eve of the expiration of the additional 120 days granted by this Court to make service, Plaintiff's Motion was filed, seeking a further extension without establishing any good cause whatsoever. For these reasons, Plaintiff's motion should be denied. Moreover, the Court should exercise its discretion under Rule 4(m) and dismiss this action without prejudice as to Defendant Loue. Defendant has been already been granted more

FP 45935690.3

than sufficient time to make diligent efforts to perfect service, and Plaintiff's motion should be denied.

## II. PROCEDURAL BACKGROUND

On January 21, 2022, Plaintiff Gregory V. Manco, Ph.D. ("Plaintiff") filed the instant litigation alleging various causes of action against the various Defendants, including Defendant Loue. *See* ECF No. 1. Thereafter, on January 27, 2022, Plaintiff filed a purported Proof of Service for Defendant Loue which indicates that Defendant Loue's grandmother, Billy Johnson, was handed a copy of the Summons in this matter on January 26, 2022 at 86 Greenfield Avenue, Ardmore, Pennsylvania. *See* ECF No. 3.

Defendant Loue moved to dismiss Plaintiff's complaint for insufficient service of process under Rule 12(b)(5) because she did not reside at 86 Greenfield Avenue and has, instead, resided in the United Kingdom since January 2021. *See* ECF No. 36. Plaintiff opposed Loue's motion to dismiss and sought an enlargement of time to effectuate proper service. *See* ECF No. 37, 38. In its August 18, 2022 Order, this Court granted Defendant Loue's motion to dismiss and also gave the Plaintiff an extension of 120 days to perfect service upon Defendant Loue. *See* ECF No. 44.

On December 16, 2022, on ***the final day before the expiration of the 120 period***, Plaintiff's Motion was filed, seeking another 45 days to serve Defendant Loue. Plaintiff's Motion clearly shows that he made no attempt to effectuate proper service upon Defendant Loue, despite the Court's 120-day extension and the information revealed by a private investigator. According to Plaintiff's Motion, he asked the undersigned counsel on August 18, 2022 to provide Defendant Loue's residential address in the United Kingdom. The undersigned counsel declined to do so and properly responded that it was Plaintiff's responsibility to locate the defendant in the United Kingdom.

Plaintiff then retained RC Services, LLC, a private investigation service based in the United States. Plaintiff claims that RC Services was working in concert with a private investigation company in the United Kingdom. On September 14, 2022, RC Services generated an email report to Plaintiff's counsel. *See* ECF No. 60-2 at 10-11. That report makes no mention of any private investigation company in the United Kingdom. RC Services identified that Defendant Loue appears to be a student at City, University of London, and may be residing at one of two postgraduate residence halls. RC Services also reported that Defendant Loue appears to be a member of the Curley Rowing Club based on Trafalgar Rowing Centre, 13 Crane Street, London. Finally, RC Services advised Plaintiff's counsel that the Curley Rowing Club trains four nights a week in the gym at Trafalgar Rowing Centre, and on Saturdays and Sundays at The Royal Albert Dock, Royal Regatta Centre, 1012 Dockside Road, London.

Plaintiff has not tried to effectuate proper service upon Defendant Loue despite the Court's directive that he do so. Although RC Services apparently identified several addresses at which Defendant Loue may be located for purposes of receiving service of process, Plaintiff has not made even one attempt to serve her at any of those locations. He has not tried to serve Defendant Loue at the residence halls of City, University of London. And despite being informed of the locations at which the Curley Rowing Club trains on six days of the week, Plaintiff has not tried to serve Defendant Loue at those locations either.

In Plaintiff's Motion, Plaintiff offers no explanation for his continued failure to make any effort to attempt and perfect service of process. Because Plaintiff cannot demonstrate the requisite good cause needed to justify a further extension of time to effectuate proper service, Plaintiff's Motion should be denied.

### III.   LEGAL ARGUMENT

### A. Legal Standard

"To analyze a Rule 4(m) challenge, the Third Circuit has instructed district courts to first determine whether good cause exists for an extension of time. If good cause is shown, the district court must extend the time for service and the inquiry is ended. If, however, good cause is not shown, the court may, in its own discretion, decide whether to dismiss the case without prejudice or extend the time for service." *Suegart v. U.S. Customs Serv.*, 180 F.R.D. 276, 278-79 (E.D. Pa. 1998). To overcome a Rule 4(m) challenge, a plaintiff: "must demonstrate that it made a good faith effort to comply with the rule as well as provide some reasonable justification for its noncompliance." *Id.* at 279.

