

**Philadelphia**
Two Logan Square
100 N. 18th Street
12th Floor
Philadelphia, PA  19103
(610) 230-2150 Tel
(610) 230-2151 Fax

Writer's Direct Dial:
(610) 230-6102

Writer's E-mail:
dreilly@fisherphillips.com

July 10, 2023

<u>V<small>IA</small> ECF</u>
The Honorable Jeffrey L. Schmehl, U.S.D.J.
U.S. District Court for Eastern District of Pennsylvania

      Re:     Response to Plaintiff's June 28, 2023 Untimely Sur-Reply
                Dr. Gregory Manco v. St. Joseph's University, et al.
                Docket No. 5:22-CV-00285

Dear Judge Schmehl:

      As you know, the undersigned counsel represents Defendants Hadassah Colbert, Erin Fahey, Karleigh Lopez, Kiernan Loue, and Corinne McGrath (collectively, "Defendants") in the above-captioned matter.  The parties appeared before Your Honor on Tuesday, May 16, 2023 for oral argument on various pending motions, including four (4) motions to dismiss filed on behalf of Defendants Colbert, Fahey, Lopez, and McGrath.

      On June 28, 2023, over six (6) weeks after oral argument concluded, counsel for Plaintiff, Gregory Manco filed an untimely sur-reply with the Court, without consulting with counsel.  In that sur-reply, *for the very first time*, Plaintiff's counsel raises various defenses to the judicial privilege argument made by Defendants Colbert, Lopez, and Fahey, new facts that were not included in the past *three versions* of Plaintiff's Complaint or referenced at oral argument, and a "cat's paw" theory of liability against Defendant St. Joseph's University.  Given that Your Honor's rules do not permit the filing of sur-replies, and this filing was submitted over six weeks after oral argument on the pending motions, Defendants respectfully request that the Court disregard Plaintiff's untimely sur-reply.  If the Court does choose to consider the arguments that are being newly raised by Plaintiff's counsel, however, Defendants would like to bring the following points to the Court's attention.

      **A.   The Significance of *Boye v. McCarthy***

      First, *Boye v. McCarthy*, 283 A.3d 381 (Pa. Super. Ct. 2022) was raised with Your Honor by the undersigned counsel not because it is a factually similar case, but because it recognized that the *Overall v. University of Pennsylvania* decision overlooked key Pennsylvania state court precedent that expressly allowed the quasi-judicial privilege to extend to the private colleges.  238 A.3d at *4-6 (citing *Beckman v. Dunn*, 419 A.2d 583, 587 (Pa. Super. 1980)).  Given the Third

**Fisher & Phillips LLP**

Atlanta · Baltimore · Boston · Charlotte · Chicago · Cleveland · Columbia · Columbus · Dallas · Denver · Detroit · Fort Lauderdale · Gulfport · Houston
Irvine · Kansas City · Las Vegas · Los Angeles · Louisville · McLean · Memphis · Minneapolis · Nashville · New Jersey · New Orleans · New York · Orlando
Philadelphia · Phoenix · Pittsburgh · Portland · Sacramento · San Diego · San Francisco · Seattle · Tampa · Washington, DC · Woodland Hills

FP 47617614.4

The Honorable Jeffrey L. Schmehl, U.S.D.J.
July 10, 2023
Page 2

Circuit's oversight of key precedent in *Overall*, the holding in *Boye* supports the position that the quasi-judicial privilege can extend to private colleges and that the *Overall* decision is not persuasive authority on this issue. Significantly, Defendant's position has been adopted by this Court. *See Fogel v. Univ. of the Arts*, CV.A. 18-5137, 2019 WL 1384577 (E.D. Pa. Mar. 27, 2019) (recognizing quasi-judicial proceeding in the private school setting where a Title IX investigation was triggered after reports of misconduct by a professor); *see also Ralston v. Garabedian*, CV.A. 19-1539, 2021 WL 6072881, at *11 (E.D. Pa. Dec. 23, 2021) (recognizing that a Title IX investigation is quasi-judicial because it involves an administrative body with discretionary decision-making authority). Further, preliminary objections and motions to dismiss are governed by the same standard.

### B. The Significance of *Schanne v. Addis*

Plaintiff misstates the Pennsylvania Supreme Court's holding in *Schanne v. Addis* by suggesting that the timing of Defendants' statements make them incapable of being immunized under the judicial privilege. 632 Pa. 545 (2015). Significantly, the Pennsylvania Supreme Court in *Schanne* considered the following *two-part* issue:

> Does the absolute judicial privilege apply to an allegation of sexual misconduct against a teacher by a former student, which allegation was made prior to the commencement of any quasi-judicial proceeding **and** without an intent that the allegation lead to a quasi-judicial proceeding?

