IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY V. MANCO, Ph.D, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-285 |
| | : | |
| ST. JOSEPH'S UNIVERSITY, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

**AND NOW**, this 8th day of November, 2023, upon review of the Motion of Defendants, Saint Joseph's University and Dr. Cheryl McConnell, to Strike FERPA-Protected Student Information (Docket No. 65), as well as Plaintiff's opposition thereto and Defendants' reply, it is hereby **ORDERED** as follows:

1. The Motion to Strike of Defendants, St Joseph's University and Dr. Cheryl McConnell (ECF No. 65) is **DENIED**;

2. The Clerk shall place docket numbers 1, 45 and 51 in this matter under seal; and

3. Plaintiff is warned not to file any FERPA-protected material to the public docket in the future.[1]

---

[1] Defendants filed the instant motion seeking to strike certain allegations contained in Plaintiff's Complaint, Amended Complaint and Second Amended Complaint for alleged violations of the Family Educational Rights and Privacy Act ("FERPA"). Federal Rule of Civil Procedure 12(f) states that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice." *N. Penn. Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994) (quotation marks omitted). "[T]o succeed on a motion to strike, the moving party must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that the moving party is prejudiced by the presence of the allegations in the pleading." *Great W. Life Assur. Co. v. Levithan,* 834 F. Supp. 858, 864 (E.D. Pa., Oct. 22, 1993.)

In the instant matter, I find that the information Defendants seek to strike from the pleadings in this matter is most likely FERPA-protected student information, but I also find that it is relevant to the instant matter. To balance both Plaintiff's need to use this information to advance his cause of action with Defendants' legitimate concerns about FERPA violations, I will not strike the offending paragraphs. Rather, I will order docket numbers 1, 45 and 51 to be

BY THE COURT:


**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

sealed. If Plaintiff wants to use further FERPA-protected information in future filings, he will redact the student information from the public filing and file an additional copy of the relevant pleading under seal.