**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREGORY V. MANCO Ph.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 5:22-cv-00285-JLS |
| | : | |
| ST. JOSEPH'S UNIVERSITY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

      **AND NOW**, this _____ day of _____ 2024, upon consideration of

Plaintiff's Motion for Partial Reconsideration of the Court's Order and Memorandum

Opinion Dated January 25, 2024, and/or for Leave to File a Third Amended Complaint

(doc. 119), and the response in opposition thereto filed by Defendants, Saint Joseph's

University and Dr. Cheryl McConnell, it is hereby **ORDERED** that Plaintiff's Motion is

**DENIED**.

                                                **BY THE COURT:**

                                     _____
                                     The Hon. Jeffrey L. Schmehl

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GREGORY V. MANCO Ph.D.,        :
                                :        CIVIL ACTION
                    Plaintiff,   :
      v.                        :        NO. 5:22-cv-00285-JLS
                                  :
ST. JOSEPH'S UNIVERSITY, et al.,  :
                                :
               Defendants.  :
                                :

**RESPONSE OF DEFENDANTS,
SAINT JOSEPH'S UNIVERSITY AND DR. CHERYL MCCONNELL,
IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
THE COURT'S ORDER AND MEMORANDUM OPINION DATED JANUARY 25, 2024,
AND/OR FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Defendants, Saint Joseph's University (the "University") and Dr. Cheryl McConnell (collectively, the "Saint Joseph's Defendants"), by and through their undersigned counsel, submit this memorandum of law in opposition to Plaintiff's Motion for Partial Reconsideration of the Court's Order and Memorandum Opinion Dated January 25, 2024, and/or for Leave to File a Third Amended Complaint (doc. 119). There being no basis for reconsideration or further amendment, the Saint Joseph's Defendants respectfully request that this Court deny Plaintiff's Motion.

**I.**    **INTRODUCTION**

This Court thoroughly reviewed, dissected, and analyzed Plaintiff's Second Amended Complaint (doc. 51) and, despite viewing it in the light most favorable to Plaintiff, dismissed certain claims in a well-reasoned 46-page Memorandum Opinion. (Doc. 106.)[1]  Now, seeking a fourth bite at the apple over two years since initiating this

---

[1] The parties agree that Count I (Wrongful Termination) and Count XI (Intentional Infliction of Emotional Distress) were properly dismissed, and those claims are no

suit, Plaintiff seeks reconsideration of claims this Court has already soundly rejected.

Plaintiff's Motion, including the attached Third Amended Complaint, is an exercise in

futility – too little, too late – and it should be denied.

None of the grounds necessary for the "extraordinary remedy" of reconsideration

are present here.  Plaintiff's mere dissatisfaction with the Court's decision is not a basis

for reconsideration.  Plaintiff's Motion apparently attempts to shoehorn his discontent

with this Court's ruling onto the third ground – clear error and/or the prevention of

manifest injustice.  Plaintiff, however, points to no clear error of either law or fact.

Moreover, Plaintiff cannot use the Motion to re-argue and re-litigate matters already

disposed of or present evidence that could have been raised prior to this Court's

decision.  Gavaghan v. Said, No. 12-6389, 2013 U.S. Dist. LEXIS 94073, *3 (E.D. Pa.

July 3, 2013).  In the absence of any cognizable basis to reconsider its decision or allow

further amendment, this Court should deny Plaintiff's Motion.

## II.    **PROCEDURAL HISTORY**[2]

Plaintiff commenced this action with the filing of a Complaint on January 21,

2022, alleging discrimination and retaliation in violation of Title VII, Section 1981, the

PHRA, the PFPO, and other state law claims against the University, five students, and a

faculty member.  (Doc. 1.)  In support of his claims, Plaintiff stole from the University,

and published, FERPA-protected information about the students.  Plaintiff filed his first

Charge of Discrimination with the Equal Employment Opportunity Commission

---

longer in dispute or the subject of Plaintiff's Motion.

