UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO, Ph.D., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 5:22-CV-00285 |
| : | |
| ST. JOSEPH'S UNIVERSITY, : | |
| HADASSAH COLBERT, KIERNAN : | |
| LOUE, LYNLY CARMAN, DR. SUSAN : | |
| LIEBELL, KARLEIGH LOPEZ, ERIN : | |
| FAHEY, CORRINE MCGRATH AND DR. : | |
| CHERYL MCCONNELL : | |
| : | |
| Defendants. : | |

**OMNIBUS REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER AND MEMORANDUM OPINION DATED JANUARY 25, 2024, AND/OR FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Plaintiff Gregory V. Manco, Ph.D. ("Plaintiff" or "Dr. Manco"), by and through his attorneys, Zarwin Baum DeVito Kaplan Schaer & Toddy, P.C., respectfully submits this Omnibus Reply Brief in Further Support of Plaintiff's Motion for Partial Reconsideration of the Court's Order (ECF No. 107) and Memorandum Opinion (ECF No. 106) dated January 25, 2024, and/or for Leave to File a Third Amended Complaint ("Plaintiff's Motion").

**I.     PRELIMINARY STATEMENT**

In this case, Dr. Manco has sued the Defendants for their concerted actions to have him wrongfully terminated at St. Joseph's University ("SJU"). Herein, Dr. Manco responds to the Defendants' recently briefs filed in opposition to Plaintiff's Motion.[1] First, as will be discussed in

---

[1] One opposition brief was filed on behalf of Saint Joseph's University ("SJU") and Dr. McConnell. The second opposition brief was filed on behalf of those defendants who call themselves "the Student Defendants". Importantly, at the time in question, except for Lynly Carman, none of these Defendants were enrolled SJU students and they had all previously graduated. Thus, SJU clearly violated its own anti-discrimination and investigation policies, which did

greater detail below, Defendants have not established prejudice as it has been narrowly defined by the courts in the context of Rule 15(a) Motion for Leave to Amend. Where, as here, this is the first time that any of Plaintiff's claims were dismissed, the Court should grant Plaintiff leave to amend irrespective of his request for reconsideration. Second, Defendants have grossly mischaracterized (or at times blatantly misstated) the facts and law in an effort to malign Plaintiff and misdirect the Court's attention relative to the underlying claims Plaintiff has properly asserted against Defendants, including but not limited to Plaintiff's racial discrimination and conspiracy claims against Defendants.

## II.     LEGAL ARGUMENT

In essence, Defendants are claiming that Plaintiff has intentionally and with ill-intended motives delayed this action and improperly withheld facts to Defendants' purported detriment. Nothing could be further from the truth. To the extent the Court denies Plaintiff's Motion for Reconsideration, then justice and equity require that his Motion for Leave be granted to enable him to file a Third Amended Complaint ("TAC"). Federal Rule of Civil Procedure 15(a) and the case law interpreting it instruct that "leave shall be freely given when justice so requires." F.R.C.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). A District Court's denial of leave to amend constitutes reversal error absent those narrow, clear-cut circumstances in which undue delay, bad faith by the moving party, futility, or unfair prejudice to the non-moving party can be readily demonstrated. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Moreover, the District Court should err on the side of caution and resolve any doubt in favor of Plaintiff. *Id*. (vacating order denying plaintiff's motion for leave after summary judgment was granted against plaintiff, because the proposed amended complaint stated a cause of action within the statute of limitations period).

---

not apply to Defendant Colbert when she and SJU first began to orchestrate their concerted and conspiratorial actions against Plaintiff, a fact which will be discussed at greater length herein.

Where, as here, **a claim was dismissed for the first time**, the guiding principles call for Plaintiff's request for leave to amend to be granted. *Doe v. Franklin & Marshall Coll.*, 2023 U.S. Dist. LEXIS 185889, *7 (E.D. Pa. 2023) ("because this is the first time the Title IX claims have been dismissed, this Court will reconsider its futility finding and grant Doe leave to amend his Title IX claims to attempt to state a claim . . . to include *additional factual* allegations to show F&M discriminated against him 'on the basis of sex.'") (emphasis in original); *see also Ledda v. St. John Neumann Reg'l Acad.*, 2021 U.S. Dist. LEXIS 4988, *2-3, n. 1 (M.D. Pa. 2021) ("Erring on the side of caution, we will grant [the plaintiff] leave to amend his complaint within twenty-one days to plead the reverse discrimination theory alluded to in his objection.").

