IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY V. MANCO Ph.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 5:22-cv-00285-JLS |
| | : | |
| ST. JOSEPH'S UNIVERSITY, et al., | : | |
| | : | |
| Defendants. | : | |

**PROTECTIVE ORDER**

**AND NOW**, this **31st** day of **May,** 2024, in order to expedite discovery, facilitate resolution of disputes concerning confidentiality, protective confidential material, and ensure that protection is afforded only to material so entitled in the instant action (hereinafter referred to as the "Litigation"), the Court enters this Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**I.   Purposes and Limitations**

A. Protected Material (defined below) designated under the terms of this Protective Order shall be used by a Receiving Party (defined below) solely for the Litigation and shall not be used directly or indirectly for any other purpose.

B. The parties acknowledge that this Protective Order does not govern all disclosures in this Litigation.  Designations under this Protective Order shall be made with care and must be made with a good faith belief that the designated materials satisfy the criteria outlined in this Order.

**II.   Definitions**

A. "Discovery Material" means all items or information, including information obtained from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, audio or video

1

recordings, or other tangible things) that are produced, disclosed, or generated in connection with discovery in the Litigation.

      B.      "Counsel" means (i) counsel who appears on the pleadings as counsel for a Party and (ii) partners, of counsel, associates, paralegals, and staff of such counsel to whom it is reasonably necessary to disclose the information for this Litigation.

      C.      "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, agents and counsel, and their respective support personnel.

      D.      "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this Litigation.

      E.      "Protected Materials" means any Discovery Material that is designated as "CONFIDENTIAL" as provided for in this Protective Order.

      F.      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

### III. Computation of Time

The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing such time set forth in Rule 6 of the Federal Rules of Civil Procedure.

### IV. Scope

      A.      The protections conferred by this Protective Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted, therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or

their counsel in court or in other settings that may reasonably be expected to reveal Protected Materials.

      B.      Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Materials for any purpose, and nothing in this Protective Order shall preclude any Producing Party from showing its Protected Materials to an individual who prepared the Protected Materials.

      C.      This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter need not be produced at all.

**V.**      **Duration**

The confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs, including after the formal termination of this Litigation.

**VI.**      **Access to and Use of Protected Material**

      A.      <u>Basic Principles:</u> All Protected Materials shall be used solely for this Litigation or any related appellate proceeding, and not for any other purpose whatsoever including, without limitation, any other litigation, or any communication to the public or media in any form.  Protected Materials shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Protective Order.

      B.      <u>Secure Storage:</u> Protected Materials must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. To ensure compliance with

applicable United States Export Administration Regulations, Protected Material may not be exported outside of the United States or released to any foreign national (even if within the United States).

C. <u>Legal Advice Based on Protected Materials:</u> Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Materials itself except as provided in this Order.

D. <u>Limitations:</u> Nothing in this Protective Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Materials.

**VII.	Designating Protected Material**

A. <u>Available Designations:</u> Any Producing Party may designate Discovery Material as "CONFIDENTIAL," provided that it meets the requirements for such designation as provided for herein:

B. <u>Written Discovery and Documents and Tangible Things:</u> Written Discovery, documents (which include electronically stored information, as that designation is used in Federal Rule of Civil Procedure 26), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph VII.A. may be so designated by placing the designation on every page of the written designated material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL" during the inspection and re-designated, as

4

appropriate, during the copying process.

       C.     <u>Native Files:</u> Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Protective Order by appending to the file names information indicating whether the file contains "CONFIDENTIAL" material or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf, or other image format version of a document produced in native format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

       D.     <u>Depositions and Testimony:</u> Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or sending written notice of how portions of the transcript of the testimony are designated within thirty (30) days of receipt of the transcript of the testimony.  Any Party wishing to disclose the transcript or information contained therein, must provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any

portion of the transcript as confidential must designate the confidential portions within fourteen (14) business days following notice; otherwise the transcript may be treated as non-confidential.  Any Protected Materials that are used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Materials.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to identify the portions of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the parties." Counsel for a Producing Party shall have the right to exclude from oral depositions any person, other than the deponent, deponents' counsel, counsel for the Receiving Party or Parties, the reporter, and the videographer (if any), who is not authorized by this Protective Order to receive or access Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Materials.

   E. <u>Attorneys' Eyes Only Designation:</u>  The parties are permitted to designate documents and information as "Attorneys' Eyes Only" when the parties believe, in good faith, that the documents or information contain trade secrets, highly competitive or commercially sensitive proprietary and non-public information that would significantly harm business advantages of the producing or designating party, or highly sensitive personal or medical information. The same rules for designating documents and

challenging the designation of documents shall apply to the Attorneys' Eyes Only designation.

### VIII. Discovery Material Designated as "CONFIDENTIAL"

A. A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects non-public, confidential, proprietary, or commercial information not readily ascertainable through lawful means by the public or Receiving Party, information that is commercially sensitive, including, without limitation, research or business development information, or information kept confidential pursuant to law or regulation, including but not limited to the Family Educational Rights and Privacy Act ("FERPA").

B. Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

i. The Receiving Party's Counsel, such counsel's immediate legal team, paralegals, and support personnel, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and personnel;

ii. The Receiving Party, or representatives of the Receiving Party who are officers or employees or attorneys or agents of the Receiving Party, as well as their immediate paralegals and support personnel, to whom disclosure is reasonably necessary for this case.

iii. Any outside expert or consultant retained by either party's Counsel to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A, appended hereto;

(b) such expert or consultant is not a current officer, director, or employee of a competitor of either party, nor anticipated at the time of retention to become an officer, director, or employee of a competitor of either party;

    iv.    Court reporters, stenographers, and videographers retained to record testimony taken in this action;

    v.    The Court, jury, and court personnel;

    vi.    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

    vii.    Any mediator or settlement master who is assigned to mediate this matter, and his or her staff;

    viii.    Any witness in this case who testifies in deposition or at trial and has signed a copy of Exhibit A;

    ix.    Any other person with the prior written consent of the Producing Party, who has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A.

    x.    The persons listed in paragraphs VIII.B.i-ix. must, before being shown or given Protected Material, agree to be bound by the provisions of this Protective Order by signing and returning a copy of Exhibit A.

**IX.    Challenging Designations of Protected Materials**

    A.    A party is not obligated to challenge the propriety of any designation of Discovery Material under this Protective Order at the same time the designation is made, and a failure to do so will not preclude a subsequent challenge thereto.

B.      Any challenge to a designation of Discovery Material under this Protective Order must be written, must be served on counsel for the Producing Party, must particularly identify the documents or information that the Receiving Party contends should be differently designated and must state the grounds for the objection. Thereafter, further protection of such material must be resolved in accordance with the following procedure:

i.      The Receiving Party shall confer either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

ii.     Failing agreement, the Receiving Party may file a motion with the Court within 45 days after the conference to resolve the objections.  The Parties' entry into this Protective Order shall not alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

iii.    Notwithstanding any challenge to a designation, the Discovery Material in question will continue to be treated as designated under this Protective Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### X.      Subpoenas or Court Orders

A.      If at any time Protected Materials are subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena is directed shall immediately give written notice of the subpoena to every Party who has produced such

Discovery Material and must not thereafter attempt to preclude the Producing Party(ies) from exercising its rights under this Agreement and its other rights.

XI.     **Filing Protected Materials**

A.      In the event that a Party uses any Protected Materials in its motion, pleadings, or other documents filed with the Court, such use shall be made under seal. A Receiving Party may not file or disclose in the public record any Protected Materials absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons.

XII.    **Inadvertent Disclosure of Privileged Materials**

A.      The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

B.      Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party must immediately return such Protected Materials or Discovery Material and all copies to the Producing Party, except for any pages containing privileged marking by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

C.	Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

XIII.	**Inadvertent Failure to Designate Properly**

A.	The inadvertent failure by a Producing Party to designate Discovery Material as Protected Materials under this Protective Order will not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the designations provided for under this Protective Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Materials with the correct designation within seven (7) days of its notification to the Receiving Party.  Upon receiving the Protected Material with the correct designation, the Receiving Party shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly and shall provide the Producing Party with written confirmation of the same.

B.	A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the designations provided for under this Protective Order, unless an objectively reasonable person would have realized that the Discover material should have been designated under this Protective Order. Once a Receiving Party has received notification of the correct confidentiality designation, the

11

Receiving Party must treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

### XIV. Inadvertent Disclosure Not Authorized By Order

A.　　In the event of a disclosure of any Discovery Material pursuant to this Protective Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each party whose Discovery Material has been disclosed must provide to each other and all such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The Disclosing Party shall also promptly retrieve the improperly disclosed Discovery Material and ensure that no further or greater unauthorized disclosure and/or use thereof is made.

B.　　Unauthorized or inadvertent disclosure does not alter the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

### XV. Final Disposition

A.　　Not later than sixty (60) days after the Final Disposition of this case, each Party must return at the request of the Producing Party all Discovery Material of a Producing Party to the respective counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Protective Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the Litigation with prejudice, including all appeals.

B.　　All Parties having received any such Discovery Material must certify in writing that all such materials have been returned to the respective counsel of the

Producing Party or destroyed.

## XVI. Miscellaneous

A. <u>Right to Further Relief:</u> Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future. The Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

B. <u>Termination of Matter and Retention of Jurisdiction:</u> The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the Litigation. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

C. <u>Successors:</u> This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

D. <u>Right to Assert Other Objections:</u> No Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Litigation or any other proceeding.

E.  <u>Burdens of Proof:</u> Notwithstanding anything to the contrary, nothing in this Protective Order may be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, or whether disclosure should be restricted, and if so, what restrictions should apply.

F.  <u>Enforcement by Court:</u> The United States District Court for the Eastern District of Pennsylvania is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced pursuant to this Order will be resolved by the United States District Court Judge for the Eastern District of Pennsylvania signing below.

G.  <u>Discovery Rules Remain Unchanged:</u> Nothing herein changes in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Pennsylvania, or the Court's own orders.

H.  The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Protective Order and/or to modify this Protective Order at any time in the interest of justice.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
The Hon. Jeffrey L. Schmehl, J.

**Exhibit A**

I,_____, acknowledge and declare that I have received a copy of the Protective Order (hereinafter "Protective Order") in <u>Manco v. St. Joseph's University et al.</u>, Case No.5:22-cv-00285-JLS, in the United States District Court for the Eastern District of Pennsylvania. Having read and understood the terms of the Order, I agree to be bound by the terms of the Protective Order and consent to the jurisdiction of said court for the purpose of any proceeding to enforce the terms of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Protected Materials that are disclosed to me. I will return all Protected Materials that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Protected Materials.

Name of Individual: _____

Present occupation/job description _____

Name of Company or Firm: _____

Address: _____

Dated: _____