IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY V. MANCO, Ph.D, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-285 |
| | : | |
| ST. JOSEPH'S UNIVERSITY, *et al.*, | : | |
|     Defendants. | : | |

**ORDER**

**AND NOW**, this  14th   day of August, 2024, upon review of the Motion to Dismiss of Defendant, Kiernan Loue (ECF No. 112), Plaintiff's opposition thereto and Defendant Loue's reply, it is hereby **ORDERED** as follows:

1. Defendant Loue's Motion to Dismiss is **GRANTED** in part and **DENIED** in part[1];

---

[1] Defendant Loue filed a motion seeking to dismiss Plaintiff's Second Amended Complaint in its entirety. Plaintiff's entire Second Amended Complaint contains only two paragraphs directed to Loue: On February 25, 2021, Loue tweeted at SJU as follows: "but are you gonna fire Greg Manco who has done nothing but contribute to a hostile learning environment with his racism, sexism, and transphobia??????" (Sec. Am. Compl. ¶ 123.) SJU responded to Loue's tweet by saying, "Saint Joseph's continues to strive to be a welcoming, diverse and inclusive community. The University acts quickly to investigate reports of bias, harassment, and other incidents. (*Id.*). Plaintiff then alleges that "Loue was never a student of Dr. Manco and knew this tweet to be false." (Sec. Am. Compl. ¶ 124.) Similar to the motions to dismiss previously filed by the other student defendants and decided by this Court in an opinion dated January 25, 2024, (ECF No. 106) Loue argues that her tweet of February 25, 2021, enjoys absolute privilege as she conveyed information that commenced an investigation pursuant to federal statute or regulations. However, the instant tweet of Loue is distinguishable from the privileged communications between students and specific individuals at SJU who were involved in the investigation process. A general tweet directed to a private university cannot be found to have intended to commence an investigation. The examples in the January 25, 2024, opinion where I found student communications were entitled to immunity were emails and direct correspondence to specific individuals at SJU, not just random public tweets. Loue's tweet is not entitled to immunity for that reason. Also, I find that her tweet was capable of a defamatory meaning as a person reviewing SJU's Twitter account could read it and believe that Plaintiff is racist, sexist and/or transphobic. Accordingly, Loue's Motion to Dismiss as to her February 25, 2021, tweet based upon immunity is denied.

Defendant Loue also seeks to have Plaintiff's claim of false light dismissed.  Under Pennsylvania law, to establish a false light claim, Plaintiff "must allege facts showing that the published material is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard for its falsity." *Mallory v. S & S Publishers*, 168 F. Supp. 3d 760, 776 (E.D. Pa. 2016) (*quoting Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014)) (cleaned up). Whether the allegations contained in Loue's tweet are false is contested, but taken in a light most favorable to Manco, they can be read to imply that there is some chance that Manco is a racist, sexist and/or is transphobic. This is certainly a negative implication. In a light most favorable to Manco, even if Loue's Tweet was true, a "discrete presentation" could plausibly cast Plaintiff in a false light. *See Graboff*, 744 F.3d at 136. Accordingly, this claim will also be allowed to remain.

2.  Loue's motion is **GRANTED** as to Plaintiff's claims of conspiracy and intentional infliction of emotional distress;

3.  Loue's motion is **DENIED** as to Plaintiff's claims of defamation, false light and tortious interference;

4.  Count IX of the Second Amended Complaint is **DISMISSED** as to Defendant Loue;

5.  Count XI of the Second Amended Complaint is **DISMISSED** as to Defendant Loue; and

6.  Defendant Loue shall file an Answer to Plaintiff's Second Amended Complaint within 20 days of the date of this Order.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

Next, Loue seeks to have Plaintiff's claim of tortious interference dismissed. First, accepting all allegations in the Second Amended Complaint as true, I find that Plaintiff has pled sufficient facts at this stage of the proceedings to allow his claim of tortious interference with contract as to Loue to proceed to discovery. Manco has pled that the student defendants "engaged in activities, . . . to have Dr. Manco suspended and his contract terminated." (Sec. Am. Compl. at ¶ 222). It could be argued that these student activities allegedly interfered with Manco's employment contract and were not justified. Therefore, I will allow this claim to remain as to Loue.

Lastly, Loue seeks to have Plaintiff's civil conspiracy and intentional infliction of emotional distress claims stricken from the Second Amended Complaint. Plaintiff has abandoned his claim against Loue for IIED, so Loue's motion will be granted as to the IIED claims. (See ECF No. 120, p. 3, n. 1.) As to the civil conspiracy claim, for the reasons set forth in this Court's January 25, 2024, opinion, that claim will also be dismissed.