IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY V. MANCO, Ph.D, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-285 |
| | : | |
| ST. JOSEPH'S UNIVERSITY, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

**AND NOW**, this 19th day of August, 2024, upon review of Plaintiff's Motion for Partial Reconsideration and/or For Leave to File a Third Amended Complaint (ECF No. 119), all oppositions thereto and Plaintiff's reply, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.[1]

---

[1] On January 25, 2024, this Court entered an opinion and order granting in part and denying in part the motions to dismiss of various defendants. Thereafter, on March 11, 2024, Plaintiff filed a motion for reconsideration, arguing that the Court erred in dismissing Plaintiff's reverse racism claim and civil conspiracy claim, as well as defamation and false light claims against some of the defendants.

Motions for reconsideration are granted to correct "manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). For the Court to reconsider a decision, Plaintiff would have to show (1) an intervening change in controlling law; (2) new evidence not available when the court entered its original order; or (3) that reconsideration was necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Brunson Commc'ns, Inc. v. Arbitron, Inc.,* 246 F. Supp. 2d 446, 446-47 (E.D. Pa. 2003)). *See also Ehrheart v. Lifetime Brands, Inc.,* 498 F. Supp. 2d 753, 756 (E.D. Pa. 2007); *see also Allen v. Chicago Steel (PA), LLC*, 2010 WL 2991214, at *2 (E.D. Pa. July 27, 2010). Further, "[d]issatisfaction with the Court's ruling is not a proper basis for reconsideration." *Allen*, 2010 WL 2991214, at *2 "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of judicial resources." *Ehrheart*, 498 F. Supp. 2d at 756-57.

In the instant matter, Plaintiff has not argued that any newly available evidence exists or that there has been an intervening change in the controlling law. Accordingly, I need only address whether Plaintiff's Motion should be granted to correct a clear error of law or prevent manifest injustice. First, as to all defendants, Plaintiff argues that his civil conspiracy claims should not have been dismissed with prejudice because the facts plausibly alleged a conspiracy claim. Plaintiff also alleges that dismissal of his conspiracy claims with prejudice was improper, as Plaintiff's two previous amendments to his complaint were not due to any alleged pleading deficiency in the conspiracy claim. However, Plaintiff's civil conspiracy claim was dismissed due to the failure to allege that defendants acted with malicious intent, defined as meaning "solely to injure." Nowhere in the Second Amended Complaint did Plaintiff allege that any of the defendants acted with the sole intent to harm him. Nor can Plaintiff

make such an allegation, as his allegations clearly show that the alleged injury to Plaintiff was "incidental to another purpose." Therefore, this Court properly dismissed Plaintiff's civil conspiracy claim and reconsideration is denied.

Next, as to Defendants SJU and McConnell, Plaintiff argues the Court erred in dismissing his reverse race discrimination claims because it allegedly did not consider the case of *Phillips v. Starbucks Corp.*, 624 F.Supp.3d 530 (D.M.J. 2022), and because it allegedly "required" Plaintiff to allege a specific comparator. (ECF No. 119, p.8.) Plaintiff is incorrect on both counts. First, as to *Phillips*, the mere fact that this case was not specifically cited in the Court's opinion does not mean that it was overlooked. Further, this Court is not bound by *Phillips*, as it was decided by a different district court in a different district and is persuasive but certainly not precedential. Next, *Phillips* was decided on August 31, 2022, long before the May 16, 2023, oral argument in this matter, and was brought to the attention of this Court by Plaintiff after oral argument. It is clearly not a new law, nor is it a change in controlling law, and the Court was aware of it prior to deciding the motions in this matter. Lastly, *Phillips* is distinguishable from the instant matter because it was decided on summary judgment, not on a motion to dismiss as in this case. Also, Plaintiff is incorrect that the Court "required" him to allege a specific comparator. Rather, the Court's opinion discussed the factual inadequacies surrounding the comparator that Plaintiff did allege. Lastly, and perhaps most importantly, Plaintiff conveniently glosses over the fact that his reverse racism claim was dismissed for **two different reasons:** the vague and conclusory allegations regarding the treatment of employees of a different race, and also the fact that Plaintiff's claims were improperly based upon perceived racism, not race. Plaintiff's reconsideration of the dismissal of his reverse racism claim is denied, as the Court did in fact consider all relevant caselaw, and Plaintiff cannot and did not set forth any argument for reconsideration based upon the fact that his reverse racism claim was improperly based upon perceived racism, not race.

