IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY V. MANCO Ph.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 5:22-cv-00285-JLS |
| | : | |
| ST. JOSEPH'S UNIVERSITY, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____ 2024, upon consideration of the Motion for Sanctions of Defendants, Saint Joseph's University and Dr. Cheryl McConnell (the "Saint Joseph's Defendants"), and any response thereto, it is hereby **ORDERED** that the Saint Joseph's Defendants' Motion is **GRANTED**. **IT IS FURTHER ORDERED** that:

1. Plaintiff's Petition for Permission to Seek Interlocutory Appeal (doc. 146), the offending filing, is **STRICKEN**.

2. Plaintiff must seek pre-clearance and obtain permission from the Court before filing any pleadings, motions, or other documents with the Court in this matter.

3. Plaintiff shall pay the reasonable expenses incurred, including attorney's fees, caused by his failure to comply with the Court-issued Protective Order. (Doc. 138.)

4. Further violations of the Court-issued Protective Order (doc. 138) will result in additional sanctions under Federal Rule of Civil Procedure 37(b)(2)(A), including but not limited to: prohibiting the introduction of designated evidence, striking pleadings in whole or in part, or holding the disobedient party in contempt of court.

**BY THE COURT:**

_____
The Hon. Jeffrey L. Schmehl

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO Ph.D., | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 5:22-cv-00285-JLS |
| ST. JOSEPH'S UNIVERSITY, et al., | : |
| Defendants. | : |

**MOTION OF DEFENDANTS,
SAINT JOSEPH'S UNIVERSITY AND DR. CHERYL MCCONNELL,
FOR SANCTIONS AGAINST PLAINTIFF**

Defendants, Saint Joseph's University and Dr. Cheryl McConnell ("Dr. McConnell") (together, the "Saint Joseph's Defendants"), hereby move this Court, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), to impose sanctions on Plaintiff for violating the Court-issued Protective Order.  (Doc. 138.)  Such disclosure was done in knowing and willful violation of the Court's Order.  The bases for this Motion are set forth in the accompanying Memorandum of Law, which is incorporated by reference as if set forth at length herein.

1

2

**WHEREFORE**, the Saint Joseph's Defendants respectfully request that this Court grant their Motion for Sanctions against Plaintiff. A proposed order is attached.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date: September 18, 2024

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
Attorneys for Defendants,
Saint Joseph's University
and Dr. Cheryl McConnell

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO Ph.D., | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 5:22-cv-00285-JLS |
| ST. JOSEPH'S UNIVERSITY, et al., | : |
| Defendants. | : |

**MEMORANDUM OF LAW OF DEFENDANTS,
SAINT JOSEPH'S UNIVERSITY AND DR. CHERYL MCCONNELL,
IN SUPPORT OF THEIR MOTION FOR SANCTIONS AGAINST PLAINTIFF**

**I.   INTRODUCTION**

In brazen defiance of the parties' agreed-upon and Court-approved Protective Order (doc. 138), Plaintiff published materials conspicuously marked "Confidential" and "Attorneys' Eyes Only" ("AEO") onto the public docket. (Doc. 146.) For the reasons that follow, it is indisputable that Plaintiff willingly and knowingly violated the Court-issued Protective Order to continue litigating this case in the media rather than in the courtroom. Plaintiff's own words from three years ago plotting this exact maneuver condemn him. Prior warnings from the Court and the Saint Joseph's Defendants have failed to curtail Plaintiff's reckless conduct, making sanctions the only appropriate remedy.

**II.   FACTS**

Plaintiff's history of publishing FERPA-protected information (doc. 103) was one factor in the Saint Joseph's Defendants' need to seek a protective order, to ensure that Plaintiff would refrain from the conduct that necessitates this Motion. To that end, the Saint Joseph's Defendants sent Plaintiff a proposed protective order, whose terms were

1

accepted by Plaintiff and which was entered by this Court with the agreement of all counsel on May 31, 2024.  (Doc. 138.)

The Protective Order explicitly set forth the process for designating sensitive materials.  (Id. at Section VII.)  Parties could designate materials as "CONFIDENTIAL" or AEO if the underlying information contained, "non-public, confidential, proprietary, or commercial information not readily ascertainable through lawful means by the public."  (Id. at Sections VII.B and VIII.A.)  Materials so designated become, "Protected Materials."  (Id. at Section II.E.)  Section XI of the Protective Order, titled "Filing Protected Materials," states:

> In the event that a Party uses any Protected Materials in its motion, pleadings, or other documents filed with the Court, such use **shall** be made under seal. **A Receiving Party may not file or disclose in the public record any Protected Materials absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons.**

(Id. at XI (emphasis added).)

