## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GREGORY V. MANCO, Ph.D., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 5:22-CV-00285 |
| | : | |
| ST. JOSEPH'S UNIVERSITY, | : | |
| HADASSAH COLBERT, KIERNAN | : | |
| LOUE, LYNLY CARMAN, KARLEIGH | : | |
| LOPEZ, ERIN FAHEY, CORRINE | : | |
| MCGRATH AND DR. CHERYL | : | |
| MCCONNELL | | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____ 2024, upon consideration

of Defendants Saint Joseph's University and Dr. Cheryl McConnell's Motion for Sanctions, and

Plaintiff's response in opposition thereto, it is hereby **ORDERED** that the motion is Denied and

Dismissed, with prejudice.

BY THE COURT:

_____

S.J.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO, Ph.D., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    CIVIL ACTION NO. 5:22-CV-00285 |
| | : |
| ST. JOSEPH'S UNIVERSITY, | : |
| HADASSAH COLBERT, KIERNAN | : |
| LOUE, LYNLY CARMAN, KARLEIGH | : |
| LOPEZ, ERIN FAHEY, CORRINE | : |
| MCGRATH AND DR. CHERYL | : |
| MCCONNELL | : |
| | : |
| Defendants. | : |

### PLAINTIFF GREGORY V. MANCO, PH.D'S OPPOSITION TO DEFENDANTS SAINT JOSEPH'S UNIVERSITY AND DR. CHERYL MCCONNELL'S MOTION FOR SANCTIONS

Plaintiff, Gregory V. Manco, Ph.D., by and through his undersigned counsel, hereby submits this response in Opposition to Defendants Saint Joseph's University and Dr. Cheryl McConnell's Motion for Sanctions (Doc. 149). For the reasons discussed more fully in the Memorandum of Law attached hereto and incorporated herein by reference, Plaintiff respectfully requests that this Honorable Court enter the attached Order denying Defendants Saint Joseph's University and Dr. Cheryl McConnell's Motion for Sanctions.

Respectfully submitted,

**ZARWIN, BAUM, DeVITO,
KAPLAN, SCHAER & TODDY, P.C.**

_____/s/_____
JOHN P. MCAVOY, ESQ.
Attorneys for Plaintiff

Dated: October 1, 2024

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREGORY V. MANCO, Ph.D., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 5:22-CV-00285 |
| | : |
| ST. JOSEPH'S UNIVERSITY, | : |
| HADASSAH COLBERT, KIERNAN | : |
| LOUE, LYNLY CARMAN, KARLEIGH | : |
| LOPEZ, ERIN FAHEY, CORRINE | : |
| MCGRATH AND DR. CHERYL | : |
| MCCONNELL | |
| | : |
| Defendants. | : |

**PLAINTIFF GREGORY V. MANCO, PH.D'S OPPOSITION TO DEFENDANTS SAINT
JOSEPH'S UNIVERSITY AND DR. CHERYL MCCONNELL'S MOTION FOR
SANCTIONS**

Plaintiff Gregory V. Manco, Ph.D. ("Plaintiff" or "Dr. Manco"), by and through his
attorneys, Zarwin Baum DeVito Kaplan Schaer Toddy, PC, respectfully submits this
Memorandum of Law in support of Plaintiff's Response in Opposition to Defendants, St. Joesph's
University ("SJU") and Dr. Cheryl McConnell's ("Dr. McConnell") Motion for Sanctions. (Doc.
149).

