

March 11, 2025

**VIA ECF**
The Honorable Jeffrey L. Schmehl
United States District Judge
The Gateway Building
201 Penn Street, Suite 518
Reading, PA 19601

      **RE:**    Manco v. Saint Joseph's University, et. al.,
              E.D. Pa No: 5:22-cv-00285-JLS

Dear Judge Schmehl:

      Pursuant to the Court's Order dated March 6, 2025 (doc. 175), please consider this letter as Defendants' joint position in response to Plaintiff's new request for a stay of proceedings pending an interlocutory appeal. This letter supplements Defendants' joint submission in opposition to Plaintiff's Petition, which was filed with the Court on October 4, 2024 (doc. 153).

      Significantly, Plaintiff has not articulated any reason why he did not previously request a stay of this litigation. To the contrary, since the time of filing his Petition for Permission to Seek Interlocutory Appeal on September 5, 2024 (doc. 146), Plaintiff has sought to plow ahead with discovery and keep this litigation moving forward. In fact, Plaintiff stated in his Petition: "Plaintiff wants this case to move forward as much, if not more, than any of the other parties and thus is not requesting a stay pending appeal." (Id. at 16.) Defendants have already expended significant time and resources on litigating the Motions to Dismiss the Second Amended Complaint (docs. 61-64, 66-68, 82-86, 88-89, 99, 101, 112, 126), filing Answers to the Second Amended Complaint (docs. 113-117, 124, 145), and litigating Plaintiff's attempt to amend his Complaint for a third time with facts that were known to him over the past two years (docs 128-129).

      Now, all of a sudden, and after completing the bulk of discovery, aggressively pursuing multiple sets of supplemental discovery requests on all Defendants, and collecting a large amount of documents and witness testimony – including confidential information – Plaintiff does an "about face" to request a stay pending an interlocutory appeal. (A list of the depositions taken, scheduled, and to be scheduled is attached as Exhibit 1. All of the depositions have occurred since the filing of Plaintiff's Petition and prior to Plaintiff's recent request for a stay.) The appeal may take years to play out. Whether the Third Circuit agrees with Plaintiff's position or not, staying this case does not advance the ultimate litigation – one of the three criteria Plaintiff must prove to obtain permission for an interlocutory appeal. A stay in the proceedings weighs in favor of denying Plaintiff's Petition because the requested stay in the proceedings will ***not***

The Honorable Jeffrey L. Schmehl
March 11, 2025
Page 2

materially advance the ultimate termination of this litigation. A stay will not eliminate (i) the need for trial, (ii) complex issues for trial, or (iii) issues that would make discovery more costly or burdensome. To the contrary, a years-long stay will only prolong the case and unnecessarily prolong the discovery period beyond that which is necessary. If Defendants had known that Plaintiff was seeking a stay of this litigation, significant time and expense could have been avoided by all parties.

Defendants oppose Plaintiff's new request for a stay of proceedings. Plaintiff has failed to demonstrate that exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of final judgment. See Nat'l Med. Imaging, LLC v. United States Bank, N.A., No. 22-3744, 2022 U.S. Dist. LEXIS 203924 (E.D. Pa. Nov. 9, 2022) (finding stay is inappropriate where a delay would be harmful to both parties because relevant facts go back a decade and human recollection is not infinite); United States v. Pfizer, Inc., No. 05-6795, 2017 U.S. Dist. LEXIS 96291 (E.D. Pa. June 22, 2017) (finding stay is appropriate where the resolution of the interlocutory appeal may eliminate complex issues and make discovery easier and less costly for the parties); Larry Pitt & Assocs. v. Lundy Law, LLP, No. 13-2398, 2015 U.S. Dist. LEXIS 184375 (E.D. Pa. June 15, 2015) (denying a stay request because "[a] stay would significantly delay the progress of this case.").

As a threshold matter, for the reasons set forth in Defendants' joint opposition to the motion for interlocutory appeal, Plaintiff has failed to establish the three necessary criteria for granting interlocutory appeal. A stay only prejudices Defendants, in that employees change jobs, alumni move away, and memories fade. To date, Plaintiff has significantly benefitted from the strategic advantage of holding the discovery deadline over the heads of the Defendants, along with his unambiguous intent to pursue discovery and litigate this matter, all while pursuing his interlocutory appeal.

Meanwhile, Plaintiff has tried litigating this case in the media and seeks to continue to do so. As recently as last week in Court, Plaintiff stated, through his counsel, his desire to continue litigating this case in the media. Plaintiff should not be given the benefit of a pause of the instant proceedings, while holding a slew of confidential University material and having already proven his willingness to disclose such confidential information in violation of this Court's Protective Order. (See pending Motion for Sanctions (doc. 149)[1].)

---

[1] In their Motion for Sanctions (doc. 149), the Saint Joseph's Defendants requested that Plaintiff's Petition be stricken for violating the Court's Protective Order and including confidential, attorneys' eyes only information.

The Honorable Jeffrey L. Schmehl
March 11, 2025
Page 3

Accordingly, Defendants oppose Plaintiff's request to stay the proceedings pending the requested interlocutory appeal.

Respectfully submitted,

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan

cc: All Counsel of Record (via ECF)