IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO, Ph.D., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 5:22-CV-00285 |
| ST. JOSEPH'S UNIVERSITY, HADASSAH COLBERT, KIERNAN LOUE, LYNLY CARMAN, KARLEIGH LOPEZ, ERIN FAHEY, CORRINE MCGRATH AND DR. CHERYL MCCONNELL | : |
| Defendants. | : |

**REPLY BRIEF IN SUPPORT OF THE PETITION OF PLAINTIFF GREGORY V. MANCO, Ph.D. FOR PERMISSION TO SEEK INTERLOCUTORY APPEAL**

I.   **INTRODUCTION**

Plaintiff, Gregory V. Manco, Ph.D. ("Plaintiff" or "Dr. Manco"), pursuant to 28 U.S.C. § 1292(b), has sought the Court's leave for an interlocutory appeal of the Court's Orders relating to: (1) the Court's dismissal with prejudice of Plaintiff's conspiracy claims against Defendants; and (2) the Court's subsequent denial of Plaintiff's request for reconsideration and/or leave to amend Plaintiff's complaint as to the conspiracy claims. *See* Doc 106.  Plaintiff has requested that this Court stay the proceedings pending their interlocutory appeal.[1]

---

[1] The Court will recall that plaintiff's counsel requested a stay pending appeal at the March 6, 2025 oral argument on the motion for leave to take an interlocutory appeal. Further, even "apart from the Federal Rules of Civil Procedure, federal courts are empowered to temporarily stay the execution of their judgments whenever it is necessary to accomplish the ends of justice."; *Reefco Servs., Inc. v. Gov't of the V.I.*, 2018 U.S. Dist. LEXIS 199507, at *10 (D.V.I. Nov. 26, 2018).

1

Defendants oppose that request, but offer only generic, irrelevant and unpersuasive reasons for doing so. (Doc 176). We address these reasons in this reply brief.

## II. STANDARD OF REVIEW

In *Clarity Sports International LLC v. Redland Sports*, 400 F. Supp. 3d 161, 182 (M.D. Pa. Sept. 4, 2019) (Kane, J.), the Court discussed the following considerations when determining whether to stay litigation in the Third Circuit:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
> (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party;
> (3) whether a stay would simplify the issues and the trial of the case; and
> (4) whether discovery is complete and/or a trial date has been set.

*Id.* (citing *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (internal quotations omitted).

## III. DISCUSSION

No party disputes that there is split in the Eastern District of Pennsylvania as to the proper test to be applied relative to Plaintiff's conspiracy claim. As set out in our principal brief at pp. 13-15, some judges in this District apply "the sole motive" test, meaning the plaintiff must allege and prove that defendant's sole motive for its action was a malicious one, namely it took the described action solely to harm the plaintiff. Other judges in the District apply a "mixed motive" test, meaning that a plaintiff can prevail on a conspiracy claim even if the defendant was motivated by a permissible basis for its action, along with a malicious, impermissible one.[2]

Here, the Court adopted the first test and dismissed with prejudice Plaintiff's conspiracy claims based upon the "sole motive" test. While Plaintiff believes that the Court was incorrect in adopting that test, the Court then compounded that error when it failed to grant Plaintiff leave to

---

[2] *See* Plaintiff's Memorandum in Support of Petition at 13-15.

replead the Complaint in accordance with the standard adopted by the Court. As this matter now involves "controlling issues [in this case] as to which there are substantial grounds for difference of opinion… an immediate appeal will materially advance this action." *See* 28 U.S.C.§1292 (a)(b).

