

March 26, 2025

**VIA ECF**
The Honorable Jeffrey L. Schmehl
United States District Judge
The Gateway Building
201 Penn Street, Suite 518
Reading, PA 19601

      RE:    Manco v. Saint Joseph's University, et. al.,
               E.D. Pa No: 5:22-cv-00285-JLS

Dear Judge Schmehl:

      Defendants jointly and respectfully request that the Court strike and disregard Plaintiff's belated "Reply Brief" in Support of Plaintiff's Petition For Permission to Seek Interlocutory Appeal (doc. 177) as improper and untimely.  By way of background, Plaintiff filed his Petition on September 5, 2025 (doc. 146).  Defendants filed their joint opposition on October 4, 2024 (doc. 153).  Plaintiff chose not to file a reply, and any such reply was required within seven (7) days under Your Honor's Policies and Procedures.  (See Policies and Procedures of Judge Jeffrey L. Schmehl at § II(C)(2), p. 5.)  Instead, Plaintiff filed a "Reply Brief" five months later, on March 18, 2025 (doc. 177).

      To the extent Plaintiff couches the document as a "Reply Brief," it should be stricken and disregarded as violative of this Court's Policies and Procedures.  To the extent Plaintiff's submission is something other than a "Reply Brief," Plaintiff's submission is unauthorized.  (See doc. 175 at ¶ 3, requiring "Defendants' counsel [to] file to file their stated position on Plaintiff's motion for interlocutory appeal within 5 days.")

      To the extent the Court considers Plaintiff's "Reply Brief," Defendants wish to make three points:

      First, Plaintiff's submission is inherently contradictory.  Plaintiff argues both that he conducted discovery and "sought evidence, including deposition testimony, that would support his civil conspiracy claims[,]" and that "omitting discovery on the issues in question could result in witnesses needing to be re-deposed[.]" (Doc. 177 at p. 4.)  Both of these statements cannot be true, and Plaintiff's flip-flopping positions as to discovery issues pertinent to his contradictory request for a stay only further support the Defendants' position that a stay of this case is unnecessary and prejudicial to Defendants.  Further noteworthy is the fact that Plaintiff has taken discovery <u>as if</u> the civil conspiracy claims were still in the case, despite the Court's dismissal of the claims with prejudice.

The Honorable Jeffrey L. Schmehl
March 26, 2025
Page 2

      Second, on the merits, Plaintiff misrepresents the state of the law with respect to the "sole motive test." While Plaintiff states that "some judges in this District apply the 'sole motive' test" and "[o]ther judges in the District apply a 'mixed motive' test" (doc. 177 at p. 2), it is <u>the majority</u> of the courts who apply the sole motive test (doc. 153 at pp. 9-12). There is no actual "split" when the majority of the courts apply the sole motive test.

      Third, Plaintiff's submission further underscores Plaintiff's blatant gamesmanship and disdain for the Court's decision-making. Plaintiff's initial position – that a stay is neither necessary nor desired by Plaintiff – led to the parties engaging in substantial discovery, with Plaintiff deposing more than ten defense witnesses and demanding confidential information from Defendants. Only after Plaintiff held discovery deadlines over the Defendants' heads and obtained troves of confidential information did Plaintiff suddenly announce a shift in direction by requesting that the entire case be stayed and threatening to re-depose multiple witnesses. Such obvious gamesmanship should not be countenanced by the Court. Accordingly, Plaintiff's "Reply Brief" should be stricken and disregarded, and Plaintiff's request for a stay should be denied.

      Respectfully submitted,

      *Leslie Miller Greenspan*

      Leslie Miller Greenspan

cc: All Counsel of Record (via ECF)