## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

        v.              :         CRIMINAL NO.  25-124

CARLENE ANDREA WALTERS    :

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant, Carlene Andrea Walters was deported to her native county of Jamaica in 2013 as a result of numerous criminal convictions in New York and Connecticut.  Despite being warned that illegally reentering the United States was a crime, the defendant reentered the country.  For the reasons provided below, the government recommends the Court impose a guideline sentence within the range of 0 to 6 months' imprisonment.

The Third Circuit has set forth a three-step process that the district courts must follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.

> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.

> (3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted) (citing *United States v. King*, 454 F.3d 187, 194, 196 (3d Cir. 2006)).

1

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence.  "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it."  *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted).  *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which support the proposed sentence in this case.

I.      **BACKGROUND**

On May 13, 2025, the defendant will enter a guilty plea to one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(1).  The defendant, pursuant to a written guilty plea agreement, is admitting to reentering the United States illegally after having been removed from the country in April 2013.

II.    **SENTENCING CALCULATION**

A.    **Statutory Maximum Sentence**

The Court may impose the following statutory maximum penalty:

A violation of 8 U.S.C. § 1326(a), when enhanced by subsection (b)(1) for a case such as this in which the defendant's deportation followed a conviction for a felony, carries a maximum penalty of ten years' imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

If supervised release is revoked, the original term of imprisonment may be increased and makes it possible that the defendant will have to serve the original sentence, plus a two-year additional period of imprisonment without credit for time already spent on supervised release.

B.    **Sentencing Guidelines Calculation**

Pursuant to the United States Sentencing Guidelines, the defendant's advisory guideline range appears to be as follows:

| | |
|---|---|
| Base Offense Level:<br>USSG § 2L1.2(a) | 8 |
| Timely Acceptance of Responsibility<br>(USSG § 3E1.1(a)) | -2 |
| Early Disposition Program | -2 |
| Adjusted Offense Level: | 4 |

An offense level of 4, with a Criminal History Category of I, provides for a guideline calculation of 0 to 6 months' imprisonment.

## III.    ANALYSIS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a)

suggests that the appropriate sentence is a guideline sentence.

The Supreme Court has declared: "As a matter of administration and to secure

nationwide consistency, the Guidelines should be the starting point and the initial benchmark."

*Gall v. United States*, 552 U.S. 38, 49 (2007).  "These requirements mean that '[i]n the usual

sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and

impose a sentence within the range."  *Peugh v. United States*, 569 U.S. 530, 542 (2013) (quoting

*Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality opinion)).  "Common sense

indicates that in general, this system will steer district courts to more within-Guidelines

sentences."  *Peugh*, 569 U.S. at 543.  "The federal system adopts procedural measures intended

to make the Guidelines the lodestone of sentencing."  *Id.* at 544.

In addition, this Court must also consider all of the sentencing considerations set forth in

Section 3553(a).  Those factors include: (1) the nature and circumstances of the offense and the

history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the

offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public

from further crimes of the defendant; (4) the need to provide the defendant with educational or

vocational training, medical care, or other correctional treatment in the most effective manner;

(5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to

avoid unwarranted sentence disparities among defendants with similar records who have been

found guilty of similar conduct; and (7) the need to provide restitution to any victims of the

offense.  18 U.S.C. § 3553(a).[1]

### Consideration of the 3553(a) Factors

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

The defendant is 56-year-old female who is a native and citizen of Jamaica and is not a

citizen of the United States.  In 1990, the defendant was granted lawful permanent resident status

in the United States.  The defendant has resided primarily in Florida while she has been in the

United States, where her children and grandchildren reside.  She also has a sister who resides in

New York, and a fiancé who resides in the Eastern District of Pennsylvania.

Between 1992 and 2002, the defendant obtained twelve convictions in Connecticut and

New York.  The convictions are as follows:

| Date of Conviction | Place of Conviction | Offense(s) of Conviction | Sentence |
|---|---|---|---|
| 6/4/1992 | Norwalk, CT | 4th Degree Larceny | 9 months' imprisonment (suspended), 5 years' probation |
| 6/4/1992 | Norwalk, CT | 4th Degree Larceny | 9 months' imprisonment (suspended), 5 years' probation |
| 10/21/1994 | Greenburgh, NY | Criminal Possession of Stolen Property | $105 fine |

---

[1]  Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'"  *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006) (*quoting United States v. Navedo Concepcion*, 450 F.3d 54, 58 (1st Cir. 2006)).

| 12/21/1995 | Norwalk, CT | Larceny, Failure to Appear | 1 year imprisonment (suspended), 2 years' probation |
|---|---|---|---|
| 12/21/1995 | Trumbull, CT | Larceny, Failure to Appear | 6 months' imprisonment, 2 years' probation |
| 2/9/1996 | Westchester, NY | Criminal Possession of Stolen Property | $150 fine |
| 7/31/1996 | Norwalk, CT | Issue Bad Check | Unconditional discharge |
| 7/11/1997 | Stamford, CT | Larceny, Robbery, Risk of Injury | 4 years' imprisonment (suspended), 3 years' probation |
| 10/28/1997 | Norwalk, CT | Criminal Impersonation | $450 fine |
| 7/9/1999 | Bridgeport, CT | Larceny | 3 years' imprisonment, 5 years' probation |
| 8/4/2000 | Yonkers, NY | Petit Larceny | 30 days' imprisonment |
| 5/8/2002 | New York, NY | Criminal Possession of a Controlled Substance | 1 year conditional discharge |

On January 9, 2013, Walters was arrested by Immigrations and Customs Enforcement ("ICE") and served with a Notice of Appear. In that notice, ICE charged that the defendant was subject to removal based on a number of her prior convictions. The defendant initially filed an Application for Asylum and Withholding of Removal, but subsequently withdrew that application and filed a Motion to Advance Hearing to Expedite Removal Proceedings. On March 7, 2013, Immigration Judge Alan L. Page ordered Walters removed from the United States to Jamaica. On April 25, 2013, the defendant was removed from the United States via an ICE flight from Alexandria, Louisiana.

