IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY V. MANCO, Ph.D, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:22-cv-00285-JLS |
| | : | |
| ST. JOSEPH'S UNIVERSITY, *et al.*, | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this 26th day of June, 2025, upon consideration of Plaintiffs' Motion to Certify for Interlocutory Appeal (ECF No. 146), and all supporting and opposing papers, **IT IS HEREBY ORDERED** that the Motion for Interlocutory Appeal is **DENIED**[1].

---

[1] On December 21, 2022, Defendants filed Rule 12(b)(6) Motions to Dismiss, which Plaintiff opposed. (ECF Nos. 61-68). With respect to Plaintiff's civil conspiracy claim, he argued that the Court should apply the "mixed motive" test, rather than the "sole purpose" test in analyzing whether Plaintiff stated a claim for relief. Plaintiff also argued that he satisfied both tests under the Twombly plausibility standard. On January 25, 2024, this Court issued an Order and accompanying Memorandum granting in part and denying in part Defendants' Motions to Dismiss. (ECF Nos. 106-107). Plaintiff's conspiracy claim was dismissed with prejudice. Plaintiff then filed a Motion for Partial Reconsideration and/or Leave to File a Third Amended Complaint (ECF No. 143), which was denied.

On September 5, 2024, Plaintiff filed a motion (ECF No. 146) requesting this Court's permission to seek an interlocutory appeal of the Court's Orders dismissing Plaintiff's conspiracy claims against Defendants with prejudice (*See* ECF 106) and subsequently denying Plaintiff's Motion for Partial Reconsideration and/or Leave to File a Third Amended Complaint as to the conspiracy claims (*See* ECF No. 143). Plaintiff stated in his motion that he was not seeking a stay (ECF 146, p. 14), but plaintiff's counsel later requested a stay pending appeal at the March 6, 2025 oral argument on the motion.

A district court judge may certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b) if he or she is of the opinion that such order (1) involves a controlling question of law, (2) there is a "substantial ground for difference of opinion" on that controlling question of law, and (3) where immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re School Asbestos Litig.*, 977 F.2d 764, 777 (3d Cir. 1992).

However, even if all three of these statutory factors are met, the decision to certify an order for interlocutory appeal remains within the District Court's discretion. *See L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (citing *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)). The burden is on the movant to demonstrate that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation

BY THE COURT:

          */s/ Jeffrey L. Schmehl*
          **JEFFREY L. SCHMEHL, J.**

---

and of postponing appellate review until after the entry of a final judgment." *Douris v. Schweiker*, 229 F.Supp.2d 391, 408 (E.D.Pa.2002) (quoting *Rottmund v. Cont'l Assurance Co.*, 813 F.Supp. 1104, 1112 (E.D.Pa.1992)).

Plaintiff failed to satisfy the first prong of Section 1292(b), because he did not make a showing that the orders at issue involve a controlling question of law. As Plaintiff stated in his motion, the Third Circuit Court of Appeals has defined a controlling question of law as one which: "(1) if decided erroneously, would lead to reversal on appeal; or (2) is 'serious to the conduct of the litigation either practically or legally.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974), cert. denied, 419 U.S. 885 (1974); *LM Gen. Ins. Co. v Lebrun*, 2020 U.S. Dist. LEXIS 244364, *10-12 (E.D. Pa. 2020); *Aluminum Bahr B.S.C. v. Dahdaleh*, 2012 U.S. Dist. LEXIS 153457, *4 (W.D. Pa. 2012). The analysis, however, ended there, as Plaintiff did not put forth any argument, beyond a conclusory statement, that a controlling question of law is involved that, if decided erroneously, would lead to reversal on appeal, or is serious to the conduct of the litigation either practically or legally. The Court finds that Plaintiff waived this argument, as no facts or legal arguments were put forth to support his position. *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) (finding that "an argument consisting of no more than a conclusory assertion such as the one made here (without even a citation to the record) will be deemed waived.").

Even if that argument had been made successfully, Plaintiff also failed to satisfy the third prong of Section 1292(b). A reasonable argument cannot be made that immediate appeal of this Court's orders at issue would "materially advance the ultimate termination of the litigation." Material advancement occurs "where the interlocutory appeal eliminates: (1) the need for trial, (2) complex issues that would complicate the trial, or (3) issues that would make discovery more costly or burdensome." *Consumer Fin. Prot. Bureau v. Navient Corp.*, 522 F. Supp. 3d 107, 113 (M.D. Pa. 2021). Ordinarily, certification materially advances the litigation if an appeal would "possibly eliminat[e] . . . the need for trial" in the event of a favorable result for the appellant. *Id.* at 117. To the contrary, it would prolong the litigation, as the remaining claims in the case are currently being litigated and may be disposed of on summary judgment or at trial. Plaintiff counsel's March 6, 2025 request for a stay pending interlocutory appeal further supports this Court's finding that granting Plaintiff permission to appeal would not materially advance the ultimate termination of the litigation, and in fact would have the opposite effect. An appeal could take years to be resolved. Even if the Third Circuit were to agree with Plaintiff's position, which this Court finds doubtful, staying this case would not advance the ultimate litigation.

The denial of Plaintiff's request to amend his Complaint a third time, thereby adding 107 new allegations almost three years after filing his original Complaint, does not involve a controlling question of law either. Courts generally adopt a liberal approach to amendment of pleadings, but also recognize "when a movant has had previous opportunities to amend a complaint" or "when allowing an amendment will place 'an unfair burden on the opposing party' there may be sufficient ground to deny leave to amend." *Sander v. Light Action, Inc.*, 525 F. App'x 147, 152 (3d Cir. 2013) (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). Here, Plaintiff had several previous opportunities, and the belated attempt to introduce 107 paragraphs of newly alleged facts certainly would have placed an unfair burden on the Defendants in this matter.