IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO Ph.D., : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | NO. 5:22-cv-00285-JLS |
| : | |
| ST. JOSEPH'S UNIVERSITY, et al., : | |
| : | |
| Defendants. : | |

# ORDER

**AND NOW**, this 23rd day of July, 2025, upon consideration of communications from counsel regarding certain document requests made by Plaintiff and Saint Joseph's Defendants' objections to those requests, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Sixth Set of Document Requests is **DENIED** as untimely, unduly burdensome and overly broad. Also, it seeks documents likely protected by privileges.

2. Plaintiff's Seventh Set of Document Requests is **DENIED** as disproportionate to the needs of this case and seeking information that is not relevant to the claims and defenses in this case.

3. Plaintiff's Eighth Set of Document Requests is **GRANTED** in part, as the request is related to information revealed in Lexi Morrison's deposition. Saint Joseph's Defendants shall produce any and all documents related to bias reports and/or **formal complaints**[1] with allegations of violations of racial bias related to Title VII or the Interim Policy Prohibiting Discrimination, Harassment, and Retaliation received by Saint Joseph's University against

---

[1] Saint Joseph's Defendants stated they have shared all bias reports from the relevant time period, but they shall produce any formal complaints submitted in that time frame as well.

SJU Faculty from **January 1, 2021 through May 31, 2022**.[2]

4. Plaintiff's Ninth Set of Document Requests is **GRANTED** in part. Saint Joseph's Defendants shall produce any and all bias and/or **harassment reports and/or formal complaints**[3] made against Bahaeddine Taoufik, as referenced by Dr. Kristopher Tapp during his deposition, from **January 1, 2021 through May 31, 2022**.

5. Plaintiff's Tenth Set of Document Requests is **GRANTED** in part. Saint Joseph's Defendants shall produce any and all documents related to the disparate impact analysis discussed on SJU_MANCO_805, as they may be highly relevant to the claims and defenses in this case. The unredacted version was produced more recently, and Plaintiff's counsel required time to review the large batch of documents produced at that time.[4]

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[2] The Court agrees with Saint Joseph's Defendants regarding the relevant time frame, as defined in our January 24, 2025 Order.

[3] Saint Joseph's Defendants stated that SJU has no record of bias reports filed against Professor Taoufik within the relevant time period, but they shall produce any formal complaints, or "harassment reports" (if such a category of reports exists), submitted in that time frame as well. The Court denies Plaintiff's request for any and all emails and/or notes from Dr. Kristopher Tapp in relation to any such complaints or reports as disproportionate to the needs of the case and unduly burdensome.

[4] The Court denies Plaintiff's request for any and all documents related to any fee agreements and/or engagement letters entered into between Defendant SJU and Renee Smith, Esq. for the investigation into the allegations against Plaintiff as not relevant to the claims and defenses in this case.