IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO, Ph.D, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 5:22-cv-00285-JLS |
| : | |
| ST. JOSEPH'S UNIVERSITY, *et al.*, : | |
|     Defendants. : | |

## ORDER

**AND NOW**, this 24th day of November, 2025, upon consideration of Plaintiff's Supplemental Motion for Leave to File a Third Amended Complaint (ECF No. 200), and all responses and replies thereto, **IT IS HEREBY ORDERED** that Plaintiff's Motion is **DENIED**.[1]

**IT IS FURTHER ORDERED** that in light of the Court's prior Orders (ECF Nos. 106, 143), and Plaintiff's Motion, Plaintiff is cautioned that any further attempts by Plaintiff to reverse the Court's prior decisions in this case, including those related to civil conspiracy and application of quasi-judicial privilege to the investigation conducted by Saint Joseph's University, shall be grounds for contempt.

BY THE COURT:

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[1] Plaintiff commenced this action three and a half years ago by filing a Complaint on January 21, 2022, alleging discrimination, retaliation, and other state law claims against Saint Joseph's University ("SJU"), five students, and a faculty member. (ECF No. 1). On May 25, 2022, Plaintiff filed a Motion for Leave to Amend his Complaint, which the Court granted on August 18, 2022. (ECF Nos. 28, 29, 45). On October 13, 2022, Plaintiff again sought leave to amend his Complaint. (ECF No. 49). After stipulation by all parties and approval by this Court, Plaintiff filed his Second Amended Complaint, adding a new claim against the University and numerous new allegations. (ECF Nos. 50, 51). On December 21, 2022, the SJU and student Defendants filed timely motions to dismiss Plaintiff's Second

---

Amended Complaint. (ECF Nos. 61-64, 66, 68). On January 25, 2024, the Court partially granted these motions to dismiss, some with prejudice. (ECF Nos. 106, 107). Defendant Loue filed her own Motion to Dismiss on February 14, 2024, which was decided on August 14, 2024. (ECF Nos. 112, 142).

On February 19, 2024, Plaintiff filed a Motion for Reconsideration of the Court's January 25, 2024 Order, and in the alternative, to file a Third Amended Complaint. (ECF No. 119). This was Plaintiff's fourth iteration of the Complaint, which sought to revive his dismissed discrimination, defamation, and civil conspiracy claims. (ECF No. 119). On August 19, 2024, the Court denied Plaintiff's Motion for Reconsideration, and in the alternative, to file a Third Amended Complaint. (ECF No. 143). Since August 19, 2024, Plaintiff has filed three substantive motions (ECF Nos. 146, 155, 189) and two letters requesting relief (ECF No. 144 and 166). On September 5, 2024, Plaintiff filed a Petition to Seek Interlocutory Appeal as to the Court's dismissal (with prejudice) of his civil conspiracy claims, which the Court denied on June 30, 2025. (ECF Nos. 146, 198). Shortly after this denial, on July 2, 2025, Plaintiff filed the instant Motion for Leave to file a Third Amended Complaint (the "proposed Complaint"), presenting a fifth proposed iteration of the Complaint to the Court, again seeking to revive his dismissed discrimination, defamation, and civil conspiracy claims that were previously rejected.

The Third Circuit generally holds that leave to amend should be granted freely. However, the policy favoring liberal amendment of pleadings is not unbounded. *Dole v. Arco Chem. Co.,* 921 F.2d 484, 486-87 (3d Cir. 1990). Certain factors weigh against allowing amendment, including "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."' *Id.* at 487 (citing *Forman v. Davis,* 371 U.S. 178, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)). A court can also ground its decision upon consideration of additional equities, such as judicial economy and burden on the court. *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017). Prejudice to the non-moving party is the touchstone for the denial of an amendment. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

"When considering the issue of prejudice, a court must determine whether allowing the amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories*." Special Risk Ins. Servs. v. GlaxoSmithKline, LLC*, No. 19-3002, 2021 U.S. Dist. LEXIS 246020 (E.D. Pa. Mar. 10, 2021) (citing *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001)). Plaintiff's Motion is denied because the proposed amendments will result in significant additional discovery and costs to the Defendants by forcing them to defend against numerous newly asserted facts and theories that have long been dismissed, some with prejudice. Although Plaintiff argues the delay cannot fairly be attributed to him, Plaintiff's counsel's excessively aggressive litigation tactics have greatly prolonged the proceedings, creating questions of potential bad faith and dilatory motive. Seeking to reverse the Court's decisions and improperly force issues to be relitigated has burdened the Defendants and the Court. This matter is ready to proceed to dispositive motion practice and trial.

Although the undue prejudice to Defendants alone suffices as grounds for denial, the Court notes that it separately finds that Plaintiff has failed to assert allegations sufficient to revive his deficient claims, making amendment not only prejudicial and burdensome, but also futile. Since introducing a new Complaint at this juncture, after years of contentious litigation with extensive motions practice, would place an unwarranted burden on the Court and, of primary concern, an unfair burden on the Defendants, Plaintiff's Motion is denied.