IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY V. MANCO, Ph.D, <br> Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 5:22-cv-00285-JLS |
| ST. JOSEPH'S UNIVERSITY, *et al.*, <br> Defendants. | : <br> : | |

## ORDER

**AND NOW**, this 24th day of November, 2025, upon consideration of the Motion for Sanctions of Defendants, Saint Joseph's University and Dr. Cheryl McConnell ("SJU Defendants") (ECF No. 149), and all responses and replies thereto, **IT IS HEREBY ORDERED** that Defendants' Motion is **GRANTED** in part as follows: [1]

1. Plaintiff shall pay the reasonable expenses incurred, including attorney's fees, caused by his failure to comply with the Court-issued Protective Order (ECF No. 138).

2. Any further violations of the Protective Order will result in additional sanctions under Federal Rule of Civil Procedure 37(b)(2)(A).

BY THE COURT:

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[1] Under Federal Rule of Civil Procedure 37(b)(2)(A)(vii), a court may find a party in civil contempt and impose sanctions if the party fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2) ("treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."); *see also DiGregorio v. First Rediscount Corp.*, 506 F.2d 781 (3d Cir. 1974) ("Rule 37(b)(2) ... authorizes the imposition of sanctions, including dismissal of an action, against a party who fails to comply with a discovery order.").

To prove contempt, the moving party must show: "(1) a valid order of the court existed; (2) the opposing party had knowledge of the order; and (3) the opposing party disobeyed the order." *York Group, Inc. v. Pontone*,

---

2014 WL 3811014, at *5 (W.D. Pa. 2014) (citing *John T. ex rel. Paul T. v. Del. Cnty.*, 318 F.3d 545, 552 (3d Cir. 2003)). The moving party is not required to show the violating party willfully violated the court order and "good faith is not a defense to civil contempt." *Id.* (citing *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994)).

        Although civil contempt sanctions are not punitive in nature, attorneys' fees may be awarded against a party held in contempt. *Id.* at 6 (citing *John T.*, 318 F.3d at 554; *Robin Woods*, 28 F.3d 396 at 400). "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1380 (9th Cir. 1986). A court evaluating Rule 37 sanctions must consider and balance the (1) willfulness and bad faith of the disobeying party; (2) prejudice to the moving party; and (3) effectiveness of lesser sanctions. *Coleman v. Sears, Roebuck & Co.*, 221 F.R.D. 433, 436 (W.D. Pa. 2003) (citing *Estate of Spear v. IRS*, 41 F.3d 103, 111 (3d Cir. 1994)).

        As described and analyzed in the Court's July 14, 2025 Opinion (*See* ECF No. 205, pp. 3, 8-12), Plaintiff's violation of the Protective Order was prejudicial to the university and violative of student privacy, and the improper disclosure was certainly negligent if not willful. The Defendants deserve compensation for the costs they were forced to incur in addressing Plaintiff's violation. Since the Court declined to find the violation intentional, the additional sanctions sought by Defendants will not be imposed.