# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY V. MANCO, Ph.D., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 5:22-CV-00285 |
| | : | |
| ST. JOSEPH'S UNIVERSITY, | : | |
| HADASSAH COLBERT, KIERNAN | : | |
| LOUE, LYNLY CARMAN, KARLEIGH | : | |
| LOPEZ, ERIN FAHEY, CORRINE | : | |
| MCGRATH AND DR. CHERYL | : | |
| MCCONNELL | | |
| | : | |
| Defendants. | : | |

**PLAINTIFF GREGORY V. MANCO, PH.D'S OPPOSITION TO DEFENDANTS SAINT JOSEPH'S UNIVERSITY AND DR. CHERYL MCCONNELL'S PETITION FOR REASONABLE EXPENSES AND ATTORNEYS' FEES**

Plaintiff Gregory V. Manco, Ph.D. ("Plaintiff" or "Dr. Manco"), by and through his attorneys, Zarwin Baum DeVito Kaplan Schaer Toddy, PC, respectfully submits this brief Memorandum of Law in support of Plaintiff's Response in Opposition to Defendants, St. Joesph's University and Dr. Cheryl McConnell's (collectively the "SJU Defendants") Petition for Reasonable Expenses and Attorneys' Fees.

At the outset, Plaintiff notes that the SJU Defendants Motion for Sanctions ("Motion") (Doc. 138) was only partially successful. The proposed Order in the Motion, in addition to seeking attorneys' fees, sought to strike Plaintiff's Petition for Permission to Seek Interlocutory Appeal and have Plaintiff seek pre-clearance and permission from the Court on any filing of pleadings, motions or other documents, both of which this Court denied as part of the Order (Doc. 225). In *Endurance American Specialty Insurance Company v. Hospitality Supportive Systems LLC*, No. 17-3983, 2018 WL 3861808 (E.D. Pa. Aug. 14, 2018) (Kelly, Sr., J.), the Court reduced a proposed

fee petition on a Motion for Sanctions from $18,940.50 to $2,689.00 based in part on the length of the memorandum of law itself (11 pages) and the lack of legal citations included in said memorandum. *Id*. at *5. It also held that the Third Circuit shall award "fees commensurate with the hours spent litigating successful claims." *Id*. at *7 (citing *Mulero v. Walsh et al*, No. 3:15-CV-1406, 2018 WL 1084235, at *15 (M.D. Pa. Feb. 28, 2018)).

Here, the memorandum of law was only seven (7) pages in length excluding the case caption. One (1) page focused on the SJU Defendants' unsuccessful argument that Plaintiff's violation was intentional, which the Court held it was not. (Doc. 225, n.1). Nearly one (1) page focused on the SJU Defendants unsuccessful argument that Plaintiff must seek the Court's permission for any future filing. The memorandum was also void of excessive case law. The fee petition should be adjusted accordingly as two (2) pages were unrelated to what this Court granted fees for and the Motion as a whole lacked an excessive amount of legal citations.

Next, Plaintiff takes issue with the associate from the Tucker Law Group, LLC billing three (3) hours for research and analysis related to sanctionable conduct under F.R.C.P 37(b). (Doc. 233-1, p. 7). When evaluating a Fee Petition, this Court considers, "whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Clemens v. New York Central Mutual Fire Insurance Company*, 903 F.3d 396, 400 (3d. Cir. 2018) (citing *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d. Cir. 2001)). This research is readily available and spending three hours at a rate of $250 per hour on the research is excessive. The legal standard section, which seemingly encompassed the legal research, represents two (2) paragraphs of the Motion and predominantly focuses on the Federal Rules of Civil Procedure. It is highly probable that the research could have been completed in less than one (1) hour. *See Smail Company, Inc. v. Liberty Mutual Auto and*

*Home Services, LLC*, No. 23-2056, 2025 WL 2938341 at *3 (W.D. Pa. Oct. 16, 2025) (reducing fee petition related to research and preparation of motion where research was found to be unnecessary).

Finally, Plaintiff takes issue with the alumni Defendants' attorney seeking fees in the amount of $1,258.00. Nowhere in the Motion was there any mention that the alumni Defendants joined in their Motion.[1] Nowhere in the Court's Order (Doc. 225) was there any mention of the alumni Defendants being awarded attorneys' fees. While both attorneys' offices are getting paid by St. Joseph's University, that does not entitle both offices to fees when only one of them filed the Motion.

The work performed by the alumni Defendants' counsel was redundant since the SJU Defendants had both a partner and an associate working on the Motion. There was no need for the alumni Defendants' counsel to spend 3.7 hours assisting the SJU Defendants' counsel when they had two attorneys handling the matter. Therefore, the alumni Defendants' counsel is not entitled to attorneys' fees on a Motion that they did not write nor join in on despite having the opportunity to do so.

Plaintiff respectfully requests that the Court reduce the SJU Defendants Fee Petition accordingly.

SIGNATURE ON NEXT PAGE

---

[1] The only correspondence that the alumni Defendants' counsel had with this Court regarding the SJU Defendants Motion for Sanctions was a September 6, 2024 email to chambers which stated, "I am chiming in to simply state that I second Ms. Greenspan's request for sanctions to deter future violations such as this one." This email predates the SJU Defendants' Motion and beyond that informal email, no formal request was ever made to the Court seeking to join in the SJU Defendants' Motion.

                    Respectfully submitted,

                    ZARWIN, BAUM, DeVITO,
                    KAPLAN, SCHAER & TODDY, P.C.

                    _____/s/_____

                    JOSEPH M. TODDY, ESQ.
                    SCOTT ZLOTNICK, ESQ.
                    2005 Market Street, 16th Floor
                    Philadelphia, PA 19103
                    215.569.2800; Fax 215.569.1606
                    jmtoddy@zarwin.com
                    szlotnick@zarwin.com
                    Attorneys for Plaintiff

DATED:   January 5, 2026