UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

GREGORY V. MANCO, Ph.D., Plaintiff, v. ST. JOSEPH'S UNIVERSITY, et al.,
Defendants. Civil Action No. 5:22-cv-00285-JLS

**MOTION OF MATTHEW RUSSELL LEE, A JOURNALIST FOR INNER CITY PRESS APPEARING IN HIS PERSONAL CAPACITY, TO UNSEAL THE SUMMARY JUDGMENT RECORD**

Matthew Russell Lee, a journalist for Inner City Press appearing in his personal capacity, respectfully moves to unseal the summary judgment record in this case — Docket Nos. 251, 252, 253, 254, 257, 258, 259, 260, 267, and 268 — and requests that this Motion be docketed.

The docket in this case reflects careful, individualized attention to procedural motions: no fewer than five separate motions for leave to exceed page limits were filed, each supported by a showing of good cause, each addressed by a reasoned order of this Court. See, e.g., ECF No. 245 (motion); ECF No. 248 (order granting). By contrast, the entire summary judgment record — three motions for summary judgment (ECF Nos. 251, 252, 253), a supporting joint statement (ECF No. 254), three oppositions with exhibits (ECF Nos. 257, 258, 259, 260), and reply briefs with exhibits (ECF Nos. 267, 268) — was filed under seal without any visible motion for leave to seal and without any order of this Court authorizing it. The docket for each simply states "(FILED UNDER SEAL)," with no stated basis.

The Third Circuit has squarely held that the right of access to judicial records applies with particular force to summary judgment materials, because they are "the basis of a judicial decision" and go to the merits of the case. In re Cendant Corp., 260 F.3d 183, 192-94 (3d Cir. 2001); see also United States v. Criden, 675 F.2d 550, 554-57 (3d Cir. 1982). Sealing requires specific, on-the-record findings that closure is narrowly tailored to serve a compelling interest. Wholesale sealing of an entire summary judgment record — the motions, the responses, and the replies alike, across three separate defendants — without any order or stated justification, does not satisfy that standard.

Movant does not know, and does not speculate about, what portions of this record may contain information genuinely warranting protection — personnel records, student information, or similar material of the kind courts routinely redact rather than seal in their entirety. If such material exists, the appropriate remedy is targeted redaction, accompanied by particularized findings, not blanket sealing of the entire

1

merits record in an employment discrimination and retaliation case that has now been fully briefed for the Court's decision.

Numerous Federal judges docket and act on Press requests such as this, routinely in SDNY (leading to the 2d Circuit, Lee v. Greenwood, 145 F.4th 248, No. 23-7432-cr, 2025 WL 2101302, https://www.courtlistener.com/docket/69090920/lee-v-greenwood/ and see, recently (July 17, 2026) NDIN https://storage.courtlistener.com/recap/gov.uscourts.innd.127119/gov.uscourts.innd.127119.72.0.pdf and (May 22, 2026), UMG Recordings, Inc. v. Suno, Inc. (1:24-cv-11611) District of Massachusetts (F. Dennis Saylor IV, J), " A member of the press has submitted a letter opposing the motion to impound. (Dkt. No. [233]), https://www.courtlistener.com/docket/68878608/233/umg-recordings-inc-v-suno-inc/ and Colorado (hearing on "non-party Inner City Press's responses in opposition to restriction) https://www.courtlistener.com/docket/69318033/77/jones-v-united-airlines-inc/ and Maryland (June 12, 2026) https://www.courtlistener.com/docket/72457825/22/united-states-v-rappaport/ and also in EDNY (see, e.g. https://www.courtlistener.com/docket/67935173/57/united-states-v-karony/) and 2026 https://www.courtlistener.com/docket/73591106/1/in-re-inner-city-press/ and DDC (see, e.g. https://www.courtlistener.com/docket/50260045/117/united-states-v-reffitt/ and https://storage.courtlistener.com/recap/gov.uscourts.dcd.235480/gov.uscourts.dcd.235480.19.0.pdf ("Let this be filed")

Let *this* be filed - as in United States v. AINA (2:24-cr-00282) District Court, E.D. Pennsylvania  117 Jul 23, 2026 (PRO SE) MOTION TO UNSEAL DOCKET NOS. 115 AND 116 by MATTHEW RUSSELL LEE as to IMOLEAYO SAMUEL AINA, AFEEZ OLATUNJI ADEWALE, SAMUEL OLASUNKANMI ABIODUN. (Entered: 07/24/2026)

Movant respectfully requests that the Court: (1) docket this Motion; (2) direct the parties to file public, redacted versions of Docket Nos. 251, 252, 253, 254, 257, 258, 259, 260, 267, and 268, with only such redactions as are supported by particularized findings under Criden and Cendant, or show cause why any portion should remain sealed in its entirety; and (3) permit movant to be heard, by further submission, before any renewed sealing determination.

Dated: July 27, 2026

Respectfully submitted,

Matthew Russell Lee
a journalist for Inner City Press
appearing in his personal capacity
PO Box 130222, Chinatown Station, New York, NY 10013
matthew.lee@innercitypress.com | 718-716-3540

2