# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY V. MANCO, Ph.D., | Civil Action No. 5:22-CV-00285 |
| Plaintiff, | |
| v. | |
| ST. JOSEPH'S UNIVERSITY, *et al*, | |
| Defendants. | |

## DECLARATION OF PLAINTIFF GREGORY V. MANCO
## <u>OBJECTING TO THE UNILATERAL WITHDRAWAL OF HIS COUNSEL</u>

DECLARATION OF PLAINTIFF GREGORY V. MANCO

I, GREGORY V. MANCO, declare:

1.    I am the plaintiff in this case.  I respectfully submit this declaration for the purpose of (1) objecting to the purported unilateral withdrawal of my counsel of record herein, and (2) requesting access to defendants' reply summary judgment papers which were filed under seal on our about July 24, 2026.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify to them.

2.    On or about August 12, 2021, I entered into a written agreement by which I engaged the law firm Zarwin Baum DeVito Kaplan Schaer & Toddy, P.C. ("Zarwin Firm") to represent me in connection with the claims it subsequently asserted in this action initially by way of a Complaint filed on or about January 21, 2022 **[Dkt. 1]** and then by way of an Amended Complaint filed on or about August 24, 2022 **[Dkt. 45]**.  Attorney Joseph M. Toddy ("Toddy"), a named partner of the Zarwin Firm, was the attorney primarily responsible for my case.

3.    On or about March 27, 2026, defendants St. Joseph's University and Cheryl McConnel **[Dkt. 251]**, Hadassah Colbert **[Dkt. 252]**, and Karleigh Lopez **[Dkt. 253]** filed herein under seal their respective motions for summary judgment ("Summary Judgment Motions").  The Summary Judgment Motions are now pending.

4.    On or about May 26, 2026, the Zarwin Firm, though Toddy, filed herein under seal written responses opposing the Summary Judgment Motions **[Dkts. 257, 258, 259]** ("Summary Judgment Opposition Papers").

5.    On or about June 1, 2026, Toddy suddenly informed me by telephone that he had left the Zarwin Firm for reasons unrelated to my case, that he had moved his practice to the law firm Marshall Dennehey, P.C. ("Marshall Firm"), and that he could not and would not continue to represent me in this case.  On or about June 9, 2026, attorney Scott Zlotnick ("Zlotnick") of

the Zarwin Firm – the only other lawyer, in addition to Toddy, identified as my counsel of record on this Court's docket – informed me by email that the Zarwin Firm also would not continue to represent me in this case and purported to give me 60 days to engage new counsel.

6.      On or about July 9, 2026, the Zarwin firm filed herein under seal an *errata* letter correcting a number of errors and omissions in the Summary Judgment Opposition Papers that the Zarwin Firm previously had filed **[Dkt. 264]**.

7.      Despite Zlotnick's statement that the Zarwin Firm would give me 60 days to engage new counsel, it did not do so.  Rather, on or about July 13, 2026, the Zarwin Firm unilaterally filed herein Zlotnick's purported "Withdrawal of Appearance" **[Dkt. 265]**.

8.      On or about July 27, 2026, the Marshall Firm unilaterally filed herein Toddy's purported "Withdrawal of Appearance" (dated July 16, 2026) **[Dkt. 271]**.

9.      If the Court accepts the foregoing unilateral "Withdrawals of Appearance" of Toddy and Zlotnick then I would be left without counsel in this action.  I believe this would violate Civil Practice Rule 5.1(b) of this Court, which states in pertinent part:

> An attorney's appearance may not be withdrawn except by leave of court, unless another attorney admitted to practice in this court shall at the same time enter an appearance for the same party, or another attorney admitted to practice in this court had previously entered an appearance for the same party and continues to represent that party in the matter.

10.      Despite the shock of suddenly and unilaterally being told that my longstanding counsel was abandoning my case, during June 2026, I informed both the Zarwin Firm and Toddy that I have located new counsel, David L. Burg ("Burg") of the law firm Mandavia Ephraim & Burg LLP, who is prepared to handle this case for me in place of the Zarwin Firm and Toddy under certain reasonable terms and conditions.  However, Burg is licensed to practice law in California and New Jersey only, and not in Pennsylvania.  Therefore, for Burg to take over my

DECLARATION OF PLAINTIFF GREGORY V. MANCO

case – as I strongly want him to do – I will need either the Zarwin Firm or Toddy to move for Burg's admission *pro hac vice*, and then to remain on the docket pursuant to this Court's requirements.  Under those circumstances, I would relinquish the Zarwin Firm or Toddy from any prospective responsibility for my case.  Nevertheless, to date both the Zarwin Firm and Toddy have refused to do so.

11.  On or about July 24, 2026, defendants filed herein under seal their respective reply papers in support of the Summary Judgment Motions ("Summary Judgment Reply Papers") **[Dkts. 267, 268, 270]**.  I do not have access to the Summary Judgment Reply Papers, and neither the Zarwin Firm nor Toddy has sent them to me despite my specific request for them (through Burg).  I therefore respectfully request that I be granted access to the Summary Judgment Reply Papers.

12.     On important reason I need access to the Summary Judgment Reply Papers is that one of the cases cited by defendants Hadassah Colbert and Karleigh Lopez in support of the Summary Judgment Motions, *Wang v. University of Pittsburg*, 2021 WL 6051568 (W.D.Pa. 2021), recently was reversed by the United States Court of Appeals for the Third Circuit in an opinion that I believe is relevant to my case.  The Third Circuit opinion in *Wang* can be viewed here:  https://www2.ca3.uscourts.gov/opinarch/251816p.pdf.  I don't know whether defendants Colbert and Lopez candidly informed the Court of this important development in a case upon which they have relied.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

DECLARATION OF PLAINTIFF GREGORY V. MANCO

Executed this 28th day of July 2027, at Marlton, New Jersey.

_____
Gregory V. Manco

DECLARATION OF PLAINTIFF GREGORY V. MANCO