**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREGORY V. MANCO Ph.D., Plaintiff, v. ST. JOSEPH'S UNIVERSITY, et al. Defendants. | : | **CASE NO. 5:22-cv-00285-JLS** |

# ORDER

AND NOW, this ______ day of ______________, 2026, upon consideration of Matthew Russell Lee's Motion to Unseal the Summary Judgment Record (ECF No. 272), the Opposition thereto filed by Defendants Saint Joseph's University, Dr. Cheryl McConnell, Hadassah Colbert, and Karleigh Lopez ("Defendants"), and any other responses or oppositions thereto, it is hereby **ORDERED** that the Motion is **GRANTED** in part **AND DENIED** in part, as follows:

1. The following FERPA-protected educational records shall remain fully sealed: ECF No. 258-1 (Ex. 8).
2. The following media/videos containing personally identifying information of named parties (that cannot be redacted) shall remain fully sealed: ECF Nos. 251-34 (Ex. 28); 254 (Ex. 13); 254 (Ex. 15); 254-2 (Ex. 43); 257-1 (Ex. 19); 258-1 (Ex. 2.1); 258-1 (Ex. 22); 259-1 (Ex. 34).
3. The following documents containing FERPA-protected information and/or personally identifiable information of parties and non-parties are provisionally unsealed, subject to redactions by Defendants within 30 days of this Order to protect the private interests of parties and non-parties and

certain FERPA-protected information: ECF Nos. 251-1, 251-2, 251-3, 251-4, 251-5, 251-6, 251-7, 251-8, 251-9, 251-16, 251-17, 251-18, 251-19, 251-20, 251-22, 251-23, 251-24, 251-26, 251-27, 251-31, 251-33, 251-34, 251-35, 251-36, 251-40, 251-43, 251-44, 251-45, 251-46, 251-50, 251-53, 251-54, 251-55, 251-62, 251-66, 252 (Memorandum), 252 (Ex. A), 252 (Ex. B), 252 (Ex. C), 253 (Memorandum), 253 (Ex. A), 253 (Ex. B), 253 (Ex. C), 254 (Joint Statement of Undisputed Material Facts), 254 (Ex. 2), 254 (Ex. 3), 254 (Ex. 10), 254 (Ex. 11), 254 (Ex. 12), 254 (Ex. 14), 254 (Ex. 16), 254 (Ex. 20), 254-1 (Ex. 21), 254-1 (Ex. 22), 254-1 (Ex. 23), 254-1 (Ex. 24), 254-1 (Ex. 26), 254-1 (Ex. 27), 254-1 (Ex. 28), 254-1 (Ex. 29), 254-1 (Ex. 32), 254-1 (Ex. 33), 254-1 (Ex. 34), 254-1 (Ex. 35), 254-1 (Ex. 36), 254-1 (Ex. 37), 254-1 (Ex. 38), 254-1 (Ex. 40), 254-2 (Ex. 41), 254-2 (Ex. 42), 254-2 (Ex. 43), 254-2 (Ex. 44), 254-2 (Ex. 45), 254-2 (Ex. 46), 254-2 (Ex. 47), 254-2 (Ex. 48), 254-3 (Ex. 51), 254-3 (Ex. 52), 254-3 (Ex. 53), 254-3 (Ex. 54), 254-9 (Ex. 73), 257, 257-1 (Ex. 1), 257-1 (Ex. 2), 257-1 (Ex. 4), 257-1 (Ex. 5), 257-1 (Ex. 9), 257-1 (Ex. 11), 257-1 (Ex. 12), 257-1 (Ex. 13), 257-1 (Ex. 15), 257-1 (Ex. 16), 257-1 (Ex. 17), 257-1 (Ex. 18), 257-1 (Ex. 19), 257-1 (Ex. 22), 257-1 (Ex. 24), 258, 258-1 (Ex. 1), 258-1 (Ex. 2), 258-1 (Ex. 8), 258-1 (Ex. 10), 258-1 (Ex. 11), 258-1 (Ex. 12), 258-1 (Ex. 13), 258-1 (Ex. 14), 258-1 (Ex. 15), 258-1 (Ex. 16), 258-1 (Ex. 17), 258-1 (Ex. 18), 258-1 (Ex. 21), 258-1 (Ex. 26), 258-1 (Ex. 27), 258-1 (Ex. 30), 258-1 (Ex. 32), 258-1 (Ex. 34), 258-1 (Ex. 38), 259, 259-1 (Ex. 3), 259-1 (Ex. 10), 259-1 (Ex. 11), 259-1 (Ex. 14), 259-1 (Ex. 15), 259-1 (Ex. 19), 259-1 (Ex. 26), 259-1 (Ex. 28),

259-1 (Ex. 29), 259-1 (Ex. 34), 260, 267, 268, 268-1, 268-2 (Ex. E), and 268-3.

