**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREGORY V. MANCO, Plaintiff, | : | |
| v. | : | Case No. 5:22-cv-00285-JLS |
| ST. JOSEPH'S UNIVERSITY, et al., Defendants. | : | |

# MEMORANDUM

**SCHMEHL, J. -** */s/ JLS* **SEPTEMBER 22, 2026**

## I. INTRODUCTION

This case is currently subject to a protective order, Dkt. No. 138, which the parties entered to safeguard confidential material and facilitate resolution of future confidentiality disputes. That order permits parties to designate materials as "confidential" or "attorneys' eyes only." Dkt. No. 138 at 4, 6. Confidential material contains, as the same suggests, confidential information, and the protective order restricts its disclosure. Dkt. No. 138 at 7–8. Attorneys' eyes only material contains very confidential information, such as "highly sensitive personal or medical information." Dkt. No. 138 at 6. The name is self-explanatory: the document can be viewed only by attorneys who have entered an appearance in this case.

Manco "seeks a modification" of the protective order, allowing him to use "all discovery, regardless of its designation, to effectively oppose any dispositive motion and assist him in proving his claims at trial." Dkt. No. 222 at 4. Saint Joseph's University and Cheryl McConnell opposed and moved for contempt. Dkt. No. 227. For the following reasons, the Court denies the motions.

## II. BACKGROUND

Most of the factual and procedural background necessary to understand this memorandum is contained within the Court's July 14, 2025 memorandum. *See* Dkt. No. 205. Rather than repeat itself, the Court will incorporate that discussion.

After discovery, Manco moved for an order requiring Saint Joseph's University to provide him with redacted versions of the draft Investigation Reports, removing the confidential designation from the redacted Investigation Report, removing attorneys' eyes only from all documents, and allowing Manco to use confidential documents at the time of trial. Dkt. No. 222 at 1. Saint Joseph's University and McConnell opposed the motion, requesting the Court deny it and moving to hold Manco in contempt. Dkt. No. 227 at 2.

## III. LEGAL STANDARD

"It is well-established that a district court retains the power to modify or lift confidentiality orders that it has entered." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 784 (3d Cir. 1994). "The party seeking to modify the order of confidentiality must come forward with a reason to modify the order." *Id.* at 790. "Once that is done, the court should then balance the interests, including the reliance by the original parties to the order, to determine whether good cause still exists for the order." *Id.* Under the terms of the protective order, this Court "is responsible for the interpretation and enforcement of" the protective order. Dkt. No. 138 at 14.

"Proof of contempt requires a movant to demonstrate (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (cleaned up). "These elements must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt." *Id.* (cleaned up). And "courts should hesitate to adjudge

a defendant in contempt when there is ground to doubt the wrongfulness of the conduct." *Id.* (cleaned up).

## IV. DISCUSSION

### A. Manco's modification request

Manco attempts to bring forward four reasons the Court should modify the protective order. None are persuasive. Manco's first reason is to allow him "to fully litigate his claims." Dkt. No. 222 at 6. But the protective order is clear that he may use confidential documents to fully litigate his claims: the order allows confidential documents to be submitted to the Court (to support or oppose a motion for summary judgment, for example) or to the jury (during a trial). Dkt. No. 138 at 8. In case there was any confusion, the order also specifies that a party using any protected materials in "documents filed with the Court, such use shall be made under seal." Dkt. No. 138 at 10. True, the protective order is unclear about whether and how attorneys' eyes only documents may be used. Interpreting the terms of the protective order, the Court will include attorneys' eyes only documents under the provisions governing filing protected materials: attorneys eyes' only documents may be used in motions, pleadings, and other documents filed with the Court if such use is made under seal. *See* Dkt. No. 138 at 10; *see also* Dkt. No. 227 at 8 n.3 ("To the extent that the Protective Order does not address how documents designated as 'Attorneys' Eyes Only' can be utilized in motion practice, the Saint Joseph's Defendants propose that such documents be filed under seal."). Should the Court need different conditions on the use of attorneys' eyes only documents at trial, the Court will address that matter if and when the trial approaches.[1]

---

[1] To the extent Manco himself feels he must view attorneys' eyes only documents to assist his counsel, his counsel should challenge the designation of specific documents according to the procedures outlined in the protective order. *See* Dkt. No. 138 at 8–9; *see also id.* at 6–7 (clarifying

Manco's second reason to modify the order is that discovery has closed, so the public should now be able to access documents "when attached to either a motion for summary judgment or [Manco's] oppositions." Dkt. No. 222 at 6. But when Manco gave this reason, no party had filed for or against summary judgment. Thus, the documents at issue had not become judicial records because they had not yet "been filed with the court or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *In re ESML Holdings Inc.*, 135 F.4th 80, 93 (3d Cir. 2025) (cleaned up). His request to remove the designations—and his application of *In re ESML Holdings*—was therefore premature.[2]

Manco's third and fourth reasons to modify the order are that FERPA does not apply since its disclosure rules are different for former students and that Saint Joseph's University failed to follow its policies when conducting its investigation. These are odd reasons because the situation surrounding FERPA's application and Saint Joseph's University's investigation are unchanged from when Manco agreed to be bound by the protective order. Of course, Manco's agreement with the protective order does not preclude him from seeking to unseal or publicize documents. *See id.* at 91–93 (refusing to judicially estop someone who "agreed to be bound by the terms of [a] Protective Order" from moving to unseal documents). But if the reasons a party seeks to modify a protective order existed at the time a party agreed to be bound by the protective order, the party's

---

that the "same rules for designating documents and challenging the designation of documents shall apply to the Attorneys' Eyes Only designation").

[2] Currently, but again not when Manco filed his motion, defendants have filed three motions for summary judgment with supporting documents. *See* Dkt. Nos. 251 (and accompanying sealed exhibits), 252, 253. A journalist moved to unseal the summary judgment record, seeking access to many of the documents Manco wanted released. *See* Dkt. No. 272. The Court's order accompanying this memorandum granted the journalist's motion.

reasons are better classified as reasons the party should not have agreed to enter the order in the first place rather than reasons the Court should modify the order.

Because Manco has failed to come forward with a sufficient reason to justify modifying the protective order, the Court will deny his motion.

**B. Saint Joseph's University and McConnell's contempt request**

Saint Joseph's University and McConnell argued that Manco has violated this Court's November 24, 2025 order, which "cautioned that any further attempts by Plaintiff to reverse the Court's prior decisions in this case, including those related to civil conspiracy and application of quasi-judicial privilege to the investigation conducted by Saint Joseph's University, shall be grounds for contempt." Dkt. No. 224 at 1. Manco filed his motions to modify the protective order on November 25, 2025, a day after the order's date. *See* Dkt. Nos. 222, 223. Saint Joseph's University and McConnell argued that his motion was "attempting to reverse this Court's prior decisions in this case, including the application of quasi-judicial privilege." Dkt. No. 227 at 14. But the Court's November 24, 2025 order was filed on November 26, 2025, a day after Manco filed his motion. *See* Dkt. No. 224. Contempt requires that the alleged contempt defendant has knowledge of the order he is alleged to have disobeyed. *F.T.C.*, 624 F.3d at 582. There is no evidence that Manco had knowledge of the Court's order that was filed a day after his alleged disobedience. Saint Joseph's University and McConnell's motion for contempt is therefore denied.