Good cause exists where there is a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (internal citations and quotations omitted). "[A]bsence of prejudice alone can never constitute good cause to excuse late service." *Id.* "Otherwise, a time limit would be superfluous and meaningless." *U.S. ex rel. Thomas v. Siemens A.G.*, 708 F. Supp. 2d 505, 521 (E.D. Pa. 2010). "Thus, while the prejudice may tip the "good cause" scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecomm. Corp*, 71 F.3d at 1097. "[T]he burden of establishing good cause rests with the plaintiff." *The Knit With v. Knitting Fever, Inc.*, No. 08-4221, 08-4775, 2010 WL 2788203, *2 (E.D. Pa. Jul. 13, 2010).

The court has "great discretion" in deciding whether to dismiss or afford further opportunity to correct service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298 (3d Cir. 1995).

### B. Plaintiff's Motion should be denied because there is no good cause for a further extension of the service deadline when he has made no attempt at serving process during the additional time that has already been given by the Court.

This action has been pending since January 2022. Plaintiff made one attempt at serving Defendant Loue on January 26, 2022, which the Court has found to be improper service. *See* ECF No. 44. Plaintiff then squandered the additional time afforded by the Court by making no further attempts at service. Because Plaintiff has not demonstrated any reasonable effort to properly serve the summons, and because Defendant Loue continues to be prejudiced by uncertainty about whether Plaintiff intends to pursue his claims against her, the Court should deny Plaintiff's second request to enlarge the time for service. Instead, it is appropriate for the Court to dismiss this action against Defendant Loue without prejudice as provided by Rule 4(m).

The parties generally agree on the legal standard. Courts in this jurisdiction have recognized the following factors when determining whether good cause exists to extend a service deadline: "(1) the reasonableness of the plaintiffs' efforts to serve, (2) the prejudice that may befall a defendant as a consequence of untimely service, and (3) whether plaintiffs moved for an enlargement of time to serve." *See U.S. ex rel. Thomas*, 708 F. Supp. 2d at 521. The "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Each of these factors weigh against Plaintiff such that the Court should conclude that good cause does not exist here for additional time to effectuate proper service.

First, Plaintiff has not made any reasonable efforts to serve Defendant Loue. Again, Plaintiff's sole attempt at serving Defendant Loue occurred in January 2022. After being informed that Defendant Loue has resided in the United Kingdom since January 2021, Plaintiff has made no additional attempts at effectuating proper service. The Court provided the Plaintiff with 120 days from August 18, 2022 to serve Defendant Loue. During that time, and according to his own motion, Plaintiff did nothing aside from sending an email to Defendant Loue's counsel and hiring a private investigator who provided several possible addresses for service. Ultimately, Plaintiff's efforts to

make service cannot be considered reasonable to justify a further extension because he did not make even one attempt to serve Defendant Loue at any location during the past 120 days.

Here, Plaintiff complains that the information supplied by RC Services about Defendant Loue's training with the Curley Rowing Club was inconclusive about the exact times that Defendant Loue might be at any particular location. However, RC Services provided both the location and timeframe for the club's training for six days of the week. Still, Plaintiff did nothing with this information. Plaintiff does not demonstrate what he did to try to serve Defendant Loue at the two residence halls of City, University of London that RC Services identified as possible service locations. In other words, Plaintiff implies that he could not even try to serve Defendant Loue because his private investigator did not tell him exactly where she would be. None of these gripes, however, explains why Plaintiff failed to make even one attempt at serving Defendant Loue ***for over three months*** after receiving the investigative report on September 14. *See* ECF No. 60-2 at p. 10. Based on what is clearly outlined in Plaintiff's Motion, Plaintiff made absolutely no effort beyond the basic first step of hiring an investigator, who notably was not even located in the United Kingdom.

Requests for additional time for service are properly denied when the plaintiff "offers no reason, let alone good cause, for his failure to timely serve" a defendant. *U.S. ex rel. Thomas*, 708 F. Supp. 2d at 521. Plaintiff's complete lack of reasonable efforts to serve Defendant Loue weigh against a finding of good cause to justify a further extension.

Second, the prejudice to Defendant Loue continues to persist where she remains identified as a defendant and the Plaintiff appears content to delay making service. The claims asserted against Defendant Loue remain entirely unsupported and are based on a single tweet that Defendant Loue purportedly posted. *See* ECF No. 51 at 34. Including Defendant Loue in this

6

litigation only serves to harass and inconvenience her with participation in discovery, depositions, and hearings while she is overseas and in an entirely different time zone. Defendant Loue does not have any intention of returning to the United States to reside and including her in this litigation will serve as a major financial burden if Plaintiff seeks her in-person participation throughout the course of the litigation. Further, it is clear that even Plaintiff is not heavily invested in pursuing claims against Defendant Loue given the lack of effort to serve her. In other words, Plaintiff seems motivated by the uncertainty that this litigation will create for Defendant Loue as opposed to any realistic interest in pursuing a judgment against her.