*Id.* at 548 (emphasis added). Plaintiff inappropriately ignores the second issue considered by the Pennsylvania Supreme Court in his sur-reply. This is significant because, in *Schanne*, the Court recognized that "[p]erhaps the most salient aspect of the issue framed is that, not only was the [statement] made before the commencement of proceedings, it was made 'without an intent that [it] lead to a quasi-judicial proceeding.'" *Id.* at 557 (quoting Certification Petition at 7). In other words, the Court recognized that the speaker's intent was a substantial aspect of the issue framed. Unlike here, in *Schanne*, the speaker had "no desire or expectation that the allegation she made against Schanne would result in proceedings of any type. This is relevant because the judicial privilege operates by incentivizing individuals . . . to speak freely in *seeking to initiate* judicial or quasi-judicial proceedings." *Id.*

The Court goes on to recognize that the Restatement (Second) of Torts "clarifies that only 'communications preliminary to a proposed judicial proceeding' are immunized." *Id.* (quoting Restatement (Second) of Torts § 588 (Am. L. Inst. 1977)). As set forth in Comment E to Restatement (Second) of Torts § 588: "As to communications preliminary to a proposed judicial proceeding, the rule stated in this Section applies only when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration. The bare possibility that the proceeding might be instituted is not to be used as a cloak to provide immunity for defamation when the possibility is not seriously considered." Restatement (Second) of Torts § 588 cmt. e. Thus, Plaintiff incorrectly suggests that if the statements at issue in this litigation

The Honorable Jeffrey L. Schmehl, U.S.D.J.
July 10, 2023
Page 3

occurred prior to the quasi-judicial proceeding, the statements cannot be immunized. The *Schanne* holding does not support Plaintiff's mistaken position.

Indeed, the *Schanne* decision specifically recognized several distinguishable reported decisions from other States holding that the privilege applies when student allegations against teachers, that pre-date the quasi-judicial proceeding, eventually lead to a quasi-judicial proceeding,[1] and recognizes that "[a]ll of those cases are materially distinguishable from the current dispute in that the communications at issue were made in a directed effort to initiate proceedings or otherwise obtain relief from school officials for harm stemming from a school employee's alleged misconduct." 632 Pa. at 559. Per *Schanne*, "[u]nder such a predicate, there is a colorable nexus between immunity and the privilege's underlying policy pertaining to the unencumbered resolution of claims in a judicial (or quasi-judicial) setting." *Id.* at 559-60.

Accordingly, the *Schanne* decision supports the conclusion that communications prior to a quasi-judicial proceeding can be immunized if the intent to initiate the proceeding is present. Here, because Defendants Colbert, Fahey, and Lopez each had the intent to initiate a quasi-judicial proceeding for the reasons fleshed out in Defendants' filings, the timing of their statements are immaterial to the issue of immunity.

**C. Cat's Paw Theory**

Despite being given two opportunities to amend his complaint, Plaintiff now raises facts for the first time in purported support of his newly framed "cat's paw theory" of liability against Defendant St. Joseph's University.

Plaintiff's newly framed theory has *absolutely no application* to the motions to dismiss that are pending on behalf of Defendants Colbert, Lopez, McGrath, or Fahey because the cat's paw theory of liability does not provide a basis for holding an individual liable; it strictly serves as a basis for holding an employer, as the ultimate decisionmaker, liable for an individual's actions. *See Miller v. Thomas Jefferson Univ. Hosp.*, 565 F. App'x 88, 91 n.5 (3d Cir. 2014); *see also Staub v. Proctor Hosp.,* 131 S. Ct. 1186, 1190 (2011). Thus, the theory is inapplicable to any argument seeking to hold individuals liable in their own capacity when they are not plaintiff's employer. *Migliore v. Archie*, CIV.A. 11-4018, 2014 WL 7177368, at *7 (E.D. Pa. Dec. 16, 2014).

---

[1] *See Hartman v. Keri*, 883 N.E.2d 774 (Ind.2008) (applying the privilege where two graduate students lodged a formal complaint with the university about a professor); *Reichardt v. Flynn*, 823 A.2d 566 (Md. 2003) (recognizing the privilege where high school students and their parents met with the principal and accused a sports coach of violating school district policy); *Brody v. Montalbano*, 151 Cal. Rptr. 206 (Cal. Ct. App. 1978) (finding that the privilege applied where parents of schoolchildren wrote a letter to the board of education—and ultimately filed a formal complaint—alleging that the vice-principal had mishandled an incident at school); *Weissman v. Mogol*, 462 N.Y.S.2d 383 (N.Y. Sup. Ct. 1983) (applying the privilege where parents of schoolchildren filed a grievance with the school board concerning alleged malfeasance by a teacher).

The Honorable Jeffrey L. Schmehl, U.S.D.J.
July 10, 2023
Page 4

      We thank Your Honor in advance for your attention to this matter and are available should Your Honor need any further information.

                                                        Respectfully,

                                                        Deniz Uzel Reilly
                                                        For FISHER & PHILLIPS LLP

cc:      All Counsel (via ECF)