[2] Plaintiff accuses the Court of "mischaracterizing" the procedural history of the case.
(Plaintiff's Brief at 5.)  The Court did no such thing.  As set forth in detail in the Saint
Joseph's Defendants' Procedural History, Plaintiff has had more than ample opportunity
to amend his complaints and has exercised those opportunities every time.

("EEOC") on the same day he filed the Complaint.  The EEOC issued a Right to Sue Letter on March 15, 2022.

Following Plaintiff's May 3, 2022 meeting with Dr. McConnell and Human Resources, he filed additional charges with the EEOC (against the University only) and the Pennsylvania Human Relations Commission ("PHRC") (against both of the Saint Joseph's Defendants) on or about June 2, 2022.  On July 15, 2022, the EEOC issued a Right to Sue Letter.  On August 2, 2022, the PHRC issued a Right to Sue Letter.

On May 25, 2022, Plaintiff filed a Motion for Leave to Amend the Complaint, seeking to add more than 50 new allegations, multiple new claims, and two additional parties: another former University student, Corrine McGrath, and the then-Provost, Dr. Cheryl McConnell.  (Docs. 28, 29.)  The Saint Joseph's Defendants opposed that Motion on June 8, 2022.  (Doc. 31.)  On August 18, 2022, this Court granted Plaintiff's Motion for Leave to Amend, over oppositions filed by Defendants, at which time Plaintiff amended his Complaint.  (Docs. 44, 45.)

Plaintiff again sought leave to amend on October 13, 2022, and after stipulation by all parties and approval by this Court, Plaintiff filed the Second Amended Complaint. (Docs. 49, 50, 51.)  The Second Amended Complaint added a new claim against the University for Wrongful Termination in Violation of Public Policy, as well as new allegations.  (Doc. 51.)  On December 21, 2022, the Saint Joseph's Defendants timely filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 66.)  The Court held oral argument on May 16, 2023.  Six weeks after oral argument, Plaintiff filed an unauthorized, untimely sur-reply via letter brief discussing (i) Phillips v. Starbucks Corp., 624 F. Supp. 3d 530 (D.N.J. 2022), a New Jersey District Court case

factually and procedurally distinct from the instant case, and (ii) a new theory of liability against the University, the cat's paw theory.  (Doc. 99.)  This Court patiently allowed Plaintiff to make this untimely filing, and directed any parties who wished to respond to Plaintiff's sur-reply, giving Plaintiff yet another opportunity to plead his case.  The Saint Joseph's Defendants filed their opposition to Plaintiff's untimely letter brief on July 10, 2023.  (Doc. 101.)

On November 8, 2023, the Court denied the Saint Joseph's Defendant's Motion to Strike FERPA-protected student information in Plaintiff's pleadings, but ordered certain filings be placed under seal, and further ordered Plaintiff not to file any FERPA-protected materials to the public docket in the future.  (Doc. 103.)  On January 25, 2024, this Court partially granted the Motions to Dismiss of Defendants, including the Saint Joseph's Defendants, and ordered Defendants to file Answers to the Second Amended Complaint.  (Docs. 106 and 107.)  Plaintiff filed a Motion for an Extension to file a Motion for Reconsideration on February 7, 2024.  (Doc. 108.)  The Court granted the Motion on February 12, 2024, and gave Plaintiff until February 19, 2024, to file a Motion for Reconsideration.  (Doc. 109.)

The Saint Joseph's Defendants timely filed their Answer and Affirmative Defenses to the 231-paragraph Second Amended Complaint on February 14, 2024. (Doc. 117.)  On February 19, 2024, Plaintiff filed his Motion for Reconsideration and in the alternative moved to file a Third Amended Complaint to salvage the discrimination, defamation, and civil conspiracy claims that this Court already rejected.  (Doc. 119.)  The proposed Third Amended Complaint – the fourth iteration of the Complaint – contains 89 "new" allegations, all of which could have been alleged before this Court

ruled on the Motions to Dismiss, and none of which help salvage the rejected claims. (Id. at Exhibit A.)  The proposed Third Amended Complaint also seeks to add a new claim for vicarious liability against the University.  (Id. at Count X.)