Here, the circumstances do not warrant denying Plaintiff the opportunity to amend. Plaintiff has not sought reconsideration of any of the Court's previous orders, nor has Plaintiff violated any court order, nor has there ever been an order stating Defendant acted in bad faith. Further, the Plaintiff's two prior amendments were due to ongoing violations by Defendants and/or the EEOC's issuance of a separate Right to Sue Letter. At no point did Plaintiff or his counsel believe they were required to plead additional facts. Plaintiff and his counsel believed—and still continue to believe--hat at the pleading stage he had set forth viable *prima facie* claims against Defendants based upon the Federal Rule's notice pleading requirements and in accord with the *Twombly* plausibility standard. In fact, the Court agreed with Plaintiff that he had, for many of his claims, alleged them with sufficiency. **Never were any of Plaintiff's claims dismissed until just recently when this Court entered its Order dated January 25, 2024**.

As to Defendants' claims of prejudice, the *Smith* case cited by Defendants makes it clear that Defendants have not met this heavy burden. *See Smith v. Genesis Ventures, LLC.*, 2006 U.S. Dist. LEXIS 89285 (E.D. Pa. 2006). When addressing the issue of prejudice, the *Smith* Court stated

3

that one of the touchstones is whether **Defendant has, with precision, demonstrated that significant additional discovery will be required, and not simply whether Defendants incurred additional costs**:

> The Court recognizes that adding these four additional parties will add to the lengthiness and cost of the litigation. The question is, does the added burden and inconvenience to the Defendants justify prohibiting the amendment, when the Federal Rules clearly contemplate the liberal amendment of pleadings? Neither Defendants nor Smith have stated precisely which witnesses, if any, will need to be redeposed; nor have they described precisely how the scope of discovery will be expanded. In fact, the parties have not specifically informed the Court what discovery has been taken to date. Without more precise proffers of prejudice from Defendants, the Court finds that generalized inconvenience and cost is not alone is not enough to justify denying the motion to amend, which Rule 15(a) contemplates should be freely allowed.

Smith, 2006 U.S. Dist. LEXIS 89285, * 8-9.

In the instant matter, no discovery has taken place. Moreover, the scope of any future discovery will not be drastically different because the same operative facts are intertwined within the various claims and counts alleged by Plaintiff. Having not made any precise offers of proof that any additional discovery is required, let alone that it would be significant and prejudicial to them, Defendants have clearly not met the *Smith* prejudice standard. Moreover, they have waived the right to make such an argument under the very principle which they have disingenuously claimed applies to Plaintiff in regard to his request for reconsideration of the Court's ruling on the defamation claim against SJU. *See* ECF No. 129, p. 14.[2]

---

[2] As to the specifics of SJU Defendants' waiver argument against Plaintiff, SJU is incorrect in stating that Plaintiff only made a two-sentence argument in support of that aspect of his Motion requesting reconsideration of the Court's ruling on his defamation claim against SJU. Plaintiff's Motion argues that the Court misapplied the *Twombly* notice pleading plausibility test to all the claims it dismissed. *See* Plaintiff's Motion, pp. 3-4, 12. Moreover, Plaintiff included detailed averments from paragraphs 141-181 of the Third Amended Complaint within the text of his Motion, which, in the alternative, would justify the Court granting Plaintiff leave to amend. *Id*. at pp. 12-15. Within those averments, Plaintiff addresses the deficiencies found by the Court in its ruling, including the Court's central belief that the prior complaint did not "state what the negative implication is" and did not allege that "SJU's statement implied that 'the accused has personally broken the law in a racist manner." *See* Doc. 106, p. 18. The TAC averments included within

The SJU Defendants simply contend that Plaintiff's purported delay "threatens the Saint Joseph's Defendants' ability to defend this claim, as memories face, employees and witnesses move away, and evidence goes stale" and that they are prejudiced by "the amount of work and resources they have been required to sink into this case." *See* ECF No. 129, p. 19. The other Defendants make similar prejudice claims. However, claims of prejudice on the primary grounds that Defendants incurred some additional costs are not germane to the issue of prejudice as set forth in *Smith*.[3] Defendants have clearly not satisfied *Smith's* discovery-related prejudice test quoted above.

Further, Defendants disingenuously argue in their opposition papers that Plaintiff's prior amendments involved him substantially adding new facts that went far beyond the new facts relating to the ongoing violations and/or his naming a new party. In fact, the prior complaints which the Defendants calling themselves the Student Defendants attached as exhibits demonstrate that the previous amendments by Plaintiff that were not related to the new and ongoing developments were made primarily to add zip codes, edit diction, or add words like "duty"—issues which in the larger scheme of things have no bearing on the Plaintiff's recently filed Motion or the amendments contained in the TAC to address pleading deficiencies the Court found to exist in the Second Amended Complaint.