Next, Plaintiff requests reconsideration of the Court's dismissal of some of his defamation and false light claims. Reconsideration is denied as to all defamation and false light claims that were previously dismissed. Plaintiff can present no argument that the statements allegedly made by SJU and McConnell were capable of a defamatory meaning. As to the students' reports to SJU of Plaintiff's alleged conduct, Plaintiff argues that they were not judicially privileged because the investigation at issue was "not a Title IX investigation nor more generally any investigation pursuant to an administrative body . . . which is required for quasi-judicial privilege to apply." (ECF No. 199, p. 14.) Plaintiff is incorrect, as the privilege applies as long as the statements made were pertinent and material to an investigation and were made with an intent to initiate a quasi-judicial proceeding. *Fogel v. Univ. of the Arts*, 2019 WL 1384577 (E.D. Pa. Mar. 27, 2019). In the instant matter, all students clearly made reports to SJU with the intent to initiate an investigation and/or proceeding against Plaintiff. It is irrelevant whether that proceeding was a Title IX proceeding or some other sort of quasi-judicial proceeding. Accordingly, reconsideration is also denied as to all defamation and false light claims that were dismissed.

Lastly, Plaintiff requests leave of Court to file a Third Amended Complaint and attaches a draft of said proposed pleading to his motion. This proposed amended complaint contains approximately 107 paragraphs of newly alleged facts that are not, in fact, new to Plaintiff, and Plaintiff presents no argument for why these 107 paragraphs were not included in any of his previous versions of the complaint. "A party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). The Rule clearly states that "leave shall be freely given when justice so requires." *Id*. Nonetheless, the policy favoring liberal amendments is not unlimited. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir.1990). A Court has the discretion to deny a request to amend a complaint if "that amendment would cause undue delay, prejudice, or that amendment would be futile." Fed. R. Civ. P. 15(a)(2); *Winter Family Trust v. Queen*, 503 F.3d 319, 330-31 (3d Cir. 2007). *See also Smith v. Genesis Ventures I, LLC*, 2006 WL 3592330, at *2 (E.D. Pa. Dec. 8, 2006) (setting forth factors for the court to consider, including (1) plaintiff's undue delay, (2) plaintiff's bad faith, (3) plaintiff's dilatory motive, (4) repeated failure to cure deficiencies by amendments previously allowed[,] (5) undue prejudice to the defendants caused by the amendment, and (6) futility of amendment).

The question of undue delay requires the court to focus on the movant's reasons for not amending sooner, while "bearing in mind the liberal pleading philosophy of the federal rules." *Cureton v. Nat'l Collegiate Athletics Assoc.*, 252 F.3d 267, 273(3d Cir. 2001). Delay may "become[ ] 'undue,' and thereby create [ ] grounds for the district court to refuse leave [to amend], when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir.2008) (citing *Cureton*, 252

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

F.3d at 273). Moreover, "[t]actical decisions and dilatory motives may lead to a finding of undue delay." *Leary v. Nwosu*, 2007 WL 2892641, at *4 (E.D.Pa. Oct.2, 2007).

In the instant matter, Plaintiff's undue delay clearly warrants denial of his motion to amend. The original Complaint in this matter was filed on January 21, 2022. Plaintiff then filed an Amended Complaint on August 24, 2022. This Amended Complaint contained 63 new paragraphs, 2 new parties and 5 new counts. With permission of the Court, Plaintiff then filed a Second Amended Complaint on October 31, 2022.The Second Amended Complaint contained 9 new paragraphs, 1 less count and many, many additions. Plaintiff argued that this amendment was necessary because he had finally exhausted his administrative remedies, but in fact, this Second Amended Complaint included new allegations of wrongful termination in violation of public policy and reverse race discrimination. Plaintiff's proposed Third Amended Complaint includes approximately 107 new paragraphs and a new claim for vicarious liability against SJU. A review of the proposed Third Amended Complaint reveals that it contains no facts that would have been unknown to Plaintiff at the time of the filing of his Second Amended Complaint in October of 2022. Plaintiff does not dispute the fact that he was aware of all facts contained in his proposed Third Amended Complaint in October of 2022, nor does he provide any reason for the delay in requesting to file his Third Amended Complaint. In short, Plaintiff has provided no justification as to why the additional facts and claims contained in his proposed amendment could not have been pled earlier, nor any reason why his prior 3 versions of the complaint did not include this information. Therefore, the Court will deny Plaintiff's motion to amend.