At issue in this case is Plaintiff's separation from the University and the University's investigation of complaints made against Plaintiff.  On July 2, 2024, the Saint Joseph's Defendants produced responsive documents containing the University's investigative report, its exhibits, and summary with a "CONFIDENTIAL" label and redactions made pursuant to FERPA.  (Exhibit 1, Undersigned Counsel's July 2, 2024 Email to Plaintiff's Counsel.)  Plaintiff issued a deficiency letter on July 25, 2024 asking for the materials to be unredacted.  (Exhibit 2, Plaintiff's Counsel's July 25, 2024 Deficiency Letter.)  The Saint Joseph's Defendants, mindful of Plaintiff's habit of publishing highly sensitive information, but interested in resolving this discovery dispute

2

ahead of the September 5 Status Conference with the Court, agreed to remove the redactions, but to mark the documents "CONFIDENTIAL" and AEO. (Exhibit 3, Undersigned Counsel's September 4, 2024 Letter to Plaintiff's Counsel.) The unredacted documents, marked "CONFIDENTIAL" and AEO, were produced to Plaintiff on September 4, 2024. (Exhibit 4, Undersigned Counsel's September 4, 2024 Email to Plaintiff's Counsel.) Plaintiff's counsel reported at the parties' Status Conference on September 5, 2024 that the issues raised in his discovery deficiency letter had been resolved.

On September 5, 2024, at 3:25 p.m., shortly following the parties' Status Conference, Plaintiff filed a Petition for Permission to Seek Interlocutory Appeal and included materials marked "CONFIDENTIAL" and AEO. (Doc. 146.) Plaintiff's filing devoted more than a page quoting directly from AEO-marked Investigative Summary. (Id. at pp. 8-9 of 16.)

Immediately after filing the Petition for Appeal, the Saint Joseph's Defendants received media requests asking about the published Protected Materials. (Exhibit 5, Broad + Liberty's September 5, 2024 Media Request to Saint Joseph's University; Exhibit 6, Broad + Liberty's September 5, 2024 Media Request to Undersigned Counsel.) Specifically, Saint Joseph's was contacted by Todd Shepherd of Broad + Liberty, with whom Plaintiff has been coordinating to litigate this matter in the media for years. (Id.)

Discovery to date has uncovered that Plaintiff maintains an open line of communication with Broad + Liberty to publish stories favorable to Plaintiff. (Exhibit 7, Plaintiff's March 2021 Emails, *passim*.) In fact, when Plaintiff was introduced to Mr.

3

Shepherd on March 4, 2021, Plaintiff was assured that "nothing has happened or will happen" with Broad + Liberty's reporting "without [Plaintiff's] **permission**." (Id. at P2338-2339.)  By March 6, 2021, Plaintiff did not remember whether he had sent Broad + Liberty FERPA-protected information:

> I will want to hang on to all those documents that you and Joe have, i.e., my full response to the complaint, and not share them with **Todd from B&L. At least not now.** The last thing I need is a FERPA violation. **Am I right that he doesn't have them?** (**If he does, it's on me**, I might have goofed by initially **telling you to send them over him.** But let me know so I can speak to him)

(Id. at P2251 (emphasis added).)  By March 18, 2021, Plaintiff told a colleague, "**And at some point, I'm gonna dump all of this in Todd Shepherd's (Broad and Liberty) lap.**" (Id. at P2140.)  True to his word, and in violation of the Court-issued Protective Order, Plaintiff made available to Broad + Liberty documents clearly marked confidential and AEO less than one day after receiving them. (Doc. 146.)  The filing contains direct quotes from documents marked AEO and references a former Saint Joseph's student who complained about Plaintiff. (Id. at pp. 8-9 of 16.)