## I. <u>INTRODUCTION</u>

Without a shred of evidence, Defendants SJU and Dr. McConnell ("Moving Defendants")
allege that Plaintiff and his counsel willfully disobeyed the Protective Order entered on May 31,
2024. (Doc. 138). Moving Defendants rely on two emails Plaintiff sent over three years ago, well
before the Protective Order was in effect and prior to the initiation of this lawsuit, to support their
allegations. Their false assumptions make it appear as though Plaintiff's counsel lied to this
Honorable Court when informing them of the inadvertent disclosure contained within their Petition

1

for Permission to Seek Interlocutory Appeal (Doc. 146). As outlined below, Plaintiff's counsel took the necessary steps of informing the Court of the inadvertent disclosure and did not wait until after Moving Defendants wrote a letter to the Court as they contend. In turn, Moving Defendants seek numerous sanctions against Plaintiff, including striking Plaintiff's Petition for Permission to Seek Interlocutory Appeal and Plaintiff needing to seek permission from the Court before filing any document moving forward. For the reasons that follow, Plaintiff respectfully asks this Court to deny Moving Defendants Motion.

## II.    **FACTS**

The parties entered into a Protective Order on May 31, 2024. (Doc. 138). Under the "Purposes and Limitations" section, it states:

> The parties acknowledge that this Protective Order does not govern all disclosures in this Litigation. Designations under this Protective Order shall be made with care and must be made with a good faith belief that the designated materials satisfy the criteria outlined in this Order.

*Id.*, p.1. Within the Protective Order, the only defined document that the parties agreed to mark as confidential was information protected under the Family Education Rights and Privacy Act ("FEPRA"). *Id.*, p.7. Noticeably absent is any explicit reference to the External Investigation Report regarding Dr. Manco. However, when the document was received by Plaintiff's counsel, it was marked as Confidential, including documents that Plaintiff himself had provided to the external investigator.

Following the Status Conference held on September 5, 2024, where this Court praised the parties for working together to conduct discovery without the need for court intervention, Plaintiff filed a Petition for Permission to Seek Interlocutory Appeal (Doc. 146). Shortly thereafter, Plaintiff's counsel realized that the document contained certain material that was covered under the Protective Order. However, as the realization was made in the late afternoon, Plaintiff's

2

counsel could not speak with someone at the Court until the following morning to alert them of the inadvertent disclosure since chambers was closed for the evening.

However, that evening, without the courtesy of a phone call, Plaintiff's counsel received an email from Moving Defendants counsel accusing them, without any proof, that they had intentionally included the materials covered under the Protective Order in their filing. Had Moving Defendant's counsel called Plaintiff's counsel, the issue could have been resolved. Plaintiff's counsel would have informed Moving Defendants counsel that they would be contacting the Court the following morning to inform them of the inadvertent disclosure and to seek the Court's guidance on how to seal the document.

And that is precisely what Plaintiff's counsel did. Despite Moving Defendants contentions, Plaintiff's counsel called chambers on the morning of September 6, 2024 to ask the Court whether it wanted a letter from Plaintiff's counsel filed on the docket or sent via email regarding the inadvertent disclosure. Once Plaintiff's counsel was informed that they should submit a letter via email, Plaintiff's counsel prepared a letter to be submitted. However, before it could sent, Moving Defendants counsel emailed a letter to the Court. About 10 minutes later, Plaintiff's counsel submitted their letter to the Court wherein they apologized to the Defendants and the Court for any inconvenience that they inadvertent disclosure had caused. (Exhibit 1). Despite that, Moving Defendants allege that Plaintiff's counsel lied to the Court when submitting said letter and argue that the inclusion of the materials was intentional so Plaintiff could litigate this matter through the media.

### III.   <u>ARUGMENT</u>

#### A.   <u>Legal Standard</u>

A protective order is "intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d. Cir. 2019) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d. Cir. 1994)). The proponent of the protective order "shoulders the burden of justifying the confidentiality of each and every document to be sealed." *Id.* "Substantial compliance with a court order is a defense to an action for civil contempt. . . . If a violating party has taken all reasonable steps to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt." *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d. Cir. 1994) (quoting *General Signal Corp. v. Donallco, Inc*., 787 F.2d 1376, 1379 (9th Cir. 1986)).