In opposing Plaintiff's request for a stay pending an interlocutory appeal, Defendants focus on issues that are neither dispositive nor relevant. Plainly, Plaintiff acted promptly in raising the District's split of authority with the Court. However, it was only when the Court denied Plaintiff's Motion for Reconsideration of the dismissal, which included the *Twombly/Iqbal* issues, that the matter truly became ripe. If, for example, the Court had granted reconsideration and allowed Plaintiff to replead in accordance with *Twombly*, this issue would largely have become moot.[3]

With respect to Section 1292(b), an immediate appeal will not impede the court's administrative interest, as a resolution of this issue now could potentially prevent an unnecessary second trial. *Curtis Wright Corp. v. General Electric, Co.,* 446 U.S. 1, 8 (1980). Likewise, the equities presented here favor a resolution now, rather than deferring it for potentially lengthy period of time. *Id.*

A denial of an immediate appeal also presents a greater hardship to Plaintiff than to Defendants, as St. Joseph's University is a large university with resources and an endowment that will not be impacted in any way comparable to the harm to the individual Plaintiff, who is trying mightily to clear his good name and his professional reputation. *See, e., g*., *Jones v. West Plains Bank*, 813 F.3d 700. 703 (8th Cir. 2015) (discussing relative hardships). Nor would an immediate appeal present a risk attendant to piecemeal appeals of having the appellate court consider the

---

[3] The Third Circuit consistently has held that any ambiguity in a pleading covered by *Twombly/Iqbal* should be addressed by requiring the filing of an amended complaint, not a dismissal with prejudice. *See, e.g., Grayson. v Mayview State Hospital*, 293 F.3d 103,108 (3d Cir. 2002).

3

issue, again, in the normal course of events. *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585-6 (8th Cir. 2016).

When Plaintiff initially filed their Petition in September, they did not request a stay of the proceedings as they believed that their Petition would be either granted or denied in short order. At the time the Petition was filed, no depositions had taken place and only the initial paper discovery had been exchanged. However, due to the Petition remaining outstanding, as Plaintiff's counsel discussed with the Court at the March 6, 2025 hearing, Plaintiff moved forward with discovery and sought evidence, including deposition testimony, that would support his civil conspiracy claims.

Defendants appear to argue that the extensive discovery taken in the matter somehow presents a reason not to grant a stay. However, that discovery is simply a result of the complexity of the matter and the number of issues and witnesses. Defendants present no reasons or argument why the taking of discovery is relevant to the issue now before the Court. On the contrary, omitting discovery on the issues in question could result in witnesses needing to be re-deposed if it subsequently was determined that the Court applied the wrong legal standards. Additionally, no trial date has been set in this matter.

It hardly furthers the interest of justice where the disposition of a plaintiff's conspiracy claim is solely dependent upon the judge in the District to whom the matter is assigned. That is particularly true here, where the Court denied leave to replead although plaintiff stood ready to do so. Clearly, the issue has significance beyond just this matter. Further, as this involves a pure issue of law, resolution of it by our Court of Appeal should not be time consuming, or involve resolution of factual issues, or review of anything else likely to arise in an appeal on the merits.

Finally, Defendants raise issues unrelated to the petition, such as so-called publicity surrounding the case and unrelated discovery matters. *See* Doc. 176 at 2-3. Those issues are not relevant to the Court's consideration of the stay issue. If Defendants wish to raise those issues, they can do so in an appropriate fashion rather than cluttering the record with matters not relating to the stay issue.

## IV.   CONCLUSION

Accordingly, for these reasons and the reasons set out in our principal brief, we request that the Petition and the request for a stay be granted.

                                                Respectfully submitted,

                                                ZARWIN, BAUM, DeVITO,
                                                KAPLAN, SCHAER & TODDY, P.C.

                                                  /s/
                                                JOSEPH M. TODDY, ESQ.
                                                JONATHAN WEISS, ESQ.
                                                SCOTT ZLOTNICK, ESQ.
                                                2005 Market Street, 16th Floor
                                                Philadelphia, PA  19103
                                                215.569.2800; Fax  215.569.1606
                                                Attorneys for Plaintiff
                                                jmtoddy@zarwin.com
                                                jweiss@zarwin.com
                                                szlotnick@zarwin.com

Dated: March 18, 2025