At or around the time of her removal, ICE officials executed a Form I-205, Warrant of Removal/Deportation, which contained the defendant's name, photograph, alien number, signature, and fingerprint. They also completed a Form I-294, Warning to Alien Ordered Removed or Deported, which warned the defendant that she was required to request and obtain permission from the Secretary for Homeland Security to reapply for admission to the United States following her deportation and that illegally reentering the United States was a crime

punishable by imprisonment.  Despite these warnings, the defendant illegally reentered the

country.

> **(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and**
> **(3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

Illegally entering the United States following deportation is a serious offense.  Border

security is critically important to national security, and this country spends significant resources

to that end.  Every violation of our borders by an individual like the defendant, who reenters this

country without permission, takes a toll on our country's resources and makes us more

vulnerable to those who are watching and may attempt the same conduct.  The defendant's crime

falls squarely within the class of cases to which the applicable guidelines are addressed and thus

consideration of the seriousness of the offense counsels in favor of a guideline range sentence.

A factor in the sentencing determination is both specific and general deterrence.  As the

courts of appeals have held both before and after *Booker*, deterrence under Section 3553(a) is not

limited to deterrence of the particular defendant.  *See e.g. United States v. Jordan*, 435 F.3d 693,

698 (7th Cir. 2006) (describing how Section 3553(a) "specifies that the court may consider the

need for general deterrence and respect for the law"); *United States v. Glover*, 431 F.3d 744, 751

(11th Cir. 2005) (noting that pre-*Booker* and post-*Booker*, "the underlying goals of the statute

and the Guidelines are retribution, general deterrence, incapacitation, and rehabilitation"

(internal quotation marks omitted)); *see also United States v. Yeaman*, 248 F.3d 223, 232 (3d Cir.

2001) (referring to Section 3553(a)'s goals of "general deterrence, specific deterrence,

retribution, and rehabilitation").

In *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1165 (10th Cir. 1999), the Court

recognized that Congress' specific intent in enacting 8 U.S.C. § 1326 was to break the cycle of

illegal reentry by the same aliens.  The Court noted:

> It frequently happens that aliens of the criminal and other classes who are deported
> under the general immigration law reenter the country unlawfully.  As a matter of fact, in
> some instances such aliens have been deported four or five times, only to return as soon as
> possible to the United States in an unlawful manner.
>
> . . . .
>
> It is true . . . that if criminal prosecution fails, the previously deported alien can be
> deported again; but having to deport the same illegal alien again and again is just the tedious
> cycle that Congress was trying in section 1326 to break . . . .  The fact that possible
> deportation is not a sufficient deterrent to discourage those who seek to gain entry through
> other than regular channels is demonstrated by the frequency with which (the Department
> of Labor) is compelled to resort to deportation proceedings for the same alien on several
> succeeding occasions.

*Gutierrez-Gonzalez*, 184 F.3d at 1165 (quoting *United States v. Anton*, 683 F.2d 1011, 1020 (7th

Cir. 1982) (Posner, J. dissenting)).

The government respectfully requests the Court impose a guideline range sentence.

Such a sentence will "reflect the seriousness of [the defendant's] offense . . . promote respect for

the law . . . provide just punishment for the offense . . . protect the public from further crimes of

the defendant . . . [and] afford adequate deterrence to [further] criminal conduct. . ."  18 U.S.C.

§ 3553(a)(2)(A)-(C).

### (4) The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.

There is no need in this case to adjust the sentence in order "to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in

the most effective manner . . . ."  *Id.* at § 3553(a)(2)(D).

**(5) The guidelines and policy statements issued by the Sentencing Commission; and**

**(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

The sentencing guidelines aim to achieve uniform and appropriate treatment of like crimes, and represent the distillation of more than 20 years of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress.  All of these policy reasons support the imposition of a sentence within the applicable guideline range in this case.

**(7) The need to provide restitution to any victims of the offense.**

Restitution is not an issue in this case.  18 U.S.C. § 3553(a)(7).

## IV.    CONCLUSION

For these reasons, the government recommends that the Court impose a sentence within the guideline range of 0 to 6 months' imprisonment.

Respectfully submitted,

DAVID METCALF
United States Attorney


/s/ Rebecca J. Kulik
REBECCA J. KULIK
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Sentencing Memorandum has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system and via email:

Maranna Meehan, Counsel for Defendant
Federal Community Defender Office, EDPA
601 Walnut Street
Suite 540 West
Philadelphia, Pennsylvania 19106


*/s/* Rebecca J. Kulik
Rebecca J. Kulik
Assistant United States Attorney


DATED: <u>May 12, 2025</u>