4. **THE CLERK OF COURT IS DIRECTED TO UNSEAL** the following documents: ECF Nos. 251, 251-10, 251-11, 251-12, 251-13, 251-14, 251-15, 251-21, 251-25, 251-28, 251-29, 251-30, 251-32, 251-37, 251-38, 251-39, 251-41, 251-42, 251-47, 251-48, 251-49, 251-51, 251-52, 251-56, 251-57, 251-58, 251-59, 251-60, 251-61, 251-63, 251-64, 251-65, 251-67, 251-68, 251-69, 251-70, 251-71, 251-72, 251-73, 251-74, 251 (Ex. 67), 251 (Ex. 68), 254 (Ex. 1), 254 (Ex. 4), 254 (Ex. 5), 254 (Ex. 6), 254 (Ex. 7), 254 (Ex. 8), 254 (Ex. 9), 254 (Ex. 17), 254 (Ex. 18), 254-1 (Ex. 25), 254-1 (Ex. 30), 254-1 (Ex. 31), 254-1 (Ex. 39), 254-2 (Ex. 49), 254-2 (Ex. 50), 254-3 (Ex. 55), 254-3 (Ex. 56), 254-3 (Ex. 57), 254-3 (Ex. 58), 254-3 (Ex. 59), 254-3 (Ex. 60), 254-3 (Ex. 61), 254-3 (Ex. 62), 254-3 (Ex. 63), 254-3 (Ex. 64), 254-3 (Ex. 65), 254-3 (Ex. 66), 254-3 (Ex. 67), 254-4 (Ex. 68, pp. 1-60), 254-5 (Ex. 68, pp. 61-115), 254-6 (Ex. 68, pp. 115-164), 254-7 (Ex. 68, pp. 165-208), 254-8 (Ex. 69), 254-8 (Ex. 70), 254-8 (Ex. 71), 254-8 (Ex. 72), 254-9 (Ex. 74), 254-9 (Ex. 75), 254-9 (Ex. 76), 254-9 (Ex. 77), 254-9 (Ex. 78), , 257-1 (Ex. 3), 257-1 (Ex. 6), 257-1 (Ex. 7), 257-1 (Ex. 8), 257-1 (Ex. 10), 257-1 (Ex. 14), 257-1 (Ex. 20), 257-1 (Ex. 21), 257-1 (Ex. 23), 257-1 (Ex. 25), 257-1 (Ex. 26), 258-1 (Ex. 3), 258-1 (Ex. 4), 258-1 (Ex. 5), 258-1 (Ex. 6), 258-1 (Ex. 7), 258-1 (Ex. 9), 258-1 (Ex. 19), 258-1 (Ex. 20), 258-1 (Ex. 23), 258-1 (Ex. 24), 258-1 (Ex. 25), 258-1 (Ex. 28), 258-1 (Ex. 29), 258-1 (Ex. 31), 258-1 (Ex. 33), 258-1 (Ex. 35), 258-1 (Ex. 36), 258-1 (Ex. 37), 258-

1 (Ex. 39), 259-1 (Ex. 1), 259-1 (Ex. 2), 259-1 (Ex. 4), 259-1 (Ex. 5), 259-1 (Ex. 6), 259-1 (Ex. 7), 259-1 (Ex. 8), 259-1 (Ex. 9), 259-1 (Ex. 12), 259-1 (Ex. 13), 259-1 (Ex. 16), 259-1 (Ex. 17), 259-1 (Ex. 18), 259-1 (Ex. 22), 259-1 (Ex. 20), 259-1 (Ex. 21), 259-1 (Ex. 23), 259-1 (Ex. 24), 259-1 (Ex. 25), 259-1 (Ex. 27), 259-1 (Ex. 30), 259-1 (Ex. 31), 259-1 (Ex. 32), 259-1 (Ex. 33), 259-1 (Ex. 35), 259-1 (Ex. 36), and 270.

**BY THE COURT:**

______________________________
The Hon. Jeffrey L. Schmehl

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREGORY V. MANCO Ph.D., *Plaintiff*, v. ST. JOSEPH'S UNIVERSITY, et al., *Defendants*. | : : : : : : : : : | CIVIL ACTION NO. 5:22-cv-00285-JLS |

**DEFENDANTS SAINT JOSEPH'S UNIVERSITY, DR. CHERYL MCCONNELL, HADASSAH COLBERT, AND KARLEIGH LOPEZ'S JOINT OPPOSITION TO MATTHEW RUSSELL LEE'S MOTION TO UNSEAL THE SUMMARY JUDGMENT RECORD**

Defendants Saint Joseph's University, Dr. Cheryl McConnell, Hadassah Colbert, and Karleigh Lopez (collectively "Defendants"), by and through their undersigned counsel, hereby oppose Matthew Russell Lee's Motion to Unseal the Summary Judgment Record (ECF No. 272) and respectfully request that this Court deny the Motion as to specific documents identified below and in the accompanying Proposed Order.

## I. INTRODUCTION

A non-party journalist seeks to unseal thousands of pages of documents containing FERPA-protected, sensitive, and confidential materials filed in connection with three separate motions for summary judgment in this case. While precedential case law of this Circuit calls for a vast majority of such filings to be unsealed, the Court nonetheless must perform a document-by-document analysis to determine whether certain documents and information should remain under seal (or require redaction as an alternative) due to countervailing privacy interests that mitigate against public disclosure. Defendants seek to keep under seal or otherwise redact three specific types of documents and information

– (i) FERPA-protected information, (ii) personally identifying information of individual defendants, and (iii) personally identifying information of nonlitigants – and request that this Court follow their guidance.

## II. FACTUAL AND PROCEDURAL HISTORY

This action stems from numerous bias complaints submitted to Saint Joseph's University by students and alumni in early 2021 relating to Plaintiff Gregory Manco's ("Plaintiff") online and classroom conduct. Following Saint Joseph's University's external investigation of received complaints, Plaintiff returned to teach statistics in an adjunct capacity. On January 21, 2022, Plaintiff filed a Complaint against, *inter alia*, Saint Joseph's University, Hadassah Colbert, and Karleigh Lopez[1] relating to the circumstances that led to Saint Joseph's University's external investigation. See ECF No. 1. Following his initial Complaint, Plaintiff was permitted to amend his Complaint twice. See ECF Nos. 45, 51.