Even if this Honorable Court does not find that there is sufficient prejudice here to Defendant Loue, promptly completing service is a prerequisite for a court to obtain personal jurisdiction over a defendant. *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993). Thus, the "prejudice" requirement is afforded less weight, as the reasonableness of a plaintiff's conduct guides the good cause inquiry. Indeed, "the absence of prejudice is outweighed by [plaintiff's] lack of reasonableness in attempting to timely serve defendant." *See U.S. ex rel. Thomas*, 708 F. Supp. 2d at 521 ("Although [defendant] does not identify how it has been prejudiced by the delay in service, the absence of prejudice is outweighed by [plaintiff's] lack of reasonableness in attempting to timely serve [defendant]. Thus, we find that [plaintiff] has not shown good cause for his failure to serve process in a timely manner.").

Third, Plaintiff has already made one request for an enlargement of time to serve Defendant Loue when it provided Plaintiff with 120 days. *See* ECF No. 38. Plaintiff's Motion confirms that he failed to act diligently during this 120-day period. During that time, he made not a single attempt to effectuate proper service upon Defendant Loue.

      **C.    The Court should dismiss Defendant Loue without prejudice as provided by Rule 4(m).**

7

If service is not perfected in a timely manner, the Court has discretion under Rule 4(m) to dismiss the action without prejudice. *Suegart*, 180 F.R.D. at 278-79. It should exercise that discretion here and dismiss Defendant Loue without prejudice. Plaintiff has simply given no justification for his total lack of diligence in serving Defendant Loue. Thus, there is no reasonable prospect that service may be obtained on Defendant Loue within a reasonable time, which justifies dismissal. *Cf. Umbenhauer v. Woog*, 969 F.2d 25, 29 (3d Cir. 1992) (explaining that a complaint should not be dismissed when the time limit for service has not yet expired). When there is no reasonable prospect that service may be obtained on a defendant within a reasonable time, the complaint should be dismissed for failure to serve. *United States ex rel. Thomas*, 708 F. Supp. 2d at 523.

## IV.     CONCLUSION

In his motion, Plaintiff does not set forth any reason, let alone the required good cause, for his failure to timely serve Defendant Loue, even after the Court granted a prior extension of 120 days. Plaintiff did not act reasonably sufficient to demonstrate good cause because he did not make even one attempt to serve Defendant Loue during the additional time granted by the Court, despite having months to do so. For these reasons, Defendant Loue respectfully request that this Court deny Plaintiff's Motion and instead dismiss Defendant Loue from this action without prejudice.

**FISHER & PHILLIPS, LLP**

By:     */s/ Deniz Uzel Reilly*
        Deniz Uzel Reilly, Esquire
        Two Logan Square, 12th Floor
        100 N. 18th Street
        Philadelphia, PA  19103
        (610) 230-2150 (phone)
        dreilly@fisherphillips.com
        *Counsel for Defendants*
        *Hadassah Colbert, Kiernan Loue, Karleigh*

FP 45935690.3

Date:  December 30, 2022                                            *Lopez, Erin Fahey, and Corinne McGrath*

**CERTIFICATE OF SERVICE**

I, Deniz Uzel Reilly, Esquire, hereby certify that on this 30th day of December, 2022, a true and correct copy of the foregoing Defendant Kiernan Loue's Response in Opposition to Plaintiff's Motion for Enlargement of Time to Serve Plaintiff's Second Amended Complaint Upon Defendant Kiernan Loue was served upon the following counsel of record through the Court's ECF system:

> Scott Zlotnick, Esquire
> John McAvoy, Esquire
> ZARWIN, BAUM, DeVITO,
> KAPLAN, SCHAER & TODDY, P.C.
> 2005 Market Street, 16th Floor
> Philadelphia, PA  19103
> *Counsel for Plaintiff*
>
> Leslie Miller Greenspan, Esquire
> TUCKER LAW GROUP
> 1801 Market Street, Suite 2500
> Philadelphia, PA  19103
> *Counsel for Defendant, St. Joseph's University and Dr. Cheryl McConnell*
>
> Kristen Lizzano, Esquire
> MARCH, HURWITZ & DEMARCO
> 1100 North Providence Road
> Media, PA 19063
> *Counsel for Defendant, Lynly Carman*
>
> Robert Drake, Esquire
> DRAKE SPECIALE LLC
> 221 Chestnut Street, Suite 200
> Philadelphia, PA  19106
> *Counsel for Defendant, Dr. Susan Liebell*

By:   */s/ Deniz Uzel Reilly*
        Deniz Uzel Reilly, Esquire

FP 45935690.3