To date, Plaintiff has been given every opportunity to brief and argue the claims and issues in his Complaint in its four iterations.  His motion for reconsideration and to amend is a last-ditch effort to salvage his legally insufficient claims and should be denied.

## III. ARGUMENT

### A. Legal Standards

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present **newly** discovered evidence."  Jarzyna v. Home Properties, L.P., 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)) (emphasis added).  Such motions "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court."  Id.  A prior decision may be amended only if the party seeking reconsideration establishes: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  See also Gavaghan, 2013 U.S. Dist. LEXIS 94073, at *3 (motion to reconsider is not a "means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.  Nor is it an instrument to raise new

arguments or present evidence that could have been raised prior to the entry of judgment.") (internal citations omitted); <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) ("It is improper on a motion for reconsideration to 'ask the Court to rethink what [it] had already thought through'"), quoting <u>Ciba-Geigy Corp. v. Alza Corp.</u>, No. 91-5286, 1993 WL 90412 (D.N.J. Mar. 25, 1993).

Even though leave should be granted when justice requires it, "a District Court may deny leave to amend on the grounds that that amendment would cause undue delay, prejudice, or that amendment would be futile."  Fed. R. Civ. P. 15(a)(2); <u>Winter Family Trust v. Queen</u>, 503 F.3d 319, 330-331 (3d Cir. 2007).  <u>See also</u> <u>Smith v. Genesis Ventures I, LLC</u>, No. 06-1473, 2006 U.S. Dist. LEXIS 89285, *6 (E.D. Pa. Dec. 8, 2006) (setting forth the 6 factors for the court to consider: (1) undue delay, (2) bad faith, (3) dilatory motive, (4) repeated failure to cure deficiencies, (5) undue prejudice, and (6) futility.  Futility is assessed using the same standard of legal sufficiency used for motions to dismiss.  <u>In re Burlington Coat Factory Securities Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 2017).  Whether to grant amendment is committed to this Court's sound discretion.  <u>Smith</u>, 2006 U.S. Dist. LEXIS 89285, at *6.

### B.  Plaintiff Fails to State Any Basis for Reconsideration or Further Amendment.

Plaintiff initially accuses this Court of "misapplying the Twombly notice-pleading based 'plausibility' standard."  (Plaintiff's Brief at 3.[3])  This Court, however, specifically cited and correctly applied the <u>Iqbal</u> and <u>Twombly</u> standards.  (Doc. 106 at 4.) Construing all facts and making all reasonable inferences in favor of Plaintiff, this Court

---

[3] Plaintiff's Brief is missing page numbers, but the page numbers cited in this brief cite to the specific page in Plaintiff's Brief.

nonetheless dismissed three claims against the Saint Joseph Defendants that Plaintiff now seeks to resurrect: discrimination, defamation, and conspiracy.

> 1. *This Court Fully Considered and Correctly Dismissed Plaintiff's Reverse Discrimination Claims, and Further Amendment Would Be Futile.*

This Court deeply analyzed Plaintiff's asserted race discrimination claims under Title VII, the PHRA, the PFPO, and Section 1981 and, upon careful thought and consideration, dismissed them.  (Doc. 106 at 7-11.)  The Court's dismissal was based on two separate bases, either of which, alone, would have been determinative: First, this Court found that Plaintiff's allegations that employees of a different race were treated differently were vague and conclusory.  (Id. at 8-11.)  Second, citing a line of cases directly on point, this Court correctly found that Plaintiff failed to state reverse discrimination claims against Saint Joseph's because the claims were based on perceived racism, not race.  (Id. at 9-10 (citing, among other cases, Bank v. Comm. College of Phila., No. 22-cv-293, 2022 WL 2905243 (E.D. Pa. July 22, 2022); Ledda v. St. John Neaumann Regional Academy, No. 4:20-cv-700, 2021 WL 1035106 (M.D. Pa. Feb. 18, 2021), report and recommendation adopted, 2021 WL 1017370 (M.D. Pa. Mar. 17, 2021).)