---

Plaintiff's Motion demonstrate that he has asserted a *prima facie* defamation claim against SJU, including (i) identifying each falsity and lie within the SJU statement (*see* paras. 141-181 of the TAC); and (ii) identifying that the negative implication was that Plaintiff had repeatedly acted in violation of racial discrimination laws in his classroom against his students (*see* para. 177 of the TAC alleging that the SJU statement falsely and deceptively "paint the picture of a faculty member who was a repeated problem in classroom for years, reported for **wrongful and/or unlawful [racially] discriminatory misconduct** by current students, whose evidence against him merely fell short of 'definitive.'") (emphasis added)).

[3] Plaintiff has also incurred costs in responding to--and in part prevailing on--arguments in Defendants' Motions to Dismiss, which less litigious opposition would not have raised at the pleading level. Considering the disputed nature and complexity of the matters, Plaintiff believes that the issues are more appropriately addressed, not at the pleading stage, but at the summary judgment stage (e.g., after discovery has taken place, so that Plaintiff has the full opportunity to establish the merits of each of his claims). Given the overlapping facts involving many of the claims, there is no prejudice to Defendants in permitting Plaintiff to file his TAC.

Further, "[t]he mere passage of time is insufficient to require that a motion to amend be denied". *See* ECF No. 128, p. 13. The fact that the Court was unable to render its decision on Defendants' Motions to Dismiss the Second Amended Complaint any sooner than it did had absolutely nothing whatsoever to do with Plaintiff. Likewise, Plaintiff has also not caused any delay by seeking reconsideration and/or leave to file a TAC in response to the Court's recent ruling. There is no delay or prejudice because, now that the Court has agreed with Plaintiff that he has viable claims against Defendants, discovery can finally commence while Plaintiff's Motion is pending. Courts may entertain motions for leave which have even been filed while discovery is proceeding, and there is no prohibition against doing so. *See Adams*, 739 F.2d at 864. Such is the nature of litigation, particularly when the claims are complex as they are here. Moreover, this Court has scheduled a Rule 16 conference for April 6, 2024, and Plaintiff is prepared to begin the exchange of initial disclosures and written discovery even before then if Defendants so wish. Simply put, there has been no undue delay, nor any prejudice to Defendants.

The SJU Defendants' arguments that Plaintiff's Motion "accuses" or "blames" the Court is plainly false and is designed to paint Plaintiff in a bad light before this Court. *See* ECF No. 129, pp. 2 at n2, 9. The only parties Plaintiff is blaming are SJU and the other Defendants. As stated in the TAC, SJU repeatedly engaged in blatant violations of its own policies as part of plan to make Plaintiff a scapegoat for SJU's history of racism on campus against African Americans. SJU's conduct, Colbert's conduct, as well as the conduct of the other Defendants, was actionable and reprehensible. Defendants' efforts to paint themselves as victims who are prejudiced, but again, nothing could be further from the truth. The facts alleged by Plaintiff, which the court must accept as true, particularly where they appear in documents created by Defendants themselves, establish that Defendants have been the aggressors against Plaintiff, and that they harmed him, not the other

6

way around. Plaintiff's professional livelihood, reputation, and right to free speech were trampled on by Defendants without **any** legitimate basis and in direct contradiction of SJU's policies.

With regard to other arguments made by Defendants, Plaintiff wishes to bring the following to the Court's attention:

- Plaintiff did not steal any documents. (*See* ECF No. 129, p. 2) The student emails were in his box, and he rightly gave them to his counsel. Moreover, the Court has allowed Plaintiff to file these documents under seal, which he has since done. Defendants' suggestion that Plaintiff stole is therefore blatantly false.

- Judicial immunity does not apply Colbert's initial email to SJU, and there was no Title IX investigation. SJU cannot start a false investigation and then claim immunity under its policies because they did not apply to non-students like her. Nor was there any "good faith complaints" made pursuant to any "established reporting mechanism" (*See* ECF No. 128, p. 11) for non-students like Colbert.[4] At the very least, a jury question exists whether SJU has made out the elements of a judicial immunity defense or privilege.

- A conspiracy claim does not necessarily require that the sole purpose of Defendants' conspiratory and knowingly false and malicious coordinated conduct against him be to cause him harm. That doesn't even really make sense, provided that malice has been proven; nor can such a test realistically be applied in such an overly strict manner at the motion to dismiss stage in a case like this. Indeed, in *Minehart v. McElhinny*, 2018 U.S. Dist. LEXIS 24562 (E.D. Pa. 2018), Judge Brody recognized

---

[4] Moreover, the "paradigmatic quasi-judicial proceeding" and administrative body requirements identified in cases such as <u>Ralston v. Garabedian</u>, 2021 U.S. Dist. LEXIS 244741, *31 (E.D. Pa. 2021) and *Overall v. Univ. of Pa.*, 412 F.3d 492 (3d Cir. 2005) were not met.