The same day, the Saint Joseph's Defendants' counsel wrote to Plaintiff's counsel about the direct and blatant violation of the Court's Protective Order and requested that Plaintiff's counsel take all steps necessary to remove confidential and AEO materials from the public docket. (Exhibit 8, Undersigned Counsel's September 5, 2024 Email to Plaintiff's Counsel.)  Only after Saint Joseph's Defendants' counsel received no response and therefore were forced to bring this matter to the Court's attention did Plaintiff's counsel sent an apology to the Court for their disclosure in violation of the Protective Order and requested that the document be sealed. (Exhibit 9,

4

Plaintiff's Counsel's September 6, 2024 Letter.)  While the Court granted the Plaintiff's request to seal the Petition for Appeal (doc. 147), the damage had already been done.  Plaintiff and/or his counsel already had successfully alerted their media contact, who had published the entirety of Plaintiff's filing online.  (Exhibit 10, Broad + Liberty's September 6, 2024 Article, filed under seal.)

Significantly, this Court previously warned Plaintiff about publishing FERPA-protected information on the public docket.  (Doc. 103 at ¶ 3 ("Plaintiff is warned not to file any FERPA-protected material to the public docket in the future" and directing Plaintiff: "If Plaintiff wants to use further FERPA-protected information in future filings, he will redact the student information from the public filing and file an additional copy of the relevant pleading under seal.").)

### III.     ARGUMENT

#### A.     Legal Standard

Courts may issue protective orders to impose restrictions on the scope of discovery under Federal Rule of Civil Procedure 26(c).  The Rule permits such restrictions where necessary "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Parties who violate Court-issued protective orders are subject to sanctions under Federal Rule of Civil Procedure 37(b)(2)(A).  <u>Grant Heilman Photography, Inc. v. Pearson Educ., Inc.</u>, No. 11-4649, 2018 U.S. Dist. LEXIS 88835, at *6 (E.D. Pa. May 29, 2018).  The list of sanctions, though not exhaustive, includes: (1) prohibiting the disobedient party from supporting or opposing designated claims, (2) striking pleadings in whole or in part, and (3) treating as contempt of court the failure to obey any order.  <u>State Farm Mut. Auto. Ins. Co. v. New</u>

Horizont, Inc., 250 F.R.D. 203, 206 (E.D. Pa. 2008) (citing Fed. R. Civ. P. 37(b)(2)(A)).

A court evaluating Rule 37 sanctions must consider and balance the (1) willfulness and bad faith of the disobeying party; (2) prejudice to the moving party; and (3) effectiveness of lesser sanctions.  Coleman v. Sears, Roebuck & Co., 221 F.R.D. 433, 436 (W.D. Pa. 2003) (citing Estate of Spear v. IRS, 41 F.3d 103, 111 (3d Cir. 1994)).  Considering these factors is a "balancing exercise" so that where there is proof of a continuing pattern of extreme bad faith, it can outweigh the other factors.  Spear v. Comm'r, 41 F.3d 103, 111 (3d Cir. 1994).

### B. Plaintiff and his Counsel's Intentional Violation of the Court-Issued Protective Order Warrants the Imposition of Sanctions.

#### 1. Plaintiff and his Counsel Intentionally Violated the Protective Order.

Sanctions against Plaintiff and his counsel are appropriate based on their willful violation of the Court-issued Protective Order.  (Doc. 146)  As a threshold matter, Plaintiff and his counsel cannot plead ignorance about complying with the Protective Order because Plaintiff's Third Amended Complaint was filed under seal.  (Doc. 119.)  In other words, Plaintiff understood his obligation to file sensitive materials under seal, just as he understood this Court's crystal-clear November 8, 2023 warning not to file FERPA-protected materials again.  (Id.; doc. 103.)  Accordingly, the conduct under review by this Court can only be characterized as deliberate.  Coleman, 221 F.R.D. at 436 (considering willfulness and bad faith as factors for imposing sanctions).

Plaintiff's violation of the Court-issued Protective Order was part of a scheme that began over three (3) years ago.  (Exhibit 7, *passim*.)  Months before Plaintiff filed his initial Complaint (doc. 1), Plaintiff was already coordinating with media outlets to litigate this case outside of the courtroom.  (Id. at P2338-2339.)  He was told that "nothing

6

[would] happen" without his permission.  (Id.)  Knowing this, Plaintiff soon lost track of the materials, including sensitive documents, he was sending to media outlets like Broad + Liberty.  (Id. at P2251.)  Regardless, as of March 18, 2021, he was already planning to "dump all of this in Todd Shepherd's (Broad and Liberty) lap."  (Id. at P2140.)  However, even with the benefit of counsel to advise him, the Saint Joseph's Defendants repeated warnings about publishing sensitive information (doc. 65; Exhibits 3-4), and this Court's admonitions (doc. 103), Plaintiff pressed forward.  It is further telling that the Saint Joseph's Defendants' September 4, 2024 letter to Plaintiff's Counsel referenced Plaintiff's "past reckless/intentional use of [FERPA]" information and stated that Plaintiff's conduct provided no assurances that he could "be trusted to view, let alone possess, sensitive FERPA-protected information."  (Ex. 3 at p. 1.)