**B.      Plaintiff's Disclosure was Inadvertent and Does Not Warrant Sanctions**

**1.      Plaintiff's Disclosure was Inadvertent**

As Moving Defendants acknowledge in their Motion, Plaintiff was aware of the restrictions of the Protective Order as their proposed Third Amended Complaint was filed under seal. (Doc. 119). In the context of their Petition for Permission to Seek Interlocutory Appeal, the protected material represented a small portion of Plaintiff's argument. The filing of the material was an oversight and was not done intentionally, despite Moving Defendants beliefs.

Moving Defendants argue that Plaintiff's disclosure was deliberate due to Dr. Manco "maintain[ing] an open line of communication with Broad + Liberty to publish stories favorable to Plaintiff." (Doc. 149, p.3). Todd Sheppard is a reporter for Broad + Liberty who has reported on this case from the outset. Like many reporters do, Mr. Sheppard continues to report on this matter intermittently to update his readers on the status of litigation. However, a search of the Broad + Liberty's website shows a total of three (3) articles written about Dr. Manco in the last

two years, which hardly represents an "open line of communication" as Moving Defendants argue. A reporter taking a vested interest in a story does not mean that Plaintiff, nor his attorneys, would risk jeopardizing this matter or their reputations by intentionally leaking protected materials.

Moving Defendants also mischaracterize their response to Plaintiff's July 25, 2024 Discovery Deficiency Letter, wherein Plaintiff sought a privilege log for the many unwarranted redactions, including documents that Plaintiff himself produced, in the SJU External Investigation Report that was provided to Plaintiff on July 2, 2024. (Doc. 149, Ex. 2). Moving Defendants provided the unredacted SJU Investigation Report in response to said letter since they had no basis for the redactions. Moving Defendants are twisting the facts to make it appear Plaintiff sought the unredacted version of the SJU External Investigation Report for the sole purpose of leaking it to the media when there is no evidence to support that assertion.

### 2. Moving Defendants Did Not Suffer Irreparable Prejudice

The SJU External Investigation Report is at the center of this case. It has always been Plaintiff's position that the report exonerates him of the bias allegations made against him as demonstrated by the Operative Complaint. Despite Moving Defendants discussing some particulars of the investigation report more than three (3) years ago, which is discussed below, they now claim that they suffered "irreparable prejudice" when Plaintiff inadvertently disclosed certain materials covered in the Protective Order. Further, Moving Defendants allege the harm was not just based on the filing, but also insinuate that Plaintiff leaked the entire Investigation Summary to media outlets, which is not true. Again, Moving Defendants impugn not only Plaintiff's reputation by making these false allegations, but also Plaintiff's counsel.

Despite that, it is Moving Defendants who believe that they have suffered irreparable harm when, for more than three years, Dr. Manco has lived with the public at large, including his own

students, thinking that he shows bias inside of his classroom. Moving Defendants appear much more concerned about their public perception than the truth surrounding Dr. Manco's termination. Other than the email from Todd Sheppard, Moving Defendants cite to no other media outlet that contacted them regarding the inadvertent disclosure.

Additionally, Moving Defendants arguments regarding FERPA serve no purpose. The materials at issue included in Plaintiff's Petition for Permission to Seek Interlocutory Appeal are not covered under FERPA. While Plaintiff acknowledges the Court's prior ruling on FERPA, that ruling has nothing to do with the present issue. Moving Defendants appear insistent on using FERPA as a shield to protect themselves from any harmful information that supports Plaintiff's position, regardless of whether or not FERPA actually covers it, being included in any of Dr. Manco's filings.

### 3.    SJU Publicly Disclosed Information Contained in the Protective Order

Moving Defendants argue that Plaintiff violating the Protective Order was "part of a scheme that began over three (3) years ago" that was meant to litigate this matter outside of the courtroom (Doc. 149, p.6). However, Moving Defendants conveniently fail to mention that they were the first party to go to the media to discuss the allegations made against Plaintiff. On February 23, 2021, The Hawk, SJU's student newspaper, published an article regarding SJU placing Plaintiff on paid leave. (Exhibit 2). Within that article were multiple quotes from Gail Benner, who at the time was SJU's interim chief marketing and communications officer and director of PR and Media.

As depositions have yet to take place and due to SJU failing to produce the requested information in discovery, what is unknown to Plaintiff is why the school newspaper felt it was appropriate to publish this story. Importantly, Plaintiff does not know whether or not other SJU employees had bias complaints submitted against them and how the school handled them. Should

other bias reports have been received by SJU prior to the ones submitted against Dr. Manco, Plaintiff will explore why those reports and the subsequent investigations were not made public by the school newspaper.

Further, on May 21, 2021, SJU, in a statement provided by Ms. Benner to Todd Sheppard of Broad + Liberty, the same reporter that they alleged Plaintiff conspired with to "litigate this case outside of the courtroom," SJU stated:

Hi Todd,

The University received more than a dozen reports of alleged bias or discriminatory conduct in the classroom and on social media submitted by current and former students. The University's policies obligate and guide its response to these reports. A thorough review and investigation, conducted by an independent third-party, considered the totality of the information gathered and assessed the submitted reports, which allege bias or discriminatory activity from four years ago through this year.

The potential outcomes of an investigation include a finding of more likely than not that a violation of policy occurred, a finding of more likely than not that a violation of policy did not occur, or no determination could be made. In this case, a definitive determination could not be made due to insufficient evidence.

As an institution of higher education, Saint Joseph's will continue to prioritize fostering a safe learning environment and the exchange of ideas is integral to this effort. We support the rights of our campus community to express their opinions in a respectful and responsible manner that furthers our commitment to a diverse and inclusive community, strengthened intellectually and socially by the range of knowledge, opinions, beliefs, perspectives, identities, and backgrounds of its members. Furthermore, we encourage our community to report concerns of bias, discrimination and harassment so that the University can address the issues promptly and according to existing policies.

Thank you, Gail

**Gail Benner** (She/Her)
Interim Chief Marketing and Communications Officer
Director of Public Relations and Media
Office of Marketing and Communications
Saint Joseph's University

This statement led to a claim of false light against Moving Defendants, which survived their Fed. R. Civ. P. 12(b)(6) Motions to Dismiss.  Despite SJU leaking important details regarding the school's investigation into Dr. Manco, namely the number of reports received and their perceived outcome of the investigation, SJU takes issue with Dr. Manco going to the media in order to publicly clear his name since SJU has been unwilling to do so for more than three (3) years.

However, when making their statement to the media, it appears SJU may have violated their own internal policies and procedures regarding disclosing the details of an external investigation. SJU's website contains a statement from July 6, 2015 regarding an independent external investigators findings into hazing allegations made by members of the SJU softball team under the University's Policy Prohibiting Discrimination, Harassment and Retaliation, the same policy in which they dismissed Dr. Manco. It reads, in relevant part:

> An independent external investigator appointed by SJU in late spring has concluded there were no violations of the University's Policy Prohibiting Discrimination, Harassment and Retaliation by members of the coaching staff in the ongoing women's softball matter…Neither the policies nor applicable privacy interests of the parties involved allow Saint Joseph's to disclose details of the internal or external reviews or sanctions upon individuals.

(Exhibit 3). This statement, compared to the May 21, 2021 media statement regarding Dr. Manco, contradict each other. Plaintiff will explore during depositions what changed in the six years in between the two statements, as SJU was very clear when releasing the media statement regarding the SJU softball investigation that no violations occurred and that they were not permitted to disclose details of the external investigation. Despite that, in this instance, SJU felt it was appropriate to share that they had received 12 bias complaints of alleged bias or discriminatory conduct in the classroom and on social media over a period of four years regarding Dr. Manco.

Based on the sanctions which Moving Defendants seek to impose, it is clear that they want to continue to control their narrative surrounding their wrongful termination of Dr. Manco and want to preclude him from publicly filing any document to rebut whatever claims they make in their moving papers. As the above demonstrates, and as will be explored during depositions, Plaintiff wants to understand why his investigation was treated so differently from other public situations at SJU. By not allowing Dr. Manco to freely file documents in this matter and to prevent

him from including evidence that would exonerate him in his public filings, SJU is stripping Dr. Manco of his First Amendment rights.

**4.    The Sanctions Moving Defendants Seek to Impose Are Unwarranted**

As a result of Plaintiff's inadvertent disclosure, Moving Defendants ask that this Court order that Plaintiff seek Court permission before filing any document, to strike Plaintiff's Petition to Seek Interlocutory Appeal, and to impose monetary sanctions. In doing so, they cite to no case law that supports Plaintiff needing to seek Court permission to file documents and to strike their Petition to Seek Interlocutory Appeal, only citing to a general proposition that the list of available sanctions is not exhaustive.

"The court has broad discretion regarding the type and degree of sanctions it can impose, but sanctions must be just and related to the claims at issue." *Styer v. Frito-Lay, Inc*., No. 1:13-CV-833, 2015 U.S. Dist. LEXIS 33466, at *8 (M.D. Pa. March 18, 2015) (Carlson, J.). Plaintiff informed the Court of their inadvertent disclosure as soon as possible on the morning of September 6, 2024 given the time of the day that the disclosure was discovered on September 5, 2024. Plaintiff admitted that the disclosure was inadvertent and did not attempt to argue otherwise.

Despite this, Moving Defendants want to impose sanctions which prevent Plaintiff from clearing his name through this litigation. By not permitting Plaintiff to freely file documents with certain evidence attached that would exonerate him, Moving Defendants want to continue to allow the public to think that Dr. Manco exhibits bias inside of his classroom. As this lawsuit is the only mechanism for Dr. Manco to clear his name, he should not be restricted in what he is allowed to file. Further, the inadvertent disclosure does not warrant striking Plaintiff's Petition to Seek Interlocutory Appeal. Moving Defendants have failed to demonstrate the significant prejudice they allege and as a result, the sanctions they seek to impose are not warranted.

## IV.    <u>CONCLUSION</u>

For all these reasons, Plaintiff respectfully requests that this Honorable Court deny Moving

Defendants Motion for Sanctions.

Respectfully submitted,

**ZARWIN, BAUM, DeVITO,
KAPLAN, SCHAER & TODDY, P.C.**

<u>            /s/                    </u>
JOSEPH M. TODDY, ESQ.
JOHN P. MCAVOY, ESQ.
SCOTT ZLOTNICK, ESQ.
2005 Market Street, 16th Floor
Philadelphia, PA  19103
215.569.2800; Fax  215.569.1606
Attorneys for Plaintiff
jmtoddy@zarwin.com
jmcavoy@zarwin.com
szlotnick@zarwin.com

Dated:  October 1, 2024

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREGORY V. MANCO, Ph.D., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 5:22-CV-00285 |
| : | |
| ST. JOSEPH'S UNIVERSITY, : | |
| HADASSAH COLBERT, KIERNAN : | |
| LOUE, LYNLY CARMAN, KARLEIGH : | |
| LOPEZ, ERIN FAHEY, CORRINE : | |
| MCGRATH AND DR. CHERYL : | |
| MCCONNELL : | |
| : | |
| Defendants. : | |

I, John P. McAvoy, Esq., hereby certify that I made the following document available to all counsel of record via this Court's ECF System.

**ZARWIN, BAUM, DeVITO,
KAPLAN, SCHAER & TODDY, P.C.**

_____/s/_____
JOHN P. MCAVOY, ESQ.
2005 Market Street, 16th Floor
Philadelphia, PA 19103
215.569.2800; Fax 215.569.1606
jmcavoy@zarwin.com
Attorneys for Plaintiff

Dated: October 1, 2024