On November 8, 2023, the Court ordered that Plaintiff's Complaint, Amended Complaint, and Second Amended Complaint be placed under seal due to Plaintiff's inclusion of FERPA-protected material therein and warned Plaintiff not to file any FERPA-protected material to the public docket moving forward. See ECF No. 103. With this Order, the Court "intended to strike a balance between SJU Defendants' reasonable and substantial concern that certain disclosures of student information constituted violations of FERPA and Plaintiff's need to access and use such information to advance his cause of action." ECF No. 205 at p. 2; see also ECF No. 103.

[1] Plaintiff's initial Complaint included additional parties that have been since dismissed from this lawsuit. See ECF Nos. 1, 107, 280.

On May 31, 2024, the Court issued a Protective Order "in order to expedite discovery, facilitate resolution of disputes concerning confidentiality, protective confidential material, and ensure that protection is afforded only to material so entitled[.]" ECF No. 138 at p. 1. The Court's Protective Order allowed parties to protect from disclosure discovery materials containing or reflecting "information kept confidential pursuant to law or regulation, including but not limited to the Family Educational Rights and Privacy Act ("FERPA")" and required all such discovery materials to be filed under seal. Id. at pp. 7, 10.

During discovery and pursuant to the Protective Order, Saint Joseph's University produced numerous documents containing student names and personally identifiable information protected under FERPA. See ECF No. 205 at p. 3. On September 5, 2024, in violation of both the Protective Order and the Court's November 8, 2023 Order (ECF No. 103), Plaintiff publicly filed confidential documents produced during discovery containing FERPA-protected student information. See ECF No. 205 at p. 3. The entirety of Plaintiff's filing, including FERPA-protected student information, was quickly published online by a media outlet. See id.

Plaintiff challenged Saint Joseph's University's confidentiality designations, which this Court upheld in its May 22, 2025 Order. See ECF No. 190. On July 14, 2025, the Court issued a Memorandum, explaining its reasoning for the May 22, 2025 Order. See ECF No. 205. The Court found good cause to maintain confidentiality as to redacted copies of the Investigation Report. See id. Specifically, the Court found that "disclosure of the redacted [Investigation] [R]eport would violate the privacy interests of students who were assured of the confidential nature of their statements and involvement in the

investigation[,]" and "a chilling effect could result from disclosure [of the redacted Investigation Report], which could negatively impact campus culture and its students' trust in the university." Id. at p. 5. The Court further found that "the parties benefitting from [the confidentiality of the protected materials] are primarily the students who initiated and participated in the investigation[.]" Id. at p. 6.

The Court further found good cause to maintain confidentiality of the unredacted Investigation Report designated as "Attorneys' Eyes Only" as Saint Joseph's University articulated concrete and specific harms that that would result from public disclosure of such material – violation of FERPA-protected student privacy, loss of federal funding, and damage to Saint Joseph's University's reputation. See id. at pp. 6-7. Relevant to the Court's reasoning was Plaintiff's improper disclosure of "redacted personally identifiable student information, which is now public and could result in harassment of these individuals by members of the public who are sympathetic to Plaintiff's claims." Id. at p. 10. Specifically, the Court stated

> [I]t is clear why SJU would be more concerned about the public disclosure of external investigation materials containing FERPA-protected student information[], particularly given the history of disclosures and media communications by Plaintiff in this case. . . . Plaintiff either negligently or willfully caused the unredacted Protected Materials at issue to be leaked to the press in the first place. The FERPA-protected information contained in his filing now remains public as a result of that blatant violation of the Protective Order.

Id. at pp. 11-12 (emphasis added).

During a conference held on December 11, 2025, the Court instructed the parties to file under seal all affirmative motions for summary judgment, including accompanying exhibits and oppositions thereto. On March 27, 2026, Defendants filed their respective

motions for summary judgment. See ECF Nos. 251-54. On May 26, Plaintiff filed his opposition to each of Defendants' motions for summary judgment. See ECF Nos. 257-60. On July 24, 2026, Defendants filed their replies in further support of their respective motions for summary judgment. See ECF Nos. 267-68, 270. On July 28, 2026, a purported journalist and non-party – Matthew Russell Lee – filed a motion to unseal the summary judgment record in this case. See ECF No. 272. Mr. Lee has challenged all documents and exhibits filed under seal in this action relating to Defendants' motions for summary judgment, including ECF Nos. 251, 252, 253, 254, 257, 258, 259, 260, 267, and 268.[2] See ECF No. 272.

## III. LEGAL STANDARD

A rebuttable presumption of public access to "judicial records and documents" applies when a court evaluates the continuing necessity of a seal. See Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 161 (3d Cir. 1993) (internal quotations and citations omitted); see also In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). "[W]hen there is a [] motion to remove [] a seal, the district court should closely examine whether circumstances have changed sufficiently to allow the presumption allowing access to court records to prevail." Miller v. Indiana Hosp., 16 F.3d 549, 551-52 (3d Cir. 1994). The presumption of "public access is a recognized and venerated principle" but it "is not absolute," and can be rebutted by a showing of good cause. Id. (quoting Littlejohn v. Bic Corp., 851 F.2d 673, 678 (3d Cir. 2001)); see also Fed. R. Civ. P. 5.2, 26(c).

[2] Mr. Lee did not include Saint Joseph's University and Dr. Cheryl McConnell's Reply in Further Support of their Motion for Summary Judgment (ECF No. 270) as part of his Motion. However, Defendants will address and analyze this filing for sake of completion.

### A. Common Law Right of Access

Summary judgment materials are "judicial records" to which the common law right of public access attaches. See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019) ("A judicial record is a document that has been filed with the court or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings."); In re Cendant, 260 F.3d at 192 ("Summary judgment proceedings are no exception—documents filed in connection with a motion for summary judgment are judicial records."); see also Larry Pitt & Assocs. v. Lundy Law, LLP, 346 F. Supp. 3d 761, 767 (E.D. Pa. 2018) ("[T]he right of access applies to documents and evidentiary materials submitted in support of summary judgment . . . because the need for public scrutiny is at its zenith when the motion is dispositive and is of a comparable level when the motion is denied because the ruling tends to shape the scope and substance of the litigation as the parties proceed to trial.").

"[J]ust as the right of access is firmly entrenched, so also is the correlative principle that the right of access . . . is not absolute[]" and "must be balanced against the factors militating against access." Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986) (citing U.S. v. Criden, 648 F.2d 814, 818 (3d Cir. 1981) (Criden I)). When continued sealing of documents is challenged, the burden of overriding the presumption of access rests with the party seeking secrecy, who must "show that the interest in secrecy outweighs the presumption" by making "a particularized showing of the need for continued secrecy[.]" Leucadia, 998 F.2d at 165-66 (quoting Bank of Am., 800 F.2d at 344, 346); see also Pichler v. UNITE, 238 F.R.D. 405 (E.D. Pa. 2006).

This party cannot satisfy its burden with "[b]road allegations of harm, bereft of

specific examples or articulated reasoning." In re Cendant, 260 F.3d at 194 (citation omitted). Instead, it must show with "specificity" that the portion of the record it seeks to keep from the public contains the type of information courts protect and that its "disclosure will work a clearly defined and serious injury to [it]." Id. (quoting Miller, 16 F.3d at 551). "[T]he court must weigh the public's interests against any countervailing concerns that militate against the disclosure of these materials, such as . . . whether the disclosure of these materials might violate some [] important privacy interest[]" to "determine whether 'the strong presumption of openness can be overcome by the secrecy interests of private litigants.'" Joint Stock Soc'y v. UDV N. Am., Inc., 104 F. Supp. 2d 390, 395, 403 (D. Del. 2000) (quoting Leucadia, 998 F.2d at 167). "To that end, the District Court must 'conduct[] a document-by-document review' of the contents of the challenged documents." In re Avandia, 924 F.3d at 673 (quoting Leucadia, 998 F.2d at 167).

The Court of Appeals for the Third Circuit has held that interest in privacy is very important to the balancing test. Pansy, 23 F.3d at 787 (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34-36 (1984)). When protection is being sought for information pertaining to a non-party, broader restrictions can be used to prevent harm to the non-party. See Frank v. Honeywell Int'l, Inc., No. 15-mc-00172, 2015 U.S. Dist. LEXIS 106453, 2015 WL 4770965, at *4 (E.D. Pa. August 13, 2015). Interests overriding the public's right to access can include "the content of the information at issue, the relationship of the parties, or the nature of the controversy." Publicker Industries, Inc. v. Cohen, 733 F.2d 1059, 1073 (3d Cir. 1984). The court should consider whether the unsealing of the record may inflict "unnecessary and intensified pain on third parties who the court reasonably finds are entitled to such protection." Bank of Am., 800 F.2d at 346

(citing Criden I, 648 F.2d at 829).

"[W]hether a record remains sealed is within the discretion of the district court, and the court must: (1) recognize the common law presumption of public access; (2) apply a balancing test to determine prospectively whether the material to be sealed was "the type of information normally protected . . . or whether there [is] a clearly defined injury to be prevented" and (3) provide and explain its clear reasoning for sealing the record." Zurich Am. Ins. Co. v. Rite Aid Corp., 345 F. Supp. 2d 497, 504 (E.D. Pa. 2004) (citing In re Cendant, 260 F.3d at 198).

"Furthermore, the court has its own interests in protecting the integrity of its processes." Joint Stock Soc'y, 104 F. Supp. 2d at 403 (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). "'[E]very court has supervisory power over its own records and files,' and access to records can be properly denied 'where court files might have become a vehicle for improper purposes' -- for example, 'to gratify private spite or promote public scandal.'" U.S. v. Kushner, 349 F. Supp. 2d 892, 897-99 (D.N.J. 2005) (quoting Nixon, 435 U.S. at 603 (internal quotes and citations omitted)). The Supreme Court in Nixon recognized that 'the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" Nixon, 435 U.S. at 598-99.

### B. First Amendment

The First Amendment, independent of the common law, protects the public's right to access the records of civil proceedings. See Publicker, 733 F.2d at 1070; In re Avandia, 924 F.3d at 673. It is undecided whether the First Amendment standard applies to a motion to seal summary judgment materials. See In re Avandia, 924 F.3d at 673 ("It

remains an open question in this Circuit whether the First Amendment right of access applies to records of summary judgment proceedings."). However, the Third Circuit has advised as to the application of "a two-prong test to assess whether the right of access attaches: (1) the experience prong asks whether the place and process have historically been open to the press; and (2) the logic prong evaluates whether public access plays a significant positive role in the functioning of the particular process in question." Id. To overcome the First Amendment hurdle, the party advocating for protection must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." In re Avandia, 924 F.3d at 673 (cleaned up); see also U.S. v. Simone, 14 F.3d 833, 840 (3d Cir. 1994) (noting that First Amendment right of access is not absolute and trial court has power to close proceedings once it makes findings sufficient to justify closure). Under both the common law and the First Amendment standard, a court must analyze a request for a sealing (or unsealing) order on a document-by-document basis. See In re Avandia, 924 F.3d at 673.

**IV. Document-by-Document Analysis.**

Defendants have conducted a document-by-document analysis and contend that there are three categories of documents that should remain sealed: (1) documents containing FERPA-protected information, (2) documents containing personally identifiable information of individual defendants, and (3) documents containing personally identifiable information of non-parties. Mindful that the Court must perform its own document-by-document review, Defendants prepared a chart that identifies each document filed in connection with Defendants' motions for summary judgment that should

remain sealed (or otherwise redacted) pursuant to the three identified categories. See Chart of Documents to Remain Sealed (the "Chart"), attached hereto as Exhibit A. To aid the Court with its analysis, the Chart sets forth the nature of the information contained therein alongside Defendants' justification for the continued sealing or redaction of such information under both the applicable standards.[3]

Defendants consent to Mr. Lee's request to unseal certain other documents filed in connection with Defendants' motions for summary judgment. For ease of identification, Defendants prepared a separate chart containing a comprehensive list of all documents that Defendants propose can be unsealed.[4] See Chart of Documents to be Unsealed, attached hereto as Exhibit B.

Below, Defendants will weigh the requisite competing interests by analyzing the two specific categories of documents that Defendants contend should remain sealed.

### A. Documents That Contain FERPA-Protected Information Should Remain Sealed or be Redacted.

Defendants oppose Mr. Lee's request to unseal documents that contain FERPA-protected information. As set forth in Exhibit A, all such documents should either remain wholly sealed or in the alternative, Defendants should be permitted to redact FERPA-protected information.

FERPA is a federal law enacted with the purpose of preventing improper disclosure

[3] As discussed in each section below, rather than wholesale sealing of identified documents, in most instances, Defendants propose redacting FERPA-protected information and personally identifiable information to the extent practicable.

[4] Defendants note that some documents listed in Exhibit B contain Plaintiff's personal identifiers (Social Security number, date of birth, and financial account numbers) that require modification or redaction prior to their filing on the public docket pursuant to this Court's Local Rules. See E.D. Pa. Local Civ. R. 5.1.3. For the Court's ease of reference, Defendants made appropriate notations as to each such document within Exhibit B.

of students' educational records. See 20 U.S.C. § 1232(g). FERPA induces educational institutions to act in accordance with its statutory standards by conditioning these institutions' receipt of federal funds on their compliance with FERPA. Id. As it pertains to the unauthorized release of educational records, FERPA defines those materials as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." Id. at § 1232g(a)(4)(A).

In the FERPA context, "[p]ersonally identifiable information" includes: (a) the student's name; (b) the name of the student's parent or other family member; (c) the address of the student or student's family; (d) a personal identifier, such as the student's social security number, student number, or biometric record; (e) other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name; (f) other information that, along or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or (g) information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates. 34 C.F.R. § 99.3. Requests to redact personal information of students "is a common, and indeed mandated, practice under FERPA." Smith v. McMurray, No. 25-cv-00052-DCN, 2025 U.S. Dist. LEXIS 153785, 2025 WL 2280558, at *10 (D. Idaho Aug. 8, 2025).

As the First Circuit explained, it is

> [t]he schools, not the students or witnesses, are regulated. That narrow regulatory focus may reflect either a desire to

> preserve the autonomy (and, perhaps, First Amendment rights) of the persons involved in the proceedings or *a belief that a student's privacy is most profoundly violated when the disclosure originates from the school rather than from a third party*.

Doe v. Mass. Inst. of Tech., 46 F.4th 61, 75 (1st Cir. 2022) (emphasis added). "The privacy concerns animating FERPA continue to have force notwithstanding [] litigation, but they become subject to the needs of the judicial process." Id. (noting that even when a student sues a school, FERPA only allows disclosure of education records "'to the court,' *not to the world at large*." (emphasis added)). When analyzing whether certain information should be sealed, federal courts have found that statutory confidentiality provisions "should weigh heavily" in a district court's balancing of competing interests. Id. at 76 (quoting MetLife, Inc. v. Fin. Stability Oversight Council, 865 F.3d 661, 675 (D.C. Cir. 2017)).

Materials covered by FERPA do not gain immediate protection, but they are presumed to have a strong privacy interest attached. See Lei Ke v. Drexel Univ., No. 11-6708, 2014 WL 1100179, at *5 (E.D. Pa. Mar. 20, 2014) (holding that redacted student files, which fall under FERPA's definition of "educational records," were to be made available for discovery to enable Plaintiff to prove his claim). Common law right of access is overcome as to documents protected by FERPA because such documents contain the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury. See, e.g., Pichler v. UNITE, 238 F.R.D. 405 (E.D. Pa. 2006) (sealing documents containing personal information about non-parties due to, inter alia, their statutory protection); Wartluft v. Milton Hershey Sch. & Sch. Tr., No. 1:16-CV-2145, 2019 U.S. Dist. LEXIS 182058 (M.D. Pa. Oct. 22, 2019) (redacting names and/or identifying

information of third-parties in order to protect those individuals' privacy interests); Haque v. Swarthmore Coll., No. 15-1355, 2017 LX 78253 (E.D. Pa. July 27, 2017) (referring to non-party students by pseudonyms due to countervailing privacy interests). There are no FERPA exceptions that permit the Saint Joseph's University to release FERPA-protected information contained in educational records of its students without their express consent.

FERPA applies to current and former students of the Saint Joseph's University, and necessarily includes Defendants Lopez and Colbert, who are both alums of the University. FERPA protects former students' privacy interests[5] and students' accounts of their educational experiences related to their attendance qualify as "educational records" under the law. 34 C.F.R. § 99.3. Thus, Defendants Lopez and Colbert's accounts of their individual experiences as students at Saint Joseph's University as well as personally identifying information of Lopez and Colbert should, at minimum, be redacted in this litigation. Seoane-Vazquez v. Ohio State Univ., No. 02:07-CV-00775, 2009 WL 10710390, at *4-6 (S.D. Ohio May 8, 2009) ("[S]tudents, who are third parties to this lawsuit, have significant privacy interests in personal identifiers[.]"); J.O. v. Bd. of Educ. of Albuquerque Pub. Schs., No. 1:23-CV-01021-KG-JMR, 2025 WL 623543 (D.N.M. Feb. 26, 2025) (recognizing and protecting student's privacy interests in personally identifying information); Naglak v. Pa. State Univ., 133 F.R.D. 18, 24 (M.D. Pa. 1990) ("Defendants contend that the information sought by plaintiff is protected from disclosure by the Educational Privacy Act. We agree that disclosure of names and addresses would violate

[5] FERPA's definition of "student" does include former students: it means "any individual who is or has been in attendance" and about whom the institution maintains education records. 34 C.F.R. § 99.3. The statute frames the same point from the other direction. "Student" excludes anyone "who has not been in attendance." 20 U.S.C.A. § 1232g. Therefore, graduating does not, by itself, strip a person of FERPA protection for records regarding events during their enrollment.

the Act.”); Valente v. Pa. State Univ., No. 4:25-CV-00277, 2026 WL 637630, at *5 (M.D. Pa. Mar. 6, 2026).

Disclosure of FERPA-protected documents and documents containing FERPA-protected information will work a clearly defined and serious injury to the privacy interests of Defendants Lopez and Colbert as well as non-parties whose educational records the Saint Joseph’s University was charged with protecting. See, e.g., ECF No. 205 at p. 10 (“Plaintiff has already disclosed the redacted personally identifiable student information, which is now public and could result in harassment of these individuals by members of the public who are sympathetic to Plaintiff’s claims.”). Indeed, the Court has issued numerous Orders and has verbally warned Plaintiff’s counsel regarding the need to protect FERPA-protected documents and documents containing FERPA-protected information due to concerns regarding privacy interests of non-litigants. See, e.g., ECF No. 103 (“If Plaintiff wants to use further FERPA-protected information in future filings, he will redact the student information from the public filing[.]”); ECF No. 205 (“disclosure of the redacted report would violate the privacy interests of students who were assured of the confidential nature of their statements and involvement in the investigation” and “it’s clear that disclosure of FERPA-protected information violates the privacy interests of current and former students named in the report”). The inherent privacy interest that Congress sought to protect through FERPA will be greatly diminished if such records and information were suddenly made public, and once such records and information have been made public, the harm cannot be undone. See ECF No. 205 at p. 10 (“Plaintiff has already disclosed the redacted personally identifiable student information, which is now public and could result in harassment of these individuals by members of the public who

are sympathetic to Plaintiff's claims.").

Disclosure of FERPA-protected documents or documents containing FERPA-protected information will also work a clearly defined and serious injury to Defendants Hadassah Colbert and Karleigh Lopez. See, e.g., ECF No. 205 at p. 10. While Ms. Colbert and Ms. Lopez are defendants in this matter, it was Plaintiff who chose to file this lawsuit against them, and publicly disclose their FERPA-protected information, which he obtained while he was employed by the Saint Joseph's University. See ECF No. 103.

Disclosure of FERPA-protected documents or documents containing FERPA-protected information will also work a clearly defined and serious injury to Saint Joseph's University. See, e.g., U.S. v. Miami Univ., 294 F.3d 797 (6th Cir. 2002) (affirming permanent injunction prohibiting universities from releasing student disciplinary records or any "personally identifiable information" contained therein, except as otherwise expressly permitted under FERPA). The Court's numerous Orders protecting FERPA-protected documents and documents containing FERPA-protected information in this case also reflect significant concerns of such disclosures of Saint Joseph's University. See, e.g., ECF No. 103 ("balanc[ing] both Plaintiff's need to use this information to advance his cause of action with Defendants' legitimate concerns about FERPA violations"); ECF No. 205 ("[p]reserving [the] promise of confidentiality is a legitimate concern of SJU Defendants, as a chilling effect could result from disclosure, which could negatively impact campus culture and its students' trust in the university[,]" and "improper disclosures in violation of FERPA . . . could result in not only violating student privacy that [Saint Joseph's University] responsible for protecting, but also the loss of its federal funding and damage to its reputation").

In Pichler v. UNITE, 238 F.R.D. 405 (E.D. Pa. 2006), in response to a motion to unseal a portion of the summary judgment record, the Court found that countervailing privacy interests allowed redactions to be made to documents containing personal information of non-parties protected under a federal statute. The Court examined each document one-by-one and found that the release of third-party's personal information could result in "clearly defined and serious injury by needlessly exposing to the public precisely the type of personal information that Congress protected through the [Driver's Privacy Protection Act] and possibly exposing [the defendant's] employees to retaliation for complaints against their employer." Id. The Court further explained that "[e]ach of these redactions involves personal information about someone, and the public has either no legitimate interest therein or a minimal interest that is outweighed by important privacy concerns." Id.

Here, a review of documents at issue confirms that each such document contains FERPA-protected information and that public disclosure of such documents will cause a clearly defined and serious injury both to non-litigants and Saint Joseph's University. See Ex. A. For these reasons, Defendants have overcome the common law presumption of public access as to the portions of the summary judgment record that contains FERPA-protected information. See, e.g., Pichler, 238 F.R.D. 405.

Redaction of identified FERPA-protected information, as opposed to sealing of the records wholesale, represents the least restrictive means available to protect the privacy interests at stake. See, e.g., Carson v. N.J. State Prison, Civil Action No. 17-6537(RMB), 2018 U.S. Dist. LEXIS 161434 (D.N.J. Sept. 21, 2018) ("The public interest in victims coming forward to assist in prosecution of crime is likely to suffer if victims' privacy rights

are not protected. Sealing the documents filed in this action that are replete with victim identifying information is the least restrictive means available to protect the public and private interests at stake."); Chapman v. Ouellette, 200 F. Supp. 3d 303 (D. Conn. 2016) (granting motion to seal FERPA-protected educational information contained in summary judgment filings due to clear and compelling reasons; further, finding that sealing request was narrowly tailored because defendants filed a public version of filings with redactions solely as to FERPA-protected confidential material); cf. Del Nero, 2021 U.S. Dist. LEXIS 109264 ("[W]here possible, parties should propose redactions, rather than placing a whole document under seal."). Redaction of identified FERPA-protected information will ensure its statutorily mandated protection, while allowing the public to review and consider the nature of complaints made against Plaintiff and Saint Joseph's investigation of those complaints. Further, continued sealing of FERPA-protected information will not prejudice Plaintiff because he will nonetheless retain his ability to use or rely on such information in court proceedings.

The privacy interests of Saint Joseph's University's former students as to their FERPA-protected information and Saint Joseph's University's interest in FERPA compliance outweigh Mr. Lee's common law right of access to such sealed documents and information. Further, privacy interests of Defendants Colbert and Lopez and nonlitigant students as well as Saint Joseph's University's interest in FERPA compliance are sufficient to exclude FERPA-protected information from the public and redaction (rather than wholesale sealing) of such information is sufficiently narrowly tailored to meet the requirements of the First Amendment standard. Accordingly, the Court should deny the Motion as to FERPA-protected educational records and information as outlined in

Exhibit A.

**B. Documents That Contain Personally Identifiable Information of Defendants Colbert and Lopez Should Remain Sealed or be Redacted.**

Under both the common law and First Amendment access standards, Defendants Lopez and Colbert satisfy the burden to seal or redact personal identifying information that jeopardize their safety. The interest in sealing or redacting their personally identifying information outweighs the presumption of public access because a clearly defined and serious injury will result if protections are waived. As outlined in detail at the summary judgment stage, disclosure of these Defendants' identifying information and academic experiences have already resulted in real, cognizable threats of physical harm and death to Defendants Lopez and Colbert. See Joint Stipulation of Undisputed Material Facts in Support of Defendant Hadassah Colbert and Defendant Karleigh Lopez's Respective Motions for Summary Judgment, ECF No. 254 at ¶¶ 81, 82, 89, 120; ECF No. 252 at pp. 3-4, 18-19; ECF No. 253 at pp. 3, 16-18.

The Court has an interest in protecting the safety of litigants. Plaintiff's prior improper disclosures to select audiences already jeopardized Defendants Lopez and Colbert's physical well-being. There is no reason to believe that further disclosures to the public at large would have any different result.

> Several courts have recognized that a risk of physical harm can be a compelling interest sufficient to overcome the presumption of public access. See, e.g., United States v. Doe, 63 F.3d 121, 128 (2d Cir.1995); United States v. Raffoul, 826 F.2d 218, 226 (3d Cir.1987) (stating "[t]he risk of physical harm (in this case death) is the best example one could imagine of an overriding interest"); Ashworth v. Bagley, 351 F.Supp.2d 786, 789 (S.D.Ohio 2005) (recognizing that "the degree of danger to the petitioner or other persons mentioned in the materials" is an interest to be weighed in considering

> the common law right of access to judicial proceedings and documents) (citation omitted).

AmerGen Energy Co., LLC by & through Exelon Generation Co., LLC v. United States, 115 Fed. Cl. 132, 146 (2014). Because "overriding interest" is the First Amendment formulation, authority treating physical danger as an overriding interest indicates that a genuine threat of harm can satisfy not only the common law "clearly defined and serious injury" test but also the higher First Amendment constitutional standard.

### C. Documents That Contain Personally Identifiable Information of Non-Parties Should Remain Sealed or Be Redacted.

Defendants oppose Mr. Lee's request to unseal documents that contain personally identifiable information of non-parties. As set forth in Exhibit A, all such documents should either remain wholly sealed or Defendants should be permitted to apply appropriate redactions to any documents that contain non-party personally identifiable information.

Personal identifying information of non-litigants is also the kind of information that courts will protect and disclosure of which will work a clearly defined and serious injury, thereby overcoming the common law presumption of access. See, e.g., McCowan v. City of Phila., No. 2:19-cv-03326-KSM, 2021 LX 40883 (E.D. Pa. Aug. 24, 2021) (granting motion to seal PII of non-litigants); Trainer v. Cty. of Del., No. 23-1940-KSM, 2024 U.S. Dist. LEXIS 81850 (E.D. Pa. May 6, 2024); Wartluft, 2019 U.S. Dist. LEXIS 182058, 2019 WL 5394575, at *3 (granting intervenor's motion to unseal judicial records, "subject to the redaction of the names and/or identifying information of third parties in order to protect those individuals' privacy interests"); Del Nero v. NCO Fin. Sys., Inc., No. 2:06-CV-04823-JDW, 2021 U.S. Dist. LEXIS 109264 (E.D. Pa. June 10, 2021) (granting motion to seal to the extent it sought redactions of the movant's home and email addresses, the disclosure

of which could subject him to continued death threats); Three Bros. Supermarket Inc. v. U.S., Civil Action No. 2:19-cv-2003-KSM, 2020 U.S. Dist. LEXIS 176439 (E.D. Pa. Sept. 25, 2020) (granting sealing order after finding that "public disclosure of Tejada's and other individuals' full names, social security numbers, account numbers, household numbers, birthdates, and private addresses would harm those individuals' privacy and financial interests"); cf. U.S. ex rel. Brasher v. Pentec Health, Inc., 338 F. Supp. 3d 396, 402 (E.D. Pa. 2018) ("Courts considering requests to keep certain documents sealed have, in general, lifted the seal on the entire record except for specific documents that . . . harm non-parties.").

Disclosure of documents that contain personally identifiable information of non-parties will work a clearly defined and serious injury to the privacy interests of non-parties. See, e.g., Wartluft, 2019 U.S. Dist. LEXIS 182058, 2019 WL 5394575, at *7 ("[W]hile we will provisionally grant the motion that these documents be unsealed, we will also direct the defendants redact the names or other identifying information within these documents concerning these nonparties to protect those third-party privacy interests . . . ."). Indeed, the Court protected these documents at the discovery stage because it was concerned about the privacy interests of non-litigants. See, e.g., ECF No. 205 ("disclosure of the redacted report would violate the privacy interests of students who were assured of the confidential nature of their statements and involvement in the investigation" and "it's clear that disclosure of FERPA-protected information violates the privacy interests of current and former students named in the report").

Here, multiple non-party students and alumni of Saint Joseph's University submitted bias reports against Plaintiff, and many were interviewed by Saint Joseph's

University and its third-party investigator in relation to their reports of bias. These students and alumni are "third parties who were not responsible for the initiation of the underlying litigation," and accordingly "possess[] a justified expectation of privacy that their names . . . [will] not be revealed to the public." In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 477 (6th Cir. 1983) (placing under seal third party names).

In Wartluft v. Milton Hershey Sch. & Sch. Tr., No. 1:16-CV-2145, 2019 U.S. Dist. LEXIS 182058 (M.D. Pa. Oct. 22, 2019), the Court granted an intervenor's motion to unseal judicial records "subject to the redaction of the names and/or identifying information of third parties in order to protect those individuals' privacy interests[.]" Review of documents at issue confirms that each document contains sensitive information about non-party complainants and witnesses related to alleged incidents of discrimination. In addition, these complaints were made under the auspices of confidentiality, and the full disclosure of the identifying information of the students and alumni named within them is likely to discourage other students and alumni from complaining in the future. For these reasons, Defendants have overcome the common law presumption of public access as to the portions of the summary judgment record that contains personal identifying information about nonlitigants. See, e.g., McCowan, 2021 LX 40883 (granting motion to seal PII of non-litigants); Trainer, 2024 U.S. Dist. LEXIS 81850.

Assuming that the First Amendment is implicated at summary judgment, Defendants' proposed redactions satisfy strict scrutiny to the extent they relate to non-parties. Personal identifying information of non-litigants is entirely irrelevant to the substantive issues here. Given the collateral nature of this information, its redaction only

marginally affects the public's right to access materials filed in relation to judicial proceedings. See McCowan, 2021 LX 40883 (allowing redactions of PII of nonparties because such information was incidental); Trainer, 2024 U.S. Dist. LEXIS 81850; Mosaid Tech. Inc. v. LSI Corp., 878 F. Supp. 2d 503, 510 (D. Del. 2012) (allowing redactions of incidental information).

Further, redacting this information, as opposed to sealing the records wholesale, represents the least restrictive means available to protect the privacy interests at stake. See, e.g., Carson v. N.J. State Prison, Civil Action No. 17-6537(RMB), 2018 U.S. Dist. LEXIS 161434 (D.N.J. Sept. 21, 2018) ("The public interest in victims coming forward to assist in prosecution of crime is likely to suffer if victims' privacy rights are not protected. Sealing the documents filed in this action that are replete with victim identifying information is the least restrictive means available to protect the public and private interests at stake."); cf. Del Nero, 2021 U.S. Dist. LEXIS 109264 ("[W]here possible, parties should propose redactions, rather than placing a whole document under seal."). Redactions ensure the identifying information of non-litigants is protected, while allowing the public to review and consider the nature of complaints made against Plaintiff and Saint Joseph's investigation of those complaints. Here, the documents are replete with personally identifying information, whereas the only relevant information is the content of their complaints.

The privacy interests of non-parties as to their personally identifiable information outweigh Mr. Lee's common law right of access to such sealed documents and information. Accordingly, the Court should deny the Motion as to personally identifiable information as outlined in Exhibit A.

## V. CONCLUSION

For the foregoing reasons, Defendants Saint Joseph's University, Dr. Cheryl McConnell, Hadassah Colbert, and Karleigh Lopez respectfully request that this Court grant in part and deny in part Mr. Lee's Motion to Unseal the Summary Judgment Record (ECF No. 272) as outlined in the accompanying proposed Order.

Date: September 10, 2026

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

*/s/ Candice Kearney*
Candice Kearney, Esq.
Yuliya Khromyak, Esq.
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Counsel for Defendants Saint Joseph's University and Dr. Cheryl McConnell*

\- And -

FISHER AND PHILLIPS, LLP

*/s/ Deniz Uzel Reilly*
Deniz Uzel Reilly, Esquire
Sarah Myirski, Esquire
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
*Attorney for Defendants, Hadassah Colbert and Karleigh Lopez*

## CERTIFICATE OF SERVICE

I, Deniz Uzel Reilly, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing document to all counsel of record via the Court's electronic filing system.

Plaintiff, Gregory Manco, was also sent a copy of the attached filing at the following email address: manco@scarletmail.rutgers.edu.

*/s/ Deniz Uzel Reilly*
Deniz Uzel Reilly, Esquire

Dated: September 10, 2026