Plaintiff now argues (again) that this Court erred by not considering the case of Phillips v. Starbucks Corp., 624 F. Supp. 3d 530 (D.N.J. 2022).  In making this argument, Plaintiff mischaracterizes this Court's ruling by stating that this Court erroneously "required" Plaintiff to allege a specific comparator.  (Plaintiff's Brief at 8.)  That is not what this Court said or did.  (Doc. 106 at 7-11.)  In the alternative, Plaintiff proposes amended allegations that he claims would state viable race discrimination claims.  Both arguments fail.

### a. <u>Phillips</u> is Not Controlling, is Wholly Distinguishable, and is Not New.

The <u>Phillips</u> case does not change this Court's rulings or give Plaintiff space for reconsideration or amendment.  First, this Court is not bound by <u>Phillips</u>.  <u>See Camreta v. Greene</u>, 563 U.S. 692, 709 n.7 (2011) (noting that a district court decision is not binding precedent in a different district, the same district, or even the same judge in a different case).

Second, unlike the instant case, <u>Phillips</u> was decided on summary judgment, only after the plaintiff's claims survived dismissal.  <u>Phillips</u> is also distinguishable on its facts, as that plaintiff's complaint was chock-full of allegations about comparators who were treated differently because of their race, unlike Plaintiff here who asserted one bald and conclusory allegation in his Second Amended Complaint (<u>see</u> doc. 51 at ¶ 181 ("SJU intentionally discriminated against Dr. Manco because of his race as set forth above.") and held back facts he now wishes to belatedly assert.

Third, <u>Phillips</u> is not new law, or a change in controlling law, that can serve as a basis for reconsideration.  This is because the <u>Phillips</u> opinion was issued by Judge Slomsky on summary judgment on August 31, 2022 – long before oral argument in this matter on May 16, 2023.  Plaintiff not only had the opportunity to bring this case to the Court's attention long before the argument and rulings on the motions to dismiss, but, undeservingly, got the benefit of having the Court consider <u>Phillips</u> anyway, despite bringing it forth in an untimely manner.  Plaintiff, therefore, cannot now complain that the Court did not consider <u>Phillips</u>; it did.  This Court considered every brief, case, and argument that Plaintiff put before it, and Plaintiff cannot point to any error of fact or law

by this Court to un-do its prior rulings.

### b.  Plaintiff's "New" Allegations Cannot Rescue his Failed Claims.

Plaintiff proposes new factual allegations that he admits he could have, but did not, plead before this Court's decision on the motions to dismiss.  (Plaintiff's Brief at 9; doc. 77 at 3 n.1.)  It is beyond dispute that this Circuit does not allow parties to inject new allegations in briefs in opposition to motions to dismiss.  See Frederico v. Home Depot, 507 F.3d 188, 201 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations" that are first raised in a brief "in determining the sufficiency of her complaint under Rules 9(b) and 12(b)(6)"); Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")  Nor are motions for reconsideration to be treated as vehicles to present evidence that could have been presented before this Court issued its decision.  Gavaghan, 2013 U.S. Dist. LEXIS 94073, at *3.  Therefore, Plaintiff's footnote in a brief in opposition to a motion to dismiss is a nullity and not a basis for reconsideration.  Plain and simple, Plaintiff knew, but intentionally and strategically held back, certain allegations he now wishes to assert, without giving any viable basis for such hold-back.  He now blames the Court for not considering his footnote.  This Court is not to blame for Plaintiff's intentional and strategic pleading decisions.  Plaintiff has not pointed, and cannot point, to an error of fact or law by this Court.

Even if this Court were to consider Plaintiff's belated arguments (which it should not), Plaintiff's proposed amendment to the reverse discrimination claims would be futile because he conflates race and racism, again.  (Plaintiff's Brief at 9-10.)  Taken together

with the other allegations, Plaintiff is alleging some sort of viewpoint discrimination based on perceived racism.  Judge McHugh recently authored an opinion dismissing, on a motion to dismiss, a similar reverse discrimination claim because it was based on perceived racism, not race.  Tannous v. Cabrini Univ., No. 23-1115, 2023 U.S. Dist. LEXIS 179616 **9-14 (E.D. Pa. Oct. 4, 2023).  There, a professor was terminated after his incendiary pro-Palestinian tweets were brought to his employer's attention.  After a careful review of the pleadings, the Court found that he failed to plausibly allege discrimination because of race.  Id., at *13.

Here, Plaintiff's new allegations are undercut by the fact that "race" is alleged in a conclusory fashion (doc. 51 at ¶¶ 151, 180-181), whereas perceived racism forms the actual basis for his discrimination claims (id. at ¶¶ 49, 126, 128, 138, 139).  The new allegations fit into the latter category because they focus on discrimination against individuals with different racial beliefs, not discrimination based on race.  (Doc. 119, Exhibit A, ¶¶ 129-134.)

This Court should further reject Plaintiff's effort to inject a new theory into this case: the cat's paw theory.  Plaintiff already tried to raise this "new" argument in connection with his unauthorized, untimely sur-reply filed six weeks after oral argument on the motions to dismiss.  (Doc. 99.)  In so doing, Plaintiff's relied upon non-controlling and factually distinguishable Second Circuit case law, Menaker v. Hofstra, 935 F.3d 20 (2d Cir. 2019).  Plaintiff continues to rely on Menaker (see Proposed Third Amended Complaint at n.2), and the cat's paw theory still has no applicability to the facts of this case.

Plaintiff alleges that the University is liable based upon *respondeat superior* for

the acts of one of its former students, Defendant Colbert.  (Proposed Third Amended Complaint at ¶ 320.)  College graduates are not agents of the University simply by virtue of their past affiliation with a university, and Plaintiff cites no controlling authority that says they are.  In addition, when courts in this jurisdiction address the cat's paw theory, it is in the context of a non-decision-making employee whose alleged discriminatory conduct leads to an adverse employment action.  See, e.g., Caroll v. Guardant Health, Inc., 511 F. Supp. 3d 623, 654 n. 149 (E.D. Pa. 2021); Kolosky v. Am. Airlines, Inc., 456 F. Supp. 3d 681, 691 (E.D. Pa. 2020).  Such a theory has no applicability here.

Even Menaker, the out-of-Circuit case relied upon by Plaintiff, does not stand for the proposition that every college student is an agent of the university she or he attends; in that case, one of the legal questions was whether a particular student-athlete could be considered an agent for the university in light of the university's potentially high degree of control over her behavior.  935 F.3d at 27.  There is no comparable issue alleged here, other than perhaps some conclusory allegation that Ms. Colbert was an agent of the University.  Such conclusory allegations are insufficient.  Besides, in Pennsylvania, the relationship between a private university and its students is "strictly contractual in nature."  Reardon v. Allegheny College, 926 A.2d 477, 480 (Pa. Super. Ct. 2007), appeal denied, 947 A.2d 738 (Pa. 2008); Swartley v. Hoffner, 734 A.2d 915, 919 (Pa. Super Ct. 1999); Powell v. St. Joseph's Univ., No. 17-4438, 2018 U.S. Dist. LEXIS 27145, **10-11 (E.D. Pa. Feb. 20, 2018).

Accordingly, this Court should deny Plaintiff a fourth opportunity to amend his race discrimination claims, since any such amendment would be futile.

   2.  *This Court Properly Dismissed Plaintiff's Defamation Claims Against the Saint Joseph's Defendants.*

This Court delved into Plaintiff's defamation claims and, upon careful and thoughtful deliberation, dismissed the defamation claims against the Saint Joseph's Defendants.  (Doc. 106 at 15-21.)  The allegedly defamatory statement made by the University was that "a definitive determination [from the University's investigation] could not be made due to insufficient evidence."  (Id. at 18.)  This Court found that Plaintiff "had not alleged specific facts or stated the negative implication of [the University's] statement; he merely alleges that it was false and hurt his employment prospects."  (Id.)  At most, reading the statement in the light move favorable to Plaintiff, the University's statement implied that "there is a chance that [Plaintiff] is racist," and the well-established law in Pennsylvania holds that "a simple accusation of racism is not enough."  (Id.)  Because Plaintiff had not alleged facts sufficient to suggest that the University's statement was capable of a defamatory meaning or implication, the defamation claim against the University had to be dismissed.  (Id. at 19.)

With respect to Dr. McConnell, this Court reviewed both allegedly defamatory statements she was accused of making and found that they were conclusory allegations, not capable of defamatory meaning, and not published.[4]  (Id. at 19-21.)

Plaintiff insists that the Second Amended Complaint adequately stated defamation claims and in the alternative, provides an additional 40 allegations, none of which support his defamation claim; all of which more appropriately go to his false light claim.  Since futility is assessed based on Plaintiff's ability to state a viable defamation

---

[4] Plaintiff's effort to amend the complaint to add details about the May 3, 2022 meeting does nothing to cure the pleading deficiency about the lack of publication.  (Plaintiff's Brief at 20 n.4.)

claim, and the proposed amendments go to false light, Plaintiff's Motion should be denied.

As a threshold matter, Plaintiff has waived his argument for reconsideration of the defamation claim against the Saint Joseph's Defendants.  Plaintiff may "believe[] his Second Amended Complaint sufficiently demonstrated the defamatory nature of [Saint Joseph's] media statement" (Plaintiff's Brief at 12), but that does not relieve him of the burden of developing arguments to support his position.  Pa. State Troopers Ass'n v. Pawlowski, No. 1:09-CV-1748, 2011 U.S. Dist. LEXIS 134408, *4 (M.D. Pa. Nov. 21, 2011) (observing that courts need not consider arguments not developed by the party advancing them).  Plaintiff's two-sentence "argument" – his conclusion that this Court incorrectly dismissed the claim and his belief that the Second Amended Complaint states a defamation claim – constitutes waiver.  (Plaintiff's Brief at 12.)

Likewise, Plaintiff does not address this Court's discussion of how and why his defamation claims against Dr. McConnell fail (doc. 106 at 19-21).  (Plaintiff's Brief at 19-20.)  Plaintiff concludes that the Court "prematurely and erroneously dismissed" the **false light** claims against Dr. McConnell.  Id.  Even if this Court exercises extraordinary generosity towards Plaintiff's Motion and interprets this to mean the defamation claims against Dr. McConnell, it does not change the underlying pleading deficiencies this Court identified and credited.  (Doc. 106 at 19-21.)  Plaintiff failed to plausibly allege that Dr. McConnell made, let alone, published, statements capable of defamatory meaning. Therefore, this Court should not disturb its dismissal of the defamation claim against the Saint Joseph's Defendants.

Finally, the additional 40 new allegations Plaintiff seeks to plead go towards his

false light claim, not his stale defamation claim. The Saint Joseph's Defendants can identify at least sixteen references to false light (e.g., "false impression," "misrepresent," "to make it appear," "deceptively paint," "gave the impression"). (Doc. 119, Ex. A at ¶¶ 141, 143, 145, 146, 147, 149, 151, 152, 167, 171, 172, 175, 177, 178, 179, 181.) Nothing Plaintiff proposes to add would bring his **defamation** claim against the Saint Joseph's Defendants over the plausibility threshold necessary to state a claim. This Court should dismiss Plaintiff's shoddy maneuver because it is futile. Futility is assessed using the same standard of legal sufficiency used on motions to dismiss. In re Burlington Coat Factory Securities Litig., 114 F.3d at 1434. Even if the Court granted Plaintiff leave to add these allegations (which it should not), they would not affect his stale defamation claims, and would therefore be futile. Id.

       3.  *The Court Properly Dismissed Plaintiff's Civil Conspiracy Claim For Failure to Allege Malice.*

        a.    **Plaintiff's Civil Conspiracy Claim Failed to Allege Malice.**

This Court dismissed Plaintiff's civil conspiracy claim against the Saint Joseph's Defendants with prejudice because Plaintiff failed to allege they acted with malicious intent – defined as an act meant "solely to injure." Three Rivers Hydroponics, LLC v. Florists' Mut. Ins. Co., No. 2:15-cv-00809, 2018 U.S. Dist. LEXIS 20699, *18 (W.D. Pa. Feb. 8, 2018) (citing Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979)). Contrary to Plaintiff's assertion that this Court "applied an overly stringent notice pleading standard" (Plaintiff's Brief at 4), this Court rightly found that nowhere did Plaintiff allege that the University and/or Dr. McConnell acted with the sole intent to harm him. (Doc. 106 at 39-40.) Plaintiff's harm, based on Plaintiff's own allegations, while the University investigated his behavior, and therefore, "his injury is incidental to

another purpose." (Id. at 39.)  This failure was fatal to Plaintiff's conspiracy claims.

Well-settled Pennsylvania law precludes Plaintiff from plausibly alleging a civil conspiracy claim where, as here, the allegations fail to show actions taken "solely to injure" him.  An injury that is incidental to some other purpose, "even if it appears 'selfish or unreasonable" is not malicious."  Id. (quoting Thompson Coal Co., 412 A.2d at 472).  Thus, for example, allegations that certain actions were taken to advance a defendant's business interest preclude a civil conspiracy claim, since it means injuring the plaintiff was not the sole purpose for the actions.  Id. (citing Bio-Tech Thermax Inc., 651 F. Supp. 2d 378, 418-19 (E.D. Pa. 2009)).

Here, Plaintiff's bald allegations that the University's Title IX Coordinator "conspired" with Defendant Colbert fail for two interrelated reasons.  (Doc. 51 at ¶ 52.)  First, there are no accompanying factual allegations to support this so-called conspiracy.  Twombly, 550 U.S. at 545 (noting that formulaic recitations of elements do not suffice to state a claim).  Second, the Second Amended Complaint failed to show that the Saint Joseph's Defendants acted solely to injure Plaintiff.  This Court correctly found that Plaintiff's allegations showed that his alleged "injury was incidental to another purpose." (Doc. 106 at 39-40 (citing Three Rivers Hydroponics, 2018 U.S. Dist. LEXIS 20699, *18).)  That is, the allegations, taken together, gave rise to a variety of reasons for the Saint Joseph's Defendant's alleged actions – any one of which was enough to dismiss Plaintiff's civil conspiracy claim.

Plaintiff seeks reconsideration of his civil conspiracy claim because he thinks the Court got it wrong, not based on any legally cognizable factor.  Max's Seafood Café, 176 A.3d at 677; In re Lowen Group, No. 98-6740, 2006 U.S. Dist. LEXIS 200, *4 (E.D.

Pa. Jan. 5, 2006) (noting that it is improper to ask the court to rethink what it has already thought through, rightly or wrongly).  Plaintiff does not, because he cannot, contest the glaring pleading deficiency for his civil conspiracy.  On this basis alone, the Court should not disturb its well-reasoned finding that Plaintiff's civil conspiracy count has no place in this lawsuit.

> **b.    Plaintiff's conspiracy claim in the Third Amended Complaint contains the same fatal pleading deficiency.**

In the alternative, Plaintiff seeks leave for a fourth opportunity to amend the pleadings to salvage his civil conspiracy claim.  This Court should deny Plaintiff this opportunity on futility grounds because the proposed Third Amended Complaint still fails to state a prima facie civil conspiracy claim as to the Saint Joseph's Defendants.

Like the previous three iterations of the complaint, the proposed amended allegations still fail to properly plead malice.  (Doc. 119, Exh. A, ¶¶ 309-312.) Wordsmithing the civil conspiracy allegations does nothing to change the reality that Plaintiff fails to allege that the Saint Joseph's Defendants' alleged conduct was done solely to injure him.  (Compare Doc. 51 at ¶¶ 51-58 with Doc. 119, Ex. A at ¶¶ 91-110.) The same alternative plausible inferences that doomed the claim in the Second Amended Complaint, also doom it here.  See Simon v. Unum Provident Corp., No. 99-cv-6638, 2002 U.S. Dist. LEXIS 9331, *29 (E.D. Pa. May 29, 2002) ("Thus, where the facts show that a person acted to advance his own business interests, those facts constitute justification and negate any alleged intent to injure.")  Notably, Plaintiff persists in this error even after the Saint Joseph's Defendants briefed the civil conspiracy malice issue for the first time back in late 2022.  (Doc. 66 at 28-29.)

Because Plaintiff has caused undue delay in amending the pleadings to state

viable claims, and because the new proposed allegations amount to yet another stale civil conspiracy claim, this Court should affirm its initial decision and deny Plaintiff leave to amend.

**C. Plaintiff's Effort to Further Amend the Complaint Should Also Be Rejected Based on Plaintiff's Undue Delay, Plaintiff's Repeated Failure to Cure Pleading Deficiencies, and the Significant Prejudice to the Saint Joseph's Defendants By Allowing this Proposed Amendment.**

In addition to the futility arguments set forth above with respect to each of the three claims at issue in Plaintiff's Motion as to the Saint Joseph's Defendants, there are additional grounds for rejecting Plaintiff's last-ditch effort to further the complaint, including Plaintiff's undue delay, repeated failure to cure his pleading deficiencies, and the significant prejudice to the Saint Joseph's Defendants as a result of this eleventh-hour effort to amend.

Plaintiff commenced this action more than two years ago, on January 21, 2022. (Doc. 1.)  To date, he already has filed three complaints (docs. 1, 45, and 51) and now seeks to file a fourth complaint, the proposed Third Amended Complaint.  He has repeatedly failed to cure his pleading deficiencies.  Plaintiff made an intentional and strategic decision not to include the allegations he now seeks to add in his prior iterations of the complaint, despite his admitted awareness of them.  Plaintiff's amendments to date have not been merely cosmetic, as represented to the Court. (Plaintiff's Brief at 5 n.2.)  Rather, Plaintiff has made substantive amendments to the complaints, adding facts, theories, and parties along the way.  The pleadings in this case must come to a close.

Plaintiff provides no excuse for his undue delay in proposing to add amendments he was aware of at least as early as February 10, 2023.  (Doc. 77 at 3 n.1; <u>Adams v.</u>

Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984) (noting that delay becomes undue when it places an unwarranted burden on the court and an unfair burden on the opposing party).)  Moreover, Plaintiff's delay prejudices and threatens the Saint Joseph's Defendants' ability to defend this claim, as memories fade, employees and witnesses move away, and evidence goes stale.

The Saint Joseph's Defendants are also prejudiced by the amount of work and resources they already have been required to sink into this case.  Merely in connection with the pleadings, the Saint Joseph's Defendants have filed multiple rounds of briefs, in addition to preparing for and participating in oral argument on the motions to dismiss and filing their Answer and Affirmative Defenses to the Second Amended Complaint (doc. 117).  The amount of time, work, and money expended to date is substantial.  No further amendment should be permitted.

## IV.  CONCLUSION

For the foregoing reasons, the Saint Joseph's Defendants respectfully request that this Court deny Plaintiff's Motion for Reconsideration and enter the proposed Order filed with this opposition.

Respectfully submitted,

Date: March 4, 2024                **TUCKER LAW GROUP, LLC**

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esq.
David J. Carcamo, Esq.
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Counsel for Defendants,*
*Saint Joseph's University*
*and Cheryl McConnell*

18

## <u>CERTIFICATE OF SERVICE</u>

I, Leslie Miller Greenspan, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing document to the following counsel of record via the Court's electronic filing system:

| | |
|---|---|
| Joseph M. Toddy, Esquire<br>John McAvoy, Esquire<br>Scott Zlotnick, Esquire<br>**Zarwin Baum DeVito Kaplan<br>Schaer Toddy, P.C.**<br>One Commerce Square<br>Philadelphia, PA 19103<br><br>*Attorneys for Plaintiff* | Deniz Uzel Reilly, Esquire<br>Julia W. Clark, Esquire<br>Jack O'Connor, Esquire<br>**FISHER & PHILLIPS LLP**<br>Two Logan Square, 12th Floor<br>100 N. 18th Street<br>Philadelphia, Pennsylvania 19103<br><br>*Counsel for Defendants<br>Hadassah Colbert, Kiernan Loue,<br>Karleigh Lopez, Erin Fahey, Corrine<br>McGrath, & Lynly Carman* |

**TUCKER LAW GROUP, LLC**

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esq.

Dated: March 4, 2024