7

that "district courts have expressed doubt whether, under Pennsylvania law, the 'sole purpose' of a civil conspiracy claim must be to injury the plaintiff." *Id*. at *4. Judge Brody then goes on to discuss mixed motive cases, before concluding that at the motion to dismiss stage, provided the central allegation of malice is alleged, then it may be "inferred that the plaintiff's injuries were 'not simply an accidental side-effect" of the defendant's otherwise legitimate business interests". *Id*. at *4-5 (internal citations omitted).

- Even if this the "sole purpose" was the standard, a jury in the instant matter could easily find that the sole purpose of SJU, Colbert, and the other Defendants' conduct was to maliciously make false claims against him in order to get him fired in plain violation of SJU's own policies. This Court has already recognized that a jury could find that some of the Defendants social media activity "shows an intent to act, ***at least*** in part, to cause harm to Manco and have him removed from as a professor at SJU," (*see* ECF No. 106, p. 41 (emphasis added)), which necessarily means that a jury could also find that that Defendants' actions were not merely in part, but solely intended to harm him. Additionally, the Defendants' state of mind is clearly a jury question. Thus, Plaintiff should be permitted to proceed with his conspiracy claims and conduct discovery as to his clearly plausible conspiracy claims, particularly with the additional facts alleged in his TAC. *See* Plaintiff's Motion (ECF No. 119) at pp. 4-8.

- Under the rationale of *Phillips v. Starbucks Corp.*, 624 F. Supp. 3d 530 (D.N.J. 2022) and the Third Circuit cases it relies upon, Plaintiff does not have to allege a comparator--but, regardless, he now has. The Defendants want to ignore the fact

8

that Plaintiff has alleged a comparator in support of his reverse racism claim. Their argument that by alleging a comparator, Plaintiff "conflates race and racism, again" (*see* ECF No. 129, p. 9) is nothing more than a boilerplate argument, which fails to address the proposed amendments relative to Plaintiff's reverse racism claim. Defendants one-line argument is pure boilerplate and should be rejected as such.

- With regard to the issue of the Plaintiff's false light claims against Fahey and Carmen raised by their counsel (*see* ECF No. 128, at pp. 16-17), Plaintiff maintains that without discovery it is not possible to know the full extent of distribution of their messages.

Accordingly, Plaintiff respectfully requests that this Honorable Court grant his Motion for Partial Reconsideration of the Court's Order and Memorandum Opinion dated January 25, 2024, and/or for Leave to File a Third Amended Complaint.

### III. CONCLUSION

For the above reasons, and all those previously set forth in the Memorandum of Law in Support of Plaintiff's Motion for Reconsideration, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion.

Respectfully submitted,

**ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.**

Dated: March 11, 2024

JOSEPH M. TODDY, ESQ.
JOHN P. MCAVOY, ESQ.
SCOTT ZLOTNICK, ESQ.
2005 Market Street, 16th Floor
Philadelphia, PA  19103
215.569.2800; Fax  215.569.1606
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO, Ph.D., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 5:22-CV-00285 |
| ST. JOSEPH'S UNIVERSITY, HADASSAH COLBERT, KIERNAN LOUE, LYNLY CARMAN, DR. SUSAN LIEBELL, KARLEIGH LOPEZ, ERIN FAHEY, CORRINE MCGRATH AND DR. CHERYL MCCONNELL | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, John P. McAvoy, Esquire hereby certify that on March 11, 2024 I made this document available for viewing by all registered users of this Court's ECF system, including:

Leslie Miller Greenspan, Esq.
Tucker Law Group
1801 Market Street, Suite 2500
Philadelphia, PA 19103
Attorney for Defendants, St. Joseph's University and Dr. Cheryl McConnell

Deniz Uzel Reilly, Esq.
Fisher & Phillips LLP
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
Attorney for Defendants, Hadassah Colbert, Kiernan Loue, Karleigh Lopez, Erin Fahey, and Corrine McGrath

Kristen Lizzano, Esq.
March, Hurwitz & DeMarco
1100 North Providence Road
Media, PA 19063
Attorney for Defendant, Lynly Carman

Robert Drake, Esq.
Drake Speciale LLC
221 Chestnut Street, Suite 200
Philadelphia, PA 19106
Attorney for Defendant, Dr. Susan Liebell

**ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.**

John P. McAvoy, Esq.