### 2. The Saint Joseph's Defendants Suffered Immediate and Irreparable Prejudice.

The intended prejudice caused by Plaintiff's violation of the Court-issued Protective Order was immediate and irreparable.  In fact, Broad + Liberty's media requests came only hours after Plaintiff filed the Petition.  (Exhibits 5-6.)  On September 6, 2024, Broad + Liberty published a story that not only quotes directly from the confidential and AEO-marked materials, but makes Plaintiff's filing available for download by the general public.  (Exhibit 10, filed under seal).)  At a minimum, the documents are within Broad + Liberty's possession, along with any other media outlets with whom Plaintiff coordinates and anyone who downloaded the filing.  Moreover, the confidential and AEO-marked documents were publicly available on the docket for an entire day.  As such, the effects of Plaintiff's violations are great and will continue to materialize.

### 3. Nothing Short of Requiring Plaintiff to Pre-Clear Filings Will Curb His Intentional, Bad Faith Conduct.

The Saint Joseph's Defendants ask that Plaintiff be required to obtain permission from the Court before filing any pleadings, motions, or other documents in this case. State Farm Mut. Auto. Ins. Co, 250 F.R.D. at 206 (noting that the list of available sanctions under Rule 37 is not exhaustive).  Plaintiff has proven that he cares more to litigate this case in the media than to safeguard the sensitive nature of documents shared with him.  A lesser sanction will not suffice as Plaintiff has flouted the repeated warnings by the Court and the Saint Joseph's Defendants.  (Docs. 65 and 103; Exhibits 3-4; Coleman, 221 F.R.D. at 436 (considering whether a lesser sanction would suffice).) Moreover, the overwhelming evidence that Plaintiff knowingly and intentionally violated the Court-issued Protective Order militates in favor of this sanction.  Spear, 41 F.3d 103, 111 (noting that proof of continuing bad faith can outweigh the other Coleman factors).  Finally, the Saint Joseph's Defendants ask that Plaintiff be required to pay the fees and costs associated with seeking sanctions against him, as well as attorney's fees incurred by his failure to comply with the Court-issued Protective Order.  (Doc. 138.)

## IV.     CONCLUSION

For the foregoing reasons, the Saint Joseph's Defendants respectfully request that this Court grant their Motion for Sanctions and impose sanctions on Plaintiff as outlined in the attached proposed order.

Respectfully submitted,

Date: September 18, 2024                **TUCKER LAW GROUP, LLC**

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esq.
David J. Carcamo, Esq.
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Counsel for Defendant, Saint Joseph's University and Cheryl McConnell*

## CERTIFICATE OF SERVICE

I, Leslie Miller Greenspan, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing document to the following counsel of record via the Court's electronic filing system:

| | |
|---|---|
| Joseph M. Toddy, Esquire<br>John McAvoy, Esquire<br>Scott Zlotnick, Esquire<br>**Zarwin Baum DeVito Kaplan Schaer Toddy, P.C.**<br>One Commerce Square<br>Philadelphia, PA 19103<br><br>*Attorneys for Plaintiff* | Kristen Lizzano, Esquire<br>**MARCH, HURWITZ & DEMARCO**<br>1100 North Providence Road<br>Media, PA 19063<br>*Counsel for Defendant,*<br>*Lynly Carman* |
| Robert Drake, Esquire<br>**DRAKE SPECIALE LLC**<br>221 Chestnut Street, Suite 200<br>Philadelphia, PA 19106<br><br>*Counsel for Defendant,*<br>*Dr. Susan Liebell* | Deniz Uzel Reilly, Esquire<br>Jack O'Connor, Esquire<br>**FISHER & PHILLIPS LLP**<br>Two Logan Square, 12th Floor<br>100 N. 18th Street<br>Philadelphia, Pennsylvania 19103<br><br>*Counsel for Defendants*<br>*Hadassah Colbert, Kiernan Loue,*<br>*Karleigh Lopez, Erin Fahey, &*<br>*Corrine McGrath* |

**TUCKER LAW GROUP, LLC**

Dated: September 